APP-32

things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006) (citations and internal quotations omitted). Indeed, pursuant to Federal Rule of Evidence 611(a):

> The Court shall exercise reasonable control over the mode and order of interrogation witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth; (2) avoid needless consumption of time; and (3) protect witnesses from harassment or undue embarrassment.

In this case, the government called Shalaykea Scroggins to the witness stand. (TT, Vol. 11 at 1576). Ms. Scroggins testified, *inter alia*, that: (1) she was Movant's girlfriend; (2) she knew that the murder victim, Ms. Coleman, was Movant's other girlfriend; (3) she was aware that Movant had implicated her as the murderer; (4) she had never threatened Ms. Coleman with bodily injury; and (5) Movant admitted to Ms. Scroggins that he had murdered Ms. Coleman by luring her away from the hospital, driving her to Downsville, and then shooting her twice in the head. (*Id.* at 1577-79, 1599-1600, 1605).

After her direct examination, Movant proceeded to cross-examine Ms. Scroggins. (*Id.* at 1611). At the outset, the Court sustained the prosecutor's objection based on Movant's inability to ask a question without prefacing it with commentary. (*Id.*). Movant, who lacked legal training, did not fare any better as his cross-examination continued. The record reflects that the Court repeatedly sustained objections to Movant's questions, based on form and content and