APP-44

———Recross-Examination of Edward Outley by Mr. Fields——1856—

You can't go back and say he asked improper questions as a general statement.

Mr. Snyder, don't do that again.

MR. SNYDER:  Yes, Your Honor.

MR. PETERSON:  I just felt we had to get something on the record.

(End of bench conference)

(Conference between Mr. Fields and Mr. Swanton)

BY MR. FIELDS:

Q.    Mr. Outley, --

A.    Yeah.

Q.    -- you said that I told you to write this letter, correct?

A.    You talked to me about it, writing it.  Yes.  Yeah. We -- you was telling me that your lawyer was saying that he had, you know, these different statements saying different type of thing and I was denying that I had wrote the statement and stuff like that.  I don't write a statement on you.  Like I say, I wrote a statement clearing my name as to having anything to do with this girl being murdered or anything, man, and helping you break out of jail as all being labeled.

Q.    So, Mr. Outley, you're now admitting that you lied when you wrote this letter and got it notarized, correct?

A.    Yes.  Yeah.  Your lawyer knew it then.  You did, too, when you seen the statement.

Recross-Examination of Edward Outley by Mr. Fields——1855

Reask the question, Mr. Fields, and we'll see if it's appropriate.

MR. PETERSON:  Would the Court allow advising counsel to approach the bench?

THE COURT:  Sure.

(On-the-record bench conference, to wit:

MR. PETERSON:  Your Honor, as advisory counsel, we're not able to make objections, but as officers of the Court, we're seeing an unfair prejudice to our client taking place right now with Mr. Snyder making repeated speaking objections and making side-bar statements and asking improper questions during direct examination and we ask the Court to use its advisory capacity to control this.  We know that under normal circumstances it's up to defense counsel to --

THE COURT:  My advisory capacity?

MR. PETERSON:  Yes, sir.

THE COURT:  I don't know what you're talking about, Mr. Peterson.

MR. PETERSON:  Well, Your Honor, you know that it's improper for an officer of the Court, a lawyer, to knowingly ask improper questions and to knowingly make side-bar statements, to knowingly make long speaking --

THE COURT:  You made it clear that that last so-called objection was improper, Mr. Peterson.  The rest of what you're talking about is -- I don't know what you're talking about.