82

**SCOTT PETERSON**
ATTORNEY AT LAW
1701 AUSTIN AVENUE
WACO, TEXAS 76701-1741

BOARD CERTIFIED, CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
STATE BAR OF TEXAS

TELEPHONE (254) 753-3100
TELEFAX (254) 753-5122
E-MAIL: jspeterson@mindspring.com



July 30, 2003

Gregory S. Gloff
Stephen L. "Jake" Snyder
Assistant U.S. Attorneys
800 Franklin Avenue, Suite 280
Waco, Texas 76701

> RE: State of Texas v. Sherman Lamont Fields
> No. W-01-CR-164(1)

Dear Greg & Jake:

This letter is to memorialize our group meeting on July 18, 2003 and the agreements and understandings that were reached:

1.      There is no objection by the U.S. Attorney's Office to having Mr. Fields released to the custody of the Bureau of Prisons, upon defense counsel's written request. Such request will be provided after the hearing on August 1ˢᵗ, assuming the court grants the agreed motion for continuance.

2.      The government expressly agrees not to use the testimony of Officer Stan Mason concerning his interview of Sherman Fields on November 27, 2001, and in exchange defense counsel will refrain from filing a motion to suppress the testimony of Stan Mason concerning his interview of Sherman Fields on November 27, 2001.

3.      The government has revealed the following potential Brady material:

     a.      Shalayka Scroggins' testimony at her supervised release revocation hearing could assist defense counsel in the cross-examination of this witness.

     b.      Criminal histories on all government witnesses, specifically including Nathan "Cream" Lloyd and Shalayka Scroggins ,will be provided to defense counsel prior to trial.

     c.      There currently is no physical evidence linking Sherman Fields to the alleged murder. The weapon that caused the death of Suncerey Coleman has not been found. There was a hair found on Ms. Coleman's clothing that has been sent for DNA analysis. This could take 10 weeks.

4.      Certain letters by Sherman Fields have been recovered by the U.S. Attorney's Office. Copies of these letters will be provided to defense counsel.

5.    The government is aware that defense counsel is interviewing witnesses, including government witnesses, and the government will immediately advise defense counsel if a potential witness expressly states that they will not speak to defense counsel or their agents.

6.    Open file discovery will continue to be offered and, for the convenience of all counsel involved, one of the case agents will review the cell phone records with defense counsel and provide copies of pertinent documents.

7.    Grand Jury transcripts will be provided to defense counsel a reasonable time ahead of trial.

Sincerely,

Scott Peterson

SP/jsp

Cc:    Rob Swanton
       Sherman Fields