*87*

year involving the use or attempted use of a firearm against another person.  (*Id.* at

4).  The jury further found as aggravating factors:

> (1)   "[Movant] caused injury, harm, and loss to Suncerey Coleman, her family and children, and her friends as demonstrated by the victim's personal characteristics as an individual, including the fact that she was a new mother to a prematurely born infant, and the impact of her death upon her family, children, and friends";
>
> (2)   "Prior to the murder of Suncerey Coleman, [Movant] participated in attempted murders and other serious acts of violence"; and
>
> (3)   "[Movant] is likely to commit serious acts of violence in the future which would be a continuing and serious threat to the lives and safety of others, including, but not limited to, inmates and correctional officers in an institutional correctional settings [sic] . . . ."

(*Id.* at 6-7).

The jury proceeded to make the following special findings as to the mitigating

factors present in Movant's case:

> (1)   No jurors found that Movant's "capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired, regardless of whether his capacity was so impaired as to constitute a defense to the charge."
>
> (2)   Two jurors found that Movant "was under unusual and substantial duress, regardless of whether the duress was of such degree as to constitute a defense to the charge."
>
> (3)   Eleven jurors found that "[t]he imposition of a death sentence would cause emotional injury, harm and loss to [Movant's] mother, children and other family members."
>
> (4)   Twelve jurors found that Movant "has lived most of his life without having a significant father figure."

3