IN THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

16 OCT 26 PM 4:51

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

SHERMAN LAMONT FIELDS,

      Petitioner,


v.


**2:16**-cv-**0418** JMS -MJD

ATTORNEY GENERAL LORETTA LYNCH,

      Respondent.

---

PETITION FOR A WRIT OF CONSPIRACY/WRIT OF ERROR CORAM NOBIS

---

THIS IS A CAPITAL CASE
   (DEATH PENALTY)


SHERMAN LAMONT FIELDS
(PRO SE)
#15651-180
USP Terre Haute
P.O. Box 33
Terre Haute, Indiana
      47808

# CAPITAL CASE
## QUESTION(S) PRESENTED

Petitioner Sherman Lamont Fields was convicted and sentenced to death for the November 6, 2001 Shooting Death of Suncerey " Shining Star " Coleman in Waco, Texas. Fields was also convicted of six other related charges and given a collective 600 months in prison. Fields maintains his innocence.

Fields contends that the prosecution violated several criminal act(s) while in pursuit of framing him for the crime(s) of conviction; to include 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 373(a):Solicitation of Murder; 18 U.S.C. § 1621: Perjury; 18 U.S.C. § 1622: Suborning Perjury; And Fraud On The Court.

Fields also contends that District Judge ( Trial and Habeas Corpus ) of the Western District of Texas ( Waco Division ), Walter Smith Jr. and 5th Circuit Court of Appeals Judge Edith Jones was effectively incompetent due to their abject bias.

Fields was forced to proceed to trial pro se. On Direct Appeal Fields was represented by Rob Owen and Meredith Rountree of Austin, Texas. Attorney Jeff Ellis of Portland, Oregon, and Attorney Peter Isajiw of New York was appointed to represent Fields on 2255 Habeas.

When Counsel filed Habeas Fields, moving Pro Se notified the Court that the Habeas Petition was incomplete; The Court did not respond.

When the District Court denied Habeas, Judge Smith then responded informing Fields that he won't be allowed to proceed Pro Se.

Fields filed a Motion to appear Pro Se to the 5th Circuit Court of Appeals, A Freestanding Actual Innocence Brief and several Motions; The 5th Circuit rejected the brief and Motions " because Fields was represented by Counsel."

Fields opted to "relieve Counsel of their duties", but the 5th Circuit still refused Fields' brief and Motions, stating that only his attorney's can file on his behalf.

Fields attempted to file in the Supreme Court and was told that he would have to file in the "lower Courts" first.

There is currently no set precedent dealing with a case of this nature where the evidence show that the conviction and death sentence was obtained by and through criminal act(s) perpetrated against the petitioner by the prosecution; Criminal act(s) that was perpetrated deliberately, intentionally, willfully and knowingly with malice aforethought.

I

There is no set precedent dealing with a case of this nature where both the trial Judge _and_ a Circuit Court Judge was both incompetent due to bias.

However there is set precedent that allows a prisoner to demonstrate that Fraud prevented him/her from fully and fairly presenting a meritorious claim.

There is also set precedent that allows a prisoner to file a timely meritorious Pro Se brief; See Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed 1356 (1948) where the Court held that although a prisoner has no absolute right to argue his own appeal or to be present at the proceedings in appellate Court, " this did not foreclose the right of a defendant to present a pro se brief. In light of this the Court argued that, whether at trial or on appeal, a defendant should not be required to have counsel forced upon him or her. In Chamberlain v. Ericksen, _744 F.2d 628_, 630 (8th Cir. 1984), cert. denied, _470 U.S. 1008_, _84 L.Ed. 2d 387_, 105 S.Ct. 1368 (1985), the Chamberlain Court, quoting the above styled language from Price v. Johnson, found that a criminal defendant does have a right under the Constitution to present pro se briefs and motions on appeal."


THE QUESTION(S) PRESENTED IS:

1). When Petitioner can show that both the District Judge and an Appeal Judge was bias in violation of Petitioner's Constitutional Rights do this Court provide an avenue via the " All Writs Act " and Rule 20 as the district of incarceration?

2). When Petitioner can show that the prosecution violated his Constitutional Rights by violating Criminal Codes 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 373(a): Solicitation of murder; 18 U.S.C. § 1621: Perjury; 18 U.S.C. § 1622: Suborning Perjury; And defrauded the Court(s) do this Court provide an avenue for relief via the " All Writs Act " and Rule 20 as the district of Incarceration?

3). When Petitioner filed a timely and meritorious pro se brief and Motions and both the District Court and the Circuit Court refused to consider it " because Petitioner had attorney's ", and even after Petitioner said that he would "relieve attorney's of their duty", the Court(s) still refused, and then allowed attorney's to move forward and file a 2255 Habeas Petition that they ultimately denied based on an unreasonable determination of the facts, claiming that Petitioner did not assert issues that is clearly in the Pro Se brief and Motions that the Court refused to Consider, do this Court provide an avenue for relief via the " All Writs Act " and Rule 20 as the district of incarceration?

II

4). Due to the facts of Fields' case the Antiterrorism and Effective Death Penalty Act and the Death Penalty itself is illegal and Unconstitutional when challenged against the backdrop of the First, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 176, 2 L.Ed. 60 (1803 ); Do this Court provide an avenue to challenge the Antiterrorism and Effective Death Penalty Act and the Death Penalty via the " All Writs Act " and Rule 20 as the district of incarceration?

# TABLE OF CONTENTS

QUESTION(S) PRESENTED............................................... I-III

TABLE OF CONTENTS................................................... IV

TABLE OF AUTHORITIES............................................... V

JURISDICTION........................................................ 1

CONSTITUTIONAL PROVISIONS INVOLVED.............................. 1

STATEMENT........................................................... 1

REASON(S) FOR GRANTING THE WRIT...................................2,3

    A. THIS COURT SHOULD AUTHORIZE A SUCCESSIVE
       § 2255 MOTION WHERE PETITIONER MEETS THE
       THRESHOLD OF THE "EXTRAORDINARY CASE".......... 3

    B. THIS COURT SHOULD AUTHORIZE A WRIT PURSUANT
       TO THE "ALL WRITS ACT" WHERE PETITIONER
       MEETS THE THRESHOLD SHOWING THAT DISTRICT
       JUDGE WALTER SMITH AND 5TH CIRCUIT JUDGE
       EDITH JONES WAS INCOMPETENT DUE TO BIAS........ 4

    C. THE DISTRICT COURT AND THE 5TH CIRCUIT
       COURT OF APPEALS ABUSED ITS DISCRETION
       WHEN IT DENIED PETITIONER HIS RIGHT TO
       FILE A PRO SE BRIEF AND MOTIONS................ 4,5

    D. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY
       ACT IS ILLEGAL AND UNCONSTITUTIONAL............ 5,6

    E. THE "ALL WRITS ACT" IS APPROPRIATE............6,7

CONCLUSION.......................................................... 7

# TABLE OF AUTHORITIES

## CASES

Caperton v. A.T. Massey Coal, Inc., __U.S.__, 129 S.Ct. 2252, 2259, 173 L.Ed. 2d 1208 (U.S. 2009)................................................4

Chamberlain v. Ericksen, 744 F.2d 628, 630 (8th Cir. 1984), cert. denied, 470 U.S. 1008, 84 L.Ed. 2d 387, 105 S.Ct. 1368 (1985).....................II, 5

Courtney v. Ocean Accident & Guaranty Corporation, 346 Mo. 703, 142 S.W. 2d 858, 861........................................................... 3

De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217 (1945).... 2

In re Dorsanvil, 119 F.3d 245, 248 (3d Cir. 1997)......................... 7

Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 176, 2 L.Ed 60 (1803)........III, 6

Mathes v. Williams, Tex. Civ. App., 134 S.W. 2d 853, 858................... 3

Palermo v. Cottom, Mo. App. 525 SW 2d 758, 764........................... 3

Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)........II, 5

Prost v. Anderson, 636 F.3d 578, 589-94 (10th Cir. 2011).................. 7

Slack v. Daniel, 529 U.S. 473, 483 (2000)................................ 4

Strode v. Stafford Justices (CC Va) 1 Brock 162, F. Cas. No. 13537, p236... 2

Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997).............. 7

U.S. Alkali Export Ass'n. v. United States, 325 U.S. 196, 201-02(1945)..... 2

U.S. v. Hayman, 342 US 205, 219, 96 L.Ed. 232, 241, 72, S.Ct. 263.......... 3

Withrow v. Williams, 507 U.S. 680, 697 (1993)............................ 4

## STATUTES

18 U.S.C. § 371........................................ I,II,3

18 U.S.C. § 373(a)..................................... I,II,3

18 U.S.C. § 1621....................................... I,II,3

18 U.S.C. § 1622....................................... I,II,3

28 U.S.C. § 1651....................................... 1,2

28 U.S.C. § 2241....................................... 7

28 U.S.C. § 2244....................................... 6

28 U.S.C. § 2255.......................................passim

## RULES

SUP. CT. R. 20........................................ 1

## OTHER

Judiciary Act of 1789, 1 Stat. 84 § 22................ 2

## PETITION FOR A WRIT OF CONSPIRACY
## AND/OR A WRIT OF ERROR CORAM NOBIS

Petitioner Sherman Lamont Fields respectfully petitions this Court for a Writ of Conspiracy and/or a Writ of error coram nobis to correct a gross miscarriage of Justice.

### JURISDICTION

The Jurisdiction of this Court is invoked under 28 U.S.C. § 1651 and RULE 20 and the " All Writs Act ".

### CONSTITUTIONAL PROVISIONS INVOLVED

The First Amendment to the United States Constitution provides that [C]ongress shall not make no law that prohibits the right of the people to petition the Government for a redress of Grievances.

The Fifth Amendment to the United States Constitution provides that [N]o person shall be held to answer for a capital, or other infamous crime, nor be deprived of Life, Liberty, or property without due process.

The Eighth Amendment to the United States Constitution provides that Cruel and Unusual punishments shall not be inflicted.

The Ninth Amendment to the United States Constitution provides that [T]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

The Fourteenth Amendment to the United States Constitution provides that [N]o State shall...deprive any person of Life, Liberty, or property, without due process of law; Nor deny any person within its Jurisdiction the equal protection of the laws; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.

### STATEMENT

This Writ of Conspiracy/Writ of error coram nobis is a companion filing to Petitioner's concurrently filed Original Writ of Habeas Corpus. Petitioner respectfully refers the Court to the background sections of his Original Writ of Habeas Corpus.

1

## REASON(S) FOR GRANTING THE WRIT

The All Writs Act, 28 U.S.C. § 1651 authorizes this Court to issue Extraordinary Writs in its discretion. " To Justify the granting of any such writ, the petition must show that the writ will be in aid of the Court's appellate Jurisdiction, that exceptional circumstances warrant the exercise of the Court's discretionary powers, and that adequate relief cannot be obtained in any other form or from any other Court." SUP. CT. R. 20.1; See also U.S. Alkali Export Ass'n v. United States, 325 U.S. 196, 201-02 (1945); De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217 (1945.

This Court may Grant a Writ of Conspiracy/Writ of Error Coram Nobis so long as it has jurisdiction over the matter. And although the Ancient Writ(s) of Conspiracy and Coram Nobis is not specifically authorized by any statute enacted by Congress, power to grant relief afforded through Writ(s) comes from 28 U.S.C. § 1651

> [WRIT OF CONSPIRACY] is a drastic and extraordinary remedy reserved for really extraordinary causes; As is the [WRIT OF ERROR CORAM NOBIS]. The traditional use of the Writ(s) in aid of appellate Jurisdiction both at common law and in the Federal Courts has been to confine [the court against which the Writ(s) have been sought] to " a lawful exercise of its prescribed jurisdiction. Although Courts have not confined themselves to an arbitrary and technical definition of "Jurisdiction", only exceptional circumstances amounting to a Judicial usurpation of power, or a clear abuse of discretion will Justify the invocation of this extraordinary remedy.

In Strode v. Stafford Justices (CC Va) 1 Brock 162, F Cas No 13537, p236 Justice Marshall pointed out that the Judiciary Act of 1789, 1 Stat 84, § 22, limited to five years the bringing of any such writ of error and forbade it "for any error in fact". In allowing the coram nobis, he held that the section showed the writ of error referred to was a writ on appeal and therefore the error in fact could not be examined except by coram nobis."

Fields Fits the mold. The District Judge on habeas and the appeal Judge was both bias and illegally and unconstitutionally exhausted Fields' appeals; The District Judge and the appeal Judge both illegally and Unconstitutionally exhausted Fields' appeal(s) by using an unreasonable determination of the fact(s) and did a gross injustice by willfully and negligently disregarding the law and the fact(s); And both the District Judge and the Appeals Judge violated Fields' Constitutional right to file a pro se brief and Motions, and Fields have never stopped diligently

2

pursuing that right.

In United States v. Hayman, 342 US 205, 219, 96 L.Ed 232, 241, 72 S.Ct. 263, the Supreme Court held that " the purpose of § 2255 was "to meet practical difficulties" in the administration of Federal habeas Corpus Jurisdiction. The Court added: " Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions." We know of nothing in the legislative history that indicates a different conclusion. We do not think that the enactment of § 2255 is a bar to this motion, and we hold that the District Court has the power to grant such a motion."

Petitioner meets the burden of the "extraordinary case" and gives this court permission to rename/relabel the writ as the Court see fit.

### A. THIS COURT SHOULD AUTHORIZE A SUCCESSIVE § 2255 MOTION WHERE PETITIONER MEETS THE THRESHOLD OF THE "EXTRAORDINARY CASE".

The presence of malice therein Petitioners conviction and the damage to Petitioner by reason thereof are elements of a malicious prosecution; Palermo v. Cottom, Mo. App. 525 S.W. 2d 758, 764; And when it's injurious, heedless, unjust, reckless and unfair and infringe upon some right it effectively makes the conviction wrongful; Mathes v. Williams, Tex. Civ. App., 134 S.W. 2d 853, 858. Public officials are bound by the laws of the United States and the Constitution just as every other American Citizen is. If indeed the prosecution violated Title 18 U.S.C. § 371: Conspiracy; Title 18 U.S.C. § 373(a): Solicitation of murder; Title 18 U.S.C. § 1621: Perjury; Title 18 U.S.C. § 1622: Suborning perjury; And defrauded the Courts as Petitioner claim then Fields v. United States (this case) effectively meets the burden of the "Extraordinary case". Black's Law Dictionary defines "Extraordinary" as " Unusual, Out of the Ordinary, Exceeding the usual, average, or normal measure or degree; beyond or out of the common order or rule; Not usual, regular, or of a customary kind; remarkable; uncommon; rare. Courtney v. Ocean Accident & Guaranty Corporation, 346 Mo. 703, 142 S.W. 2d 858, 861."

A Writ from the " All Writs Act " should be issued where the evidence show that the prosecution intentionally, deliberately, knowingly, willfully, with malice aforethought committed criminal act(s) to obtain and sustain Petitioner's conviction and Death sentence; Petitioner respectfully refers the Court to the facts presented in his original habeas petition.

B. THIS COURT SHOULD AUTHORIZE A WRIT
PURSUANT TO THE " ALL WRITS ACT "
WHERE PETITIONER MEETS THE THRESHOLD
SHOWING THAT DISTRICT JUDGE WALTER
SMIT AND 5TH CIRCUIT JUDGE EDITH JONES
WAS INCOMPETENT DUE TO BIAS.

If the District Judge and the Circuit Judge was both effectively incompetent and/or bias during the pendency of this case Petitioner has not had adequate opportunity to test his detention. Habeas Corpus is " today, as it has always been, a fundamental safeguard against unlawful custody," and plays a vital role in protecting constitutional rights." Withrow v. Williams, 507 U.S. 680, 697 (1993) ( O'Connor, J., concurring in part and dissenting in part ); Slack v. McDaniel, 529 U.S. 473, 483 (2000). It's undoubtedly clear that District Judge Walter Smith and 5th Circuit Judge Edith Jones were bias and unfairly and illegally exhausted Petitioner's appeals. ( Petitioner respectfully refers the Court to the facts presented in his original habeas petition). " A fair trial in a fair tribunal is a basic requirement of due process." Caperton v. A.T. Massey Coal, Inc.__U.S.__, 129 S.Ct. 2252, 2259, 173 L.Ed. 2d 1208 (U.S. 2009) (internal citations omitted). There was nothing fair about Petitioners trial and/or the appeals process, thus making this case the "Extraordinary case" that Authorizes this Court to use its Supervisory powers.

C. THE DISTRICT COURT AND THE 5TH CIRCUIT
COURT OF APPEALS ABUSED ITS DISCRETION
WHEN IT DENIED PETITIONER HIS RIGHT TO
FILE A PRO SE BRIEF AND MOTIONS.

Petitioner abruptly notified the District Court that he wanted to file a Pro Se Brief as soon as appointed Counsel sent Petitioner a copy of the brief that they filed. District Judge Walter Smith didn't immediately respond. But as soon as he denied Habeas that Counsel filed he also issued an order denying Petitioner the right to proceed Pro Se.

Fields filed a Motion to the 5th Circuit seeking to proceed Pro Se, the Motion was timely and in good faith, yet the 5th Circuit rejected the Motion because "Petitioner have attorney's".

Petitioner asked the 5th Circuit to reconsider stating that he would "relieve attorney's of their duty", or in the alternative " to keep things on track" he would keep the attorney's, but he wanted to file his own brief.

The 5th Circuit again rejected the Pro Se brief

4

Petitioner then attempted to file his Pro Se brief in the Supreme Court without success. And when the 5th Circuit denied C.O.A. in regards to the brief that Petitioner's Counsel filed the 5th Circuit arbitrarily claimed that Petitioner didn't assert issues that's clearly asserted in the Pro Se brief and Motions that the 5th Circuit Unconstitutionally rejected. ( Petitioner respectfully refers the Court to the facts presented in his original habeas petition.) " A prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate Court foreclosed any right of a pro se defendant to act pro se. But this did not foreclose the right of a defendant to present a pro se brief. In light of this the Court argued that whether at trial or on appeal, a defendant should not be required to have counsel forced upon him or her. Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L .Ed 1356 (1948). And in Chamberlain v. Ericksen, 744 F.2d 628, 630 (8th Cir. 1984), cert. denied, 470 U.S. 1008, 84 L.Ed. 2d 387, 105 S.Ct. 1368 (1985), the Chamberlain Court, quoting the above styled language from Price v. Johnson, found that a criminal defendant does have a right under the Constitution to present Pro Se briefs or Motions on appeal." It's obvios that Fields was severely harmed by the Court(s) refusal to allow his pro se brief, and since Fields have no other avenue for relief this Court's Supervisory powers is warranted.

### D. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT IS ILLEGAL AND UNCONSTITUTIONAL.

The Antiterrorism and Effective Death penalty Act is illegal and Unconstitutional because (1). It abridge the rights of the people and violate the Constitution; (2). Any law that allows for open ended criminal violation(s) against the people abridge the rights of said people and is therefore unconstitutional; (3). Any law that either directly or indirectly support the reckless disregard for human life is illegal and unconstitutional; (4). The AEDPA's restrictions forces the Court(s) to Aid and Abet criminal homicide (In the pretense of Justice); (5). The AEDPA fail to provide for meaningful appellate review in the event of a conviction and sentence of death; (6). The AEDPA's restrictions allow for discriminatory application; (7). The AEDPA's restrictions victimize the innocent; (8). If a defendant fail to bring a meritorious issue to the Court before the one year statute of limitations imposed by the AEDPA concludes, for "whatever the reason may be", then the defendant, whether he's guilty or innocent, " Just have to die " because the AEDPA restricts him from obtaining relief on that issue; (9). The AEDPA places unconstitutional restrictions

on the Court(s) barring them from acting " at any stage", even where it's clear the defendant's Constitutional rights have been violated; (10). The AEDPA forces the Court to ignore the violation of defendant's Constitutional rights; (11). It's illegal and Unconstitutional for congress to make a law (AEDPA) that places their rush to finality before violations of the Constitution; (12).  In the event an appeal is unfairly and unjustly denied the AEDPA doesn't allow for honest adjudication on the merits; (13). When the AEDPA was enacted Congress failed to consider the off chance that Judicial bias at trial and on appeal would pollute the process; (14). The Court(s) definition of "Extraordinary circumstances" and "Extraordinary case" is unconstitutionally limiting; (15). The AEDPA's restrictions allow for fundamental and gross miscarriages of Justice. ( The Petitioner respectfully refers the Court to the facts presented in his original habeas petition).

The facts of Fields' case exposes the illegal and unconstitutional defects in the Antiterrorism and Effective Death penalty Act. In Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 176, 2L.Ed 60 (1803), the Court held that " The powers of the legislature are defined and limited; And that those limits may not be mistaken, or forgotten, the Constitution is written." Thus Congress do indeed have the right to make laws. But Congress don't have the right to make laws that abridge the rights of the people and violate the Constitution." The AEDPA's restrictions promote the willful and deliberate and knowing violation of Fields and other Capital defendants Constitutional rights. The law itself convey the message: " We don't care if your rights have been violated; We don't care if you're innocent, if you don't meet the one yeare statute of limitations imposed by the AEDPA we;'re going to murder you "; That stance alone regress the Death penalty rather than make it progressive. And because the AEDPA is in violation of Marbury v. Madison, and violates the first, Eighth, Ninth and Fourteenth Amendments to the United States Constitution this Court should assert its Supervisory Powers.


## E. THE " ALL WRITS ACT " IS APPROPRIATE


Because the Western District of Texas and the 5th Circuit Court of appeals refused to accept Petitioner's timely Pro Se brief and then denied his appeals based on the merits using an unreasonable determination of the facts, alleging that Fields didn't assert issues that's clearly asserted in the pro se brief, and that decision is not appealable in the ordinary course, see 28 U.S.C. § 2244(b)(3)(e), an original habeas petition and this writ via the " All writs Act " represents one of the last available methods by which this Court may resolve this gross miscarriage of Justice.

Mr. Fields relies on facts that, if true, would render the prior proceedings a nullity, but where he would likely be barred from bringing a successor petition. Since 1996 § 2255 has contained a provision which bars prisoners from filing second or successive § 2255 petitions except in two narrow circumstances: (1). When newly discovered evidence would establish by clear and convincing evidence that the prisoner is not guilty of the offense(s) for which he was convicted, or (2). When the petition presents a new rule of Constitutional law, made retroactive by the Supreme Court to cases on collateral review, that was unavailable to the petitioner at the time of his first petition. Arguably Fields does not meet those requirements. But Fields do believe that existing evidence proves that he is indeed innocent, but several factors beyond his control stood as a barrier; (1) Bias Judge(s) at two stages of the process Unconstitutionally limited the evidence; (2) Bias Judges Unconstitutionally refused to accept the evidence; (3) Fields couldn't and/or cannot file a "Writ pursuant to the All Writs Act " in the Western district of Texas or the 5th Circuit because of the existing bias; The AEDPA Unconstitutionally limits Fields' right to redress his grievances. However, there is general agreement amongst the Circuits that access to § 2241 via the savings clause turns on whether the petitioner has had an opportunity to present his claim. Prost v. Anderson, 636 F.3d 578, 589-94 (10th Cir. 1997). See also In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997) (holding that the unavailability of collateral review to a party claiming innocence would raise a "thorny constitutional issue."); Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997) (holding that the savings clause is available when failure to provide collateral review would raise " serious constitutional questions"). Fields, an innocent man is destined to die in light of facts that would make any other prisoners conviction and Death sentence void. As a result this is his only avenue for relief.

## CONCLUSION

This Court should issue this Writ and Authorize Petitioner's Successive § 2255 motion, thereby enabling this Court to consider the merits of petitioner's claims.

Respectfilly Submitted

Sherman L. Fields 10/24/16

Sherman Lamont Fields
(PRO SE)
#15651-180
USP Terre haute
P.O. Box 33
Terre Haute, Indiana 47808

7