# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:16-cv-00418-JMS-MJD |
| | ) | |
| v. | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| WARDEN, USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

*Attorneys for Petitioner Sherman Lamont Fields*

**INTRODUCTION**

Petitioner, Sherman Lamont Fields, through undersigned counsel, hereby moves, pursuant to 28 U.S.C. § 2241, to set aside the judgment in his case and vacate his federal death sentence and two terms of imprisonment. Fields was convicted and sentenced to death for the federal crime of using and carrying a firearm causing death during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j). He was also convicted and sentenced to terms of imprisonment for using and carrying a firearm during and in relation to two additional crimes of violence—escape and carjacking—in violation of 18 U.S.C. § 924(c).

In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the Supreme Court determined that 18 U.S.C. § 924(e)(2)(B)(ii), the "residual" clause of the Armed Career Criminal Act ("ACCA")—one of two statutory definitions of "crime of violence" employed by the ACCA—is unconstitutionally vague.[1] The Seventh Circuit subsequently held in *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) *reh'g en banc denied* (7th Cir. 2017), that the materially indistinguishable residual clause found in § 924(c)(3)(B) is likewise unconstitutionally vague. Accordingly, the predicate crimes of escape and carjacking on which Fields's § 924(c) and (j) convictions rest can no longer be deemed "crimes of violence" under § 924(c)'s residual clause. Nor can these predicate crimes be deemed "crimes of violence" under the alternative definition found in § 924(c)(3)(A).

Thus, Fields's § 924(c) and (j) convictions and the sentences that flow therefrom: 1) violate due process; 2) violate the laws of the United States and result in a fundamental miscarriage of justice; and 3) were entered in excess of the jurisdiction of the sentencing court. Fields must be deemed innocent of these crimes, and his sentences for these crimes must fall.

---

[1] 18 U.S.C. § 924(e)(2)(B)(ii) states that a "crime of violence" is a felony that "involves conduct that presents a serious potential risk of physical injury to another."

As explained below, Fields's petition is properly brought in this Court as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because Fields cannot adequately or effectively test the legality of his convictions and sentence via a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. *See* § 2255(e); *Robinson v. Lariva*, No. 2:15-cv-00322-JMS-MJD (S.D. Ind. Dec. 28, 2016) (Dkt. #22).[2]

## STATEMENT OF FACTS

### A.     Indictment, Trial, Guilty Verdict and Sentencing

On May 13, 2003, the Government indicted Fields in the United States District Court for the Western District of Texas, charging him with (1) conspiring to escape from federal custody, in violation of 18 U.S.C. §§ 371, 751 and 1791(a); (2) escaping from federal custody, in violation of 18 U.S.C. § 751(a); (3) using and carrying a firearm causing death during and in relation to escape, in violation of 18 U.S.C. § 924(c)(1); (4) carjacking, in violation of 18 U.S.C. § 2119; (5) using and carrying a firearm during and in relation to carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (6) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (7) using and carrying a firearm during and in relation to escape, in violation of 18 U.S.C. § 924(c)(1).  On May 23, 2003, the Government gave notice it would seek the death penalty under Count Three pursuant to 18 U.S.C. § 924(j)(1).

Trial started in January 2004, with Fields representing himself, despite his long-documented history of severe mental illness.  On January 30, 2004, the jury convicted Fields on all counts.  From February 2 to February 5, 2004, the same jury heard testimony and argument in

---

[2]   In addition to the arguments set forth herein, this Amended Petition incorporates and reasserts in their entirety the arguments set forth in Fields's Petition for a Writ of Habeas Corpus, originally filed in this case on October 26, 2017 (ECF No. 1), and appended hereto as Exhibit A.  The exhibits to Fields's original petition are available on the Court's electronic filing system (ECF No. 1, Ex. 1-88).

the penalty phase (at which point Fields was represented by court-appointed counsel). On February 5, the jury retired to deliberate. On February 6, the jury declared itself deadlocked and unable to agree on punishment. The court instructed it to keep deliberating; the jury recommended death just hours thereafter.

The district court entered judgment on April 12, 2004, sentencing Fields to death under § 924(j), based solely on his conviction for using a firearm causing death in relation to escape (Count Three). Fields was also sentenced to enhanced terms of imprisonment based on his conviction for using and carrying a firearm in relation to carjacking (Count Five) and using and carrying a firearm in relation to escape (Count Seven).[3] Fields was eligible for these enhanced sentences because escape and carjacking were deemed to be "crimes of violence" under § 924(c)(3).[4]

### B.      Direct Appeal and Initial § 2255 Petition

Fields filed a notice of appeal on April 13, 2004. A divided panel of the Fifth Circuit affirmed Fields's conviction and death sentence on March 29, 2007. *United States v. Fields*, 483 F.3d 313, 323 (5th Cir. 2007). The Supreme Court denied *certiorari* review on January 14, 2008. *Fields v. United States*, 552 U.S. 1144 (2008).

On January 14, 2009, Fields moved pursuant to § 2255 to vacate or set aside his conviction and sentence, and for a new trial. On September 25, 2012, the District Court denied

---

[3]   Fields was sentenced to 300 months' imprisonment for each of his noncapital § 924(c) convictions (Counts Five and Seven), with sentences to run consecutively. He was sentenced to a total of 715 months' imprisonment on all noncapital counts.

[4]   A felony can qualify as a "crime of violence" under the "residual" clause of § 924(c)(3)(B) if it, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." A felony can also qualify as a crime of violence under the "force" or "elements" clause of § 924(c)(3)(A) if it "has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another." (Emphasis added).

Fields's § 2255 motion and dismissed the action. It also *sua sponte* denied Fields a certificate of appealability ("COA"). On August 1, 2013, Fields filed a notice of appeal to the Fifth Circuit; he moved for a COA on November 13, 2013. On July 30, 2014, the Fifth Circuit denied Fields's motion on all grounds. *United States v. Fields*, 761 F.3d 443 (5th Cir. 2014). The Supreme Court denied *certiorari* review on June 8, 2015. *Fields v. United States*, 135 S. Ct. 2803 (2015).

      **C.**     ***Johnson v. United States* and *Welch v. United States***

On June 26, 2015, the Supreme Court held that the residual clause defining "crimes of violence" contained in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Prior to *Johnson*, determining whether an offense constituted a "crime of violence" under the ACCA residual clause required courts to imagine what the hypothetical, typical commission of a crime involved rather than considering the actual underlying facts of the offense as it had been committed. That is, a court was required "to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction present[ed] a serious risk of physical injury." *Id.* (citation omitted). Reasoning that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," the Court concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court found the residual clause "vague in all its applications," and overruled its previous decisions in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and *James v. United States*, 550 U.S. 192 (2007). *Johnson*, 135 S. Ct. at 2562–63.

On April 18, 2016, the Supreme Court expressly held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1268.

**D.    Successive § 2255 Petition and Original Writs of Habeas Corpus and Mandamus**

Fields sought to challenge his conviction and death sentence in the wake of *Johnson* and *Welch*.  Having previously challenged his conviction under § 2255, he moved the Fifth Circuit on May 18, 2016 for authorization to file a successive § 2255 motion.  The Fifth Circuit denied authorization.  *In re Fields*, 826 F.3d 785, 787 (5th Cir. 2016).

Because the Fifth Circuit's decision was not appealable in the ordinary course, *see* 28 U.S.C. § 2244(b)(3)(E), Fields filed an original Petition for Writ of Habeas Corpus and a Petition for Writ of Mandamus in the United States Supreme Court.  The Supreme Court declined to evaluate the merits of Fields's original writs.  *In re Fields*, Nos. 16-293, 16-294 (U.S., filed Aug. 24, 2016) (habeas corpus and mandamus denied Mar. 20, 2017).  Accordingly, Fields remains in the custody of Warden Charles Daniels at the United States Penitentiary in Terre Haute, Indiana.

## ARGUMENT

**I.    FIELDS'S § 924(c) CONVICTIONS CANNOT BE SUSTAINED IN LIGHT OF *JOHNSON*, *WELCH* AND *CARDENA***

**A.    Fields's Convictions Pursuant to § 924(c), and the Attendant Enhanced Sentences, Can Only Be Sustained if He Committed a "Crime of Violence"**

On January 30, 2004, Fields was convicted of three counts of using a firearm during and in relation to "crimes of violence" in violation of § 924(c)(1) and (j) (Counts Three, Five and Seven).  The "crime of violence" (*i.e.* the predicate offense) underlying Count Three is the federal statutory offense of escape, 18 U.S.C. § 751(a).  Fields was sentenced to death solely pursuant to this count.  Fields was also convicted and received enhanced prison terms under § 924(c)(1) for two additional, non-capital counts of using a firearm during and in relation to crimes of violence: carjacking and escape (Counts Five and Seven).

Section 924(c) defines "crime of violence" in one of two ways.  Under the "force" or "elements" clause, the crime must be a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A). Alternatively, under the "residual clause," the crime may be a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  § 924(c)(3)(B).  Under either clause, courts were required to apply a "categorical" approach—that is, to disregard the specific facts of the crime a defendant was alleged to have committed, and look at the crime only in the abstract.

If escape and carjacking do not qualify as "crimes of violence" under either the "force" or the "residual" clause of § 924(c), Fields's convictions and sentences under Counts Three, Five, and Seven cannot be sustained.

**B.**     **Escape and Carjacking Do Not Qualify as "Crimes of Violence" Under the § 924(c) Residual Clause Because the Seventh Circuit Has Invalidated the § 924(c) Residual Clause as Unconstitutionally Vague**

In *Johnson*, the Supreme Court held that the ACCA residual clause, which is nearly identical to the residual clause in § 924(c)(3)(B), violates the Fifth Amendment's prohibition against vague criminal statutes by defining "violent felony" to include any crime that, in the *hypothetical typical* case, "involves conduct that presents a serious potential risk of physical injury to another."  135 S. Ct. at 2556–57.  The initial determination of what that hypothetical typical case might entail had been conducted in the years leading up to *Johnson* using the "ordinary case" analysis, a "judge-imagined abstraction" which required courts to decide, first, the "ordinary" version of an offense involved, and second, "how much risk it [would] take[] for a crime to qualify as a violent felony."  *Id.* at 2558.  The *Johnson* Court held that both the use of the ordinary case analysis, and the judgment of whether that hypothetical crime presented "a

7

serious potential risk of physical injury," "conspire[d] to make [the residual clause] unconstitutionally vague." *Id.* at 2557.

The Seventh Circuit has subsequently concluded that the residual clause in § 924(c), the statute under which Fields was convicted and sentenced to death, is also unconstitutionally vague. *Cardena*, 842 F.3d at 996. The *Cardena* court described the residual clause contained in § 924(c)(3) as "virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague." *Id.* The court also noted that the residual clause in § 924(c) is identical to that contained in 18 U.S.C. § 16(b), which it had previously invalidated as unconstitutionally vague in light of *Johnson. Id.* (citing *United States v. Vivas–Ceja*, 808 F.3d 719, 721 (7th Cir. 2015)).

Thus, the crimes of escape and carjacking cannot be deemed "crimes of violence" under the residual clause of § 924(c).

C. **Escape Does Not Qualify as a "Crime of Violence" Under the § 924(c) Force Clause Because it Does Not Require "the Use, Attempted Use, or Threatened Use of Physical Force"**

Escape cannot be considered a "crime of violence" under the § 924(c) force clause because the escape statute can be violated without the use, attempted use, or threatened use of violent physical force. In determining whether an offense qualifies as a "crime of violence" under the force clause of § 924(c)(3), sentencing courts must determine whether the use, attempted use, or threatened use of "physical force" is an element of the offense. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). This is accomplished using a "categorical" approach, which requires that courts "'look only to the statutory definitions'—*i.e.,* the elements—of a defendant's [offense], and *not* 'to the particular facts underlying [the offense].'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990) (emphasis in the original)). *See also United States v. Williams*, 343 F.3d 423, 431 (5th Cir. 2003) ("The proper inquiry is

whether a particular defined offense, *in the abstract* is a crime of violence . . . . We do not consider the facts underlying Williams's conviction; his actual conduct is immaterial") (emphasis added). Thus, for an offense to qualify as a "crime of violence" under the force clause, the predicate offense must have *as an element* the use, attempted use, or threatened use of "physical force" against another person or property. § 924(c)(3)(A).

Moreover, the Supreme Court has explained that "physical force" means *violent* force— that is, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). De minimis force is not enough to satisfy this standard.

Under the *Descamps* analysis, Fields's predicate offense of escape does not qualify as a "crime of violence" under the force clause of § 924(c) because the elements of the crime can be satisfied without resort to the use or attempted use of *any* physical force:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 751(a). In fact, in its opposition to Fields's Original Petition for Writ of Habeas Corpus, the Government conceded that if the residual clause of § 924(c)(3)(B) were invalidated, "the crime of escape . . . would not qualify as a crime of violence" under the force clause of § 924(c)(3)(A). *See* Gov't Br. in Opp. to Fields's Pet. to U.S. Sup. Ct. for Writ of Habeas Corpus at 11 n.2 (attached as Exhibit B).

9

Indeed, Fields's escape was *in fact* accomplished without the use or threatened use of force, and the Government never alleged during Fields's trial that his escape was violent. Nor could the Government have made such an allegation. The evidence supporting Fields's escape conviction was that he offered money to a corrections officer, who opened the back door to the correctional facility and let Fields out. Fields's escape was effected entirely without violence and without the threat of violence. *Fields*, 483 F.3d at 323.

Because Fields's escape involved no violence, the prosecution was left to argue that escape *in the abstract* is a violent crime:

> One of the things that you have to remember about escape that the Judge told you . . . it's a crime of violence. Why is escape a crime of violence? Because bad things happen when desperate men are on the run from the law and have guns. They can intimidate people. They can kill people. They can rob people. They can shoot people. Bad things happen. That's why it's a violent offense.

Trial Tr. 1994 at 11–17. This is precisely the approach that *Johnson* and *Cardena* invalidated. Simply put, Fields's escape cannot be considered a "crime of violence" when analyzed either in terms of the necessary elements of the crime of escape *or* under the actual evidence that underlay his conviction.

Fields was convicted and sentenced to death based only upon the conviction under §924(j) in connection with Count Three of the indictment, which was, in turn, based on the predicate crime of escape. Because escape cannot be considered a crime of violence under any definition of crime of violence contained in § 924(c), Fields's conviction under this Count and his attendant death sentence must be deemed void. Likewise, Fields was sentenced to a term of imprisonment under Count Seven, also based on the predicate crime of escape. This conviction and resultant sentence must also be deemed void.

**C.** **Carjacking Does Not Qualify as a "Crime of Violence" Under the § 924(c) Force Clause Because It Can Be Accomplished Without the Intentional Threat of Violent Physical Force**

Federal carjacking cannot be categorically considered a crime of violence under the force clause of § 924(c) because it can be accomplished by intimidation, which does not require an intentional threat of violent physical force. Someone is guilty of federal carjacking if he or she:

> with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the person or presence of another by force and violence or *by intimidation*, or attempts to do so . . .

18 U.S.C. § 2119 (emphasis added). Intimidation, sufficient to convince someone to yield his or her motor vehicle to another, does not require an *intentional* threat of violent or strong physical force. The element can be satisfied "when an [offender's] words and actions would cause an ordinary person *to feel* threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force." *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011) (emphasis added). Thus, federal carjacking should not be categorically considered a crime of violence under the § 924(c) force clause.

Although in *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016), the Seventh Circuit made a general observation that carjacking is a crime of violence, the *Dawkins* court was considering an Illinois carjacking statute, not the federal carjacking statute under which Fields was convicted. The Illinois carjacking statute (1) does *not* include intimidation as a potential means by which a vehicle might be taken and (2) requires that the offender threaten "imminent use of force."[5] Accordingly, despite the language in *Dawkins*, Fields respectfully asks this Court to consider his claim that *federal* carjacking does not constitute a crime of violence.

---

[5] 720 ILCS § 18-3(a) ("A person commits vehicular hijacking when he or she knowingly takes a motor vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force.").

## II.    JURISDICTION IS PROPERLY INVOKED UNDER 28 U.S.C. § 2241

A federal prisoner may seek relief pursuant to § 2241 when 28 U.S.C. § 2255 has proved "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *Collins v. Holinka*, 510 F.3d 666, 667–68 (7th Cir. 2007) (district court must entertain § 2241 action on merits where § 2255 inadequate).  Because Fields is incarcerated at USP Terre Haute where he is under sentence of death, venue is appropriate in this Court.  § 2241; *Garza v. Lappin*, 243 F. 3d 918, 920 (7th Cir. 2001) (Texas prisoner on death row in Terre Haute properly brought § 2241 action challenging federal sentence in Southern District of Indiana).

Fields has established that § 2255 does not provide an effective avenue by which to challenge his illegal sentence.  As detailed above, Fields timely sought leave to mount a successive § 2255 challenge to his convictions and death sentence under § 924(c) following the Supreme Court's decisions in *Johnson* and *Welch*.  *See* Statement of Facts at D, *supra*.  As Fields was sentenced to death in the Western District of Texas, his authorization motion was filed in the Fifth Circuit.  The Fifth Circuit, however, denied the motion.  *In re Fields*, 826 F.3d at 787; *see* Statement of Facts at D, *supra*.  Despite the near identity of the language in the ACCA residual clause and the § 924(c) residual clause, the Fifth Circuit refused to consider whether § 924(c)(3)(B) is, like the ACCA residual clause, unconstitutionally vague—and thus whether Fields's death sentence, which rests entirely on § 924 (c), is illegal.

Fields's § 2241 motion is properly filed in this Court.  First, the Seventh Circuit has already addressed the underlying issue, holding that "the residual clause in 18 U.S.C. § 924(c)(3)(B) is . . . unconstitutionally vague."  *Cardena*, 842 F.3d at 996.  Fields thus awaits execution despite a meritorious claim that his death sentence is illegal.  Second, because § 2255 has proved ineffective for testing the legality of that sentence, a petition filed pursuant to § 2241 is appropriate.  *See, e.g.*, *Robinson*, No. 2:15-cv-00322-JMS-MJD (Dkt. #22) (court has

jurisdiction pursuant to § 2241 where Mississippi prisoner, whose felon-in-possession sentence was enhanced under the ACCA residual clause, sought to file successive § 2255 but was denied authorization by the Fifth Circuit); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc) (jurisdiction proper in Southern District of Indiana for Texas federal death row prisoner where § 2255 was unavailable); *id.* at 1139 (core purpose of habeas corpus is to prevent custodian from inflicting unconstitutional sentence); *Garza*, 254 F.3d at 922–23. *See also In re Davenport,* 147 F.3d 605, 609 (7th Cir. 1998) (question is whether petitioner has had reasonable opportunity to obtain judicial determination of fundamental legality of conviction and sentence).

**CONCLUSION**

For the reasons set forth above, Fields respectfully asks this Court to (1) vacate his convictions under § 924(c) for Counts Three (using and carrying a firearm causing death during and in relation to escape), Five (using and carrying a firearm during and in relation to federal carjacking), and Seven (using and carrying a firearm during and in relation to escape); (2) vacate the death sentence under § 924(j), imposed on Fields in connection with his conviction under Count Three; (3) vacate the sentences imposed on Fields in connection with his conviction under Count Five and Seven; (4) grant Fields leave to amend this Motion or to submit a Memorandum of Law in support of the foregoing sentencing amendments and/or to schedule a status conference regarding sentencing; (5) grant all relief sought in Fields's initial Petition for a Writ of Habeas Corpus originally filed in this case on October 26, 2016 and appended hereto as Exhibit A; and (6) grant any further relief necessary to effectuate justice.

Respectfully Submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CENTER
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

*Counsel for Sherman Lamont Fields*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 26th day of April, 2017, a copy of the foregoing Amended Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX  76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX  78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX  78701
jennifer.freel@usdoj.gov

/s/ Jeffrey Ellis
Jeffrey Ellis