# EXHIBIT B

**Nos. 16-293 and 16-294**

# In the Supreme Court of the United States

IN RE SHERMAN LAMONT FIELDS, PETITIONER

(CAPITAL CASE)

*ON PETITION FOR A WRIT OF HABEAS CORPUS
AND ON PETITION FOR A WRIT OF MANDAMUS
TO THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT*

**BRIEF FOR THE UNITED STATES IN OPPOSITION**

NOEL J. FRANCISCO
  *Acting Solicitor General
    Counsel of Record*
KENNETH A. BLANCO
  *Acting Assistant Attorney
    General*
THOMAS E. BOOTH
  *Attorney*

  *Department of Justice
  Washington, D.C. 20530-0001
  SupremeCtBriefs@usdoj.gov
  (202) 514-2217*

**CAPITAL CASE**

**QUESTION PRESENTED**

Whether the court of appeals correctly denied petitioner's motion for authorization to file a second or successive motion under 28 U.S.C. 2255 based on petitioner's claim that his convictions for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c), are invalid under *Johnson* v. *United States*, 135 S. Ct. 2551 (2015).

(I)

# TABLE OF CONTENTS

Page

Opinions below ...................................................................1
Jurisdiction .........................................................................1
Statement ............................................................................1
Argument ............................................................................8
Conclusion ........................................................................17

# TABLE OF AUTHORITIES

Cases:

*Berry* v. *United States*, cert. granted, No. 16-71332
  (9th Cir. June 2, 2016) .....................................................13
*Chambers* v. *United States*, 555 U.S. 122 (2009) .................11
*Chance, In re*, 831 F.3d 1335 (11th Cir. 2016) .....................13
*Chapman, In re*, cert. granted, No. 16-246
  (4th Cir. May 3, 2016).......................................................13
*Cheney* v. *United States Dist. Ct. for the D.C.*,
  542 U.S. 367 (2004) ......................................................15, 16
*Felker* v. *Turpin*, 518 U.S. 651 (1996)............................14, 15
*Freeman* v. *United States*, cert. granted, No. 15-3687
  (2d Cir. Jan. 26, 2016).......................................................13
*Johnson* v. *United States*, 135 S. Ct. 2551 (2015)....6, 8, 9, 10
*Republic of Venezuela* v. *Philip Morris, Inc.*,
  287 F.3d 192 (D.C. Cir. 2002) ...............................................16
*Ruiz* v. *United States*, cert. granted, No. 16-1193
  (7th Cir. Feb. 19, 2016) ....................................................13
*Sharpe, In re*, 136 S. Ct. 838 (2016)...................................17
*Turner* v. *United States*, cert. granted, No. 16-1145
  (1st Cir. May 4, 2016) .......................................................13
*Triplett, In re*, 136 S. Ct. 838 (2016) ...................................17
*United States* v. *Cardena*, 842 F.3d 959
  (7th Cir. 2016).......................................................................13
*United States* v. *Castleman*, 134 S. Ct. 1405 (2014)............12

(III)

Cases—Continued: Page

*United States* v. *Evans*, No. 16-4094, 2017 WL
444747 (4th Cir. Feb. 2, 2017) ..............................12

*United States* v. *Hill*, 832 F.3d 135 (2d Cir. 2016) ........12, 13

*United States* v. *McNeal*, 818 F.3d 141 (4th Cir.),
cert. denied, 137 S. Ct. 164 (2016) ......................12

*United States* v. *Mohammed*, 27 F.3d 815 (2d Cir.),
cert. denied, 513 U.S. 975 (1994).........................12

*United States* v. *Moore*, 43 F.3d 568 (11th Cir. 1994),
cert. denied, 516 U.S. 879 (1995), and 519 U.S. 1154
(1997) ........................................................12

*United States* v. *Prickett*, 839 F.3d 697 (8th Cir.
2016), petition for cert. pending, No. 16-7373
(filed Dec. 28, 2016) ......................................13

*United States* v. *Robinson*, 844 F.3d 137 (3d Cir.
2016) .........................................................11

*United States* v. *Taylor*, 814 F.3d 340 (6th Cir. 2016),
petition for cert. pending, No. 16-6392 (filed Oct. 6,
2016) .........................................................13

*United States* v. *Torres-Miguel*, 701 F.3d 165
(4th Cir. 2012).............................................12

*Welch* v. *United States*:
136 S. Ct. 1257 (2016).....................................6
cert. granted, No. 15-6418 (Jan. 8, 2016) .......................17

*Williams, In re*, 136 S. Ct. 870 (2016)...................................17

Constitution, statutes, guidelines and rules:

U.S. Const. Amend. V (Due Process Clause) ........................9
Armed Career Criminal Act of 1984, 18 U.S.C. 924(e).....6, 9
18 U.S.C. 924(e)(1) .........................................6, 9
18 U.S.C. 924(e)(2)(B)(i) .................................11
18 U.S.C. 924(e)(2)(B)(i)-(ii).............................6
18 U.S.C. 924(e)(2)(B)(ii)................................9

V

Statutes, guidelines and rules—Continued: Page

Immigration and Nationality Act, 8 U.S.C. 1101
*et seq.* ..................................................................8

18 U.S.C. 16 .............................................................8

18 U.S.C. 16(b) ...........................8, 10, 11, 13, 14, 16

18 U.S.C. 371 ........................................................1, 3

18 U.S.C. 751 .........................................................5, 11

18 U.S.C. 751(a) ...................................................2, 3

18 U.S.C. 922(g) ........................................................6

18 U.S.C. 922(g)(1).............................................2, 4, 9

18 U.S.C. 922(g)(9).................................................12

18 U.S.C. 924(c).............................................2, 4, 5, 6, 8, 11

18 U.S.C. 924(c)(1)...............................................2, 3

18 U.S.C. 924(c)(1)(A) ...........................................4

18 U.S.C. 924(c)(1)(A)(ii)....................................2, 4

18 U.S.C. 924(c)(2)(B) ...........................................13

18 U.S.C. 924(c)(3) ................................................4

18 U.S.C. 924(c)(3)(A) ..................................4, 11, 12

18 U.S.C. 924(c)(3)(B) ....................................*passim*

18 U.S.C. 924(j)...................................................2, 3

18 U.S.C. 924(j)(1) ................................................4

18 U.S.C. 1111 .......................................................4

18 U.S.C. 2119 ..............................................2, 3, 5, 12

28 U.S.C. 1254(1) ...................................................14

28 U.S.C. 1254(2) ...................................................15

28 U.S.C. 1651(a) ...................................................15

28 U.S.C. 2244(b)(3)(E)...........................................14

28 U.S.C. 2255................................................*passim*

28 U.S.C. 2255(h) ...............................................7, 14

United States Sentencing Guidelines
  § 2L1.2(b)(1)(A)(ii)...............................................12

Rules—Continued:                                    Page
   Sup. Ct. R.:
      Rule 20.1 ..........................................................................16
      Rule 20.4(a) ...............................................................15, 16

# In the Supreme Court of the United States

---

Nos. 16-293 and 16-294

IN RE SHERMAN LAMONT FIELDS, PETITIONER

(CAPITAL CASE)

---

*ON PETITION FOR A WRIT OF HABEAS CORPUS
AND ON PETITION FOR A WRIT OF MANDAMUS
TO THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT*

---

**BRIEF FOR THE UNITED STATES IN OPPOSITION**

---

## OPINIONS BELOW

The opinion of the court of appeals (16-293 Pet. App. 1-3) is reported at 826 F.3d 785. Prior opinions of the court of appeals are reported at 761 F.3d 443 and 483 F.3d 313.

## JURISDICTION

The judgment of the court of appeals was entered on July 17, 2016. The petition for a writ of habeas corpus and the petition for a writ of mandamus were filed on August 24, 2016. The jurisdiction of this Court is invoked under 28 U.S.C. 1651 (Nos. 16-293 and 16-294) and 28 U.S.C. 2241 (No. 16-293).

## STATEMENT

Following a jury trial in the United States District Court for the Western District of Texas, petitioner was convicted of conspiracy to escape and to provide prohibited items to prison inmates, in violation of 18 U.S.C.

(1)

2

371 (Count 1); escape from custody, in violation of 18 U.S.C. 751(a) (Count 2); using and carrying a firearm during and in relation to a crime of violence (escape), causing death, in violation of 18 U.S.C. 924(c)(1) and (j) (Count 3); carjacking, in violation of 18 U.S.C. 2119 (Count 4); using, carrying, and brandishing a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. 924(c)(1)(A)(ii) (Count 5); being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) (Count 6); and possessing a firearm in furtherance of a crime of violence (escape), in violation of 18 U.S.C. 924(c) (Count 7). Indictment 3-13. The district court sentenced petitioner to death on Count 3; 60 months of imprisonment on Counts 1 and 2, and 115 months of imprisonment on Counts 4 and 6, all to run concurrently; a consecutive sentence of 300 months of imprisonment on Count 5; and another consecutive sentence of 300 months of imprisonment on Count 7. Judgment 2. The court of appeals affirmed. 483 F.3d 313. This Court denied a petition for a writ of certiorari. 552 U.S. 1144.

In 2009, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. 2255. The district court denied the motion. 01-cr-00164 Docket entry No. (Docket entry No.) 334 (Sept. 25, 2012). The court of appeals denied petitioner's request for a certificate of appealability (COA). 761 F.3d 443. This Court denied a petition for a writ of certiorari. 135 S. Ct. 2803.

In 2016, petitioner filed a second Section 2255 motion in the district court and a request for the court to stay the motion pending authorization for the filing from the court of appeals. Docket entry Nos. 377 & 378

3

(May 17, 2016). The court of appeals denied authorization for petitioner's second Section 2255 motion. 16-294 Pet. App. 1-3.

1. In September 2001, petitioner was arrested on federal firearms charges and placed in federal custody in the McLennan County Detention Center in Waco, Texas. In November 2001, petitioner bribed a corrections officer, obtained a key to a fire-escape door, and escaped. 483 F.3d at 323.

Petitioner obtained a car and a .32 caliber revolver from a friend. That evening, petitioner visited his ex-girlfriend, Suncerey Coleman, at Hillcrest Hospital in Waco, where she was attending to her newborn baby. After convincing Coleman to leave the hospital, petitioner drove her to Downsville, Texas. There, petitioner and Coleman had sexual intercourse. Petitioner then shot Coleman twice in the head, killing her. 483 F.3d at 323-324.

About two weeks after the murder, petitioner was apprehended, but only after he had committed an armed carjacking and additional firearms offenses. 483 F.3d at 324. Both before and after his re-arrest, petitioner bragged to acquaintances and fellow inmates that he had murdered Coleman. 14-772 U.S. Br. in Opp. 3.

2. A federal grand jury in the Western District of Texas returned an indictment charging petitioner with conspiracy to escape and to provide prohibited items to prison inmates, in violation of 18 U.S.C. 371 (Count 1); escape from custody, in violation of 18 U.S.C. 751(a) (Count 2); using and carrying a firearm during and in relation to a crime of violence (escape), causing death, in violation of 18 U.S.C. 924(c)(1) and (j) (Count 3); carjacking, in violation of 18 U.S.C. 2119 (Count 4); using,

4

carrying, and brandishing a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. 924(c)(1)(A)(ii) (Count 5); being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) (Count 6); and possessing a firearm in furtherance of a crime of violence (escape), in violation of 18 U.S.C. 924(c) (Count 7). Indictment 3-13.

Section 924(c)(1)(A) of Title 18 of the United States Code makes it an offense for a person to use or carry a firearm during and in relation to a "crime of violence" or drug trafficking offense, or to possess a firearm in furtherance of such an offense. Section 924(c)(3) defines a "crime of violence" as a felony offense (A) that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. 924(c)(3)(A) and (B). Section 924(j)(1) provides for a sentence of death or a term of imprisonment up to life for a defendant who causes the death of another person through the use of a firearm during the course of a Section 924(c) violation, where the killing is murder as defined by 18 U.S.C. 1111.

Count 3 of the indictment charged petitioner with causing the murder of Coleman in the course of a Section 924(c) violation. Indictment 8-9. The indictment alleged that petitioner (a) used and carried a firearm during and in relation to the escape conspiracy alleged in Count 1 and murdered Coleman with a firearm during the course of that crime; (b) used and carried a firearm during and in relation to the escape alleged in

Count 2 and murdered Coleman with a firearm during the course of that crime "by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation," and (c) used and carried a firearm during and in relation to the escape alleged in Count 2 and murdered Coleman with a firearm during the course of that crime "by shooting her with the firearm during the perpetration of and attempt to perpetrate" a felony escape. *Ibid.*

Counts 5 and 7 of the indictment also alleged violations of Section 924(c). Count 5 alleged that petitioner used and carried a firearm during and in relation to a carjacking, in violation of 18 U.S.C. 2119. Indictment 11. Count 7 alleged that petitioner possessed a firearm in furtherance of an escape, in violation of 18 U.S.C. 751. Indictment 13.

A jury convicted petitioner on all counts. Judgment 1. The district court sentenced petitioner to death on Count 3; 60 months of imprisonment on Counts 1 and 2, and 115 months of imprisonment on Counts 4 and 6, all to run concurrently; a consecutive sentence of 300 months of imprisonment on Count 5; and another consecutive sentence of 300 months of imprisonment on Count 7. *Id.* at 2. The court of appeals affirmed. 483 F.3d at 313. This Court denied a petition for a writ of certiorari. 552 U.S. at 1144.

3. In 2009, petitioner filed a motion under 28 U.S.C. 2255 to vacate, set aside, or correct his sentence raising 49 grounds for relief. Docket entry Nos. 297 & 298 (Jan. 14, 2009). The district court denied petitioner's motion. Docket entry No. 334. The court of appeals declined to issue a COA. 761 F.3d at 443. This Court denied certiorari. 135 S. Ct. at 2803.

6

4. a. The Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. 924(e), imposes a sentence of 15 years to life imprisonment on any person who possesses a firearm in violation of 18 U.S.C. 922(g) and who has at least three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year * * * that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(i)-(ii). The second half of Subsection (ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the residual clause.

On June 26, 2015, this Court held in *Johnson* v. *United States*, 135 S. Ct. 2551, that the residual clause of the ACCA's definition of violent felony is void for vagueness. *Id.* at 2557. On April 18, 2016, this Court held in *Welch* v. *United States*, 136 S. Ct. 1257, that *Johnson*'s holding is a substantive rule that applies retroactively to prisoners seeking collateral relief for ACCA sentences. *Id.* at 1265.

b. On May 18, 2016, petitioner moved for authorization from the court of appeals to file a second Section 2255 motion in district court. He contended that his convictions and sentences under 18 U.S.C. 924(c) (Counts 3, 5, and 7) must be vacated because the definition of "crime of violence" in Section 924(c)(3)(B) is unconstitutionally vague under the Court's decision in *Johnson*.

5. The court of appeals denied authorization for petitioner's second Section 2255 motion. 16-293 Pet. App. 1-3. The court explained that authorization for a second or successive Section 2255 motion may not be granted unless the prisoner makes a *prima facie* showing that his motion contains either newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 1 (quoting 28 U.S.C. 2255(h)).

The court of appeals acknowledged that *Johnson* announced a new rule of constitutional law that had been made retroactive to cases on collateral review by the Supreme Court. 16-293 Pet. App. 2. The court of appeals explained, however, that *Johnson* did not address the "differently worded 'crime of violence' definition" in Section 924(c)(3)(B). *Ibid.* The court noted that "courts of appeals are split on whether to grant permission to file a successive [Section] 2255 petition based on the argument that *Johnson* applies to [S]ection 924(c)(3)(B)." *Id.* at 2-3 (citing cases). "This disagreement among lower court judges," the court explained, "demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to [S]ection 924(c)(3)(B)." *Id.* at 3. And "even if *Johnson* does apply to that provision," the court of appeals explained, "the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review." *Ibid.*

6. On September 29, 2016, the Court granted certiorari in *Lynch* v. *Dimaya*, No. 15-1498 (argued Jan. 17,

8

2017), which presents the question whether the definition of "crime of violence" in 18 U.S.C. 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, see 8 U.S.C. 1101 *et seq.*, is unconstitutionally vague. The definition of "crime of violence" in Section 16(b) is worded in a materially identical manner to the definition of "crime of violence" in Section 924(c)(3).[1]

## ARGUMENT

Petitioner seeks review of the court of appeals' denial of his request for authorization to file a second Section 2255 motion raising a vagueness challenge to his Section 924(c) convictions based on *Johnson* v. *United States*, 135 S. Ct. 2551 (2015). Although the courts of appeals are divided on whether second or successive Section 2255 motions raising such claims should be authorized, and although the courts of appeals are now further divided on the merits of such a claim, this Court should not resolve those questions by granting a petition for an original writ of habeas corpus or a petition for a writ of mandamus. If this Court's decision in *Lynch* v. *Dimaya*, No. 15-1498 (argued Jan. 17, 2017), leaves open the question whether Section 924(c)(3)(B) is unconstitutionally vague, the Court will have oppor-

---

[1] 18 U.S.C. 16 defines a crime of violence as:

(a) an offense that has as an element the use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

tunities to resolve that question through a more traditional vehicle. The relief petitioner seeks is extraordinary, and he has not demonstrated that he is entitled to such relief.

1. a. In *Johnson*, the Court held that one part of the ACCA's definition of "violent felony," 18 U.S.C. 924(e), is unconstitutionally vague. Under the ACCA, a defendant convicted of being a felon in possession of a firearm, see 18 U.S.C. 922(g)(1), who has three or more convictions for a "violent felony" or "serious drug offense" is subject to a minimum sentence of 15 years of imprisonment. 18 U.S.C. 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year * * * that * * * is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(ii). This Court had previously construed the so-called "residual clause" of that definition (*i.e.*, the clause beginning with "otherwise") to require a court to determine whether the "ordinary case" of a given predicate offense presents the requisite risk of injury, as opposed to whether the defendant's particular conduct underlying his conviction entailed such a risk. *Johnson*, 135 S. Ct. at 2557.

*Johnson* held that the ACCA's residual clause violates the Due Process Clause's "prohibition of vagueness in criminal statutes" because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2556-2557. The Court concluded that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, the clause requires courts

not only to discern the "ordinary case" of the offense and determine whether "physical acts that make up the crime will injure someone," but also to evaluate the risk that injury might occur *after* the commission of the offense—a "speculative" inquiry that is "detached from statutory elements," *id.* at 2557-2558, and could encompass injury "remote from the criminal act," *id.* at 2559. Second, the Court explained, the residual clause is unclear about what level of risk qualifies as a "serious potential risk," especially because the word "otherwise" indicates that the level of risk must be interpreted in light of the four preceding enumerated offenses, which are "far from clear in respect to the degree of risk each poses." *Id.* at 2558 (emphasis and citation omitted). The Court then "confirm[ed] [the residual clause's] hopeless indeterminacy" by pointing to its own "repeated attempts and repeated failures to craft a principled and objective standard" over the course of five cases, *ibid.*, and the "numerous splits among the lower federal courts, where [the clause] has proved nearly impossible to apply consistently," *id.* at 2560 (citation and internal quotation marks omitted).

b. Petitioner contends (16-293 Pet. 8-14) that Section 924(c)(3)(B) is "essentially the same" as the residual clause of the ACCA's definition of "violent felony" that was found to be unconstitutionally vague in *Johnson* in that both statutes require a court to conduct an "ordinary case" analysis to assess the level of risk involved. For the reasons that are described in detail in the government's brief in *Dimaya* with respect to Section 16(b), the relevant language is distinguishable from the ACCA's residual clause and it is not unconstitutionally vague. See U.S. Br. at 28-52, *Dimaya*, *supra*

11

(No. 15-1498). In addition, Section 924(c)(3)(B) operates in a fashion that might narrow the scope of the statute in a way that eliminates vagueness concerns, even if the Section 16(b) language standing alone were vague. *Id.* at 53 n.11 (explaining that Section 924(c) could be distinguished from Section 16(b) on the grounds that conviction under Section 924(c) requires a specified nexus to the use, carrying, or possession of a firearm, which serves to narrow the scope of the statute and eliminate vagueness concerns); see also *United States* v. *Robinson*, 844 F.3d 137, 140-141 (3d Cir. 2016) (noting potential distinction between Section 924(c) and Section 16(b)-like language as applied to a prior conviction in vagueness analysis).

c. But even assuming that Section 924(c)(3)(B) were unconstitutionally vague, petitioner's carjacking conviction (Count 5), for which he received a sentence of 300 months of imprisonment to run consecutively with his prison sentences for Counts 1, 2, 4, and 6, would still qualify as a crime of violence under the elements clause of the definition of "crime of violence" in Section 924(c)(3)(A) ("crime of violence" includes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").[2]

---

[2]  If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of a court order, see 18 U.S.C. 751, would not qualify as a crime of violence under Section 924(c)(3)(A). Cf. *Chambers* v. *United States*, 555 U.S. 122, 127-128 (2009) (failure to report under Illinois law is not a violent felony under the elements clause of 18 U.S.C. 924(e)(2)(B)(i)). Accordingly, petitioner's sole capital conviction (Count 3) would be invalid, along with his conviction for possessing a firearm in furtherance of an escape (Count 7), for which he received a 300-month sentence that runs consecutively with his other prison sentences. See p. 5, *supra*.

The federal carjacking statute penalizes whoever "with the intent to cause death or serious bodily harm takes a motor vehicle  *  *  *  from the person or presence of another by force and violence or by intimidation."  18 U.S.C. 2119.  Three courts of appeals have held that Section 2119 qualifies as a crime of violence under the elements clause of Section 924(c)(3)(A).  See *United States* v. *Evans*, No. 16-4094, 2017 WL 444747 (4th Cir. Feb. 2, 2017), slip op. 11-12; *United States* v. *Moore*, 43 F.3d 568, 572-573 (11th Cir. 1994), cert. denied, 516 U.S. 879 (1995), and 519 U.S. 1154 (1997); *United States* v. *Mohammed*, 27 F.3d 815, 819 (2d Cir.), cert. denied, 513 U.S. 975 (1994).  Moreover, a taking by "intimidation" involves the threatened use of force.  See *United States* v. *McNeal*, 818 F.3d 141, 153 (4th Cir.) (bank robbery), cert. denied, 137 S. Ct. 164 (2016).

Petitioner's reliance (16-293 Pet. 17-18) on *United States* v. *Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), and related cases is misplaced.  In *Torres-Miguel*, the Fourth Circuit held that a state crime of threatening to commit a crime that would result in death or great bodily harm did not qualify as a "crime of violence" under the elements clause of Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) because causing bodily injury does not necessarily require the use of physical force.  701 F.3d at 168-170.  But in *United States* v. *Castleman*, 134 S. Ct. 1405 (2014), this Court held that a statute that made it a crime to intentionally or knowingly cause bodily injury "necessarily involves the use of physical force" for purposes of 18 U.S.C. 922(g)(9).  134 S. Ct. at 1414-1415.  *Castleman*'s reasoning that causation of bodily injury involves the "use" of force abrogates the reasoning of *Torres-Miguel*.  See, *e.g.*, *United States* v. *Hill*, 832 F.3d 135, 143-144 (2d Cir. 2016).

13

2. a. Petitioner correctly notes (16-293 Pet. 10-13 & n.1) that the courts of appeals are divided on whether to authorize a second or successive Section 2255 motion that raises a vagueness challenge to Section 924(c)(3)(B) based on *Johnson*. Some courts of appeals have granted such authorization. *E.g.*, *In re Chance*, 831 F.3d 1335 (11th Cir. 2016); *Berry* v. *United States*, No. 16-71332 (9th Cir. June 2, 2016); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016); *Ruiz* v. *United States*, No. 16-1193 (7th Cir. Feb. 19, 2016); *Freeman* v. *United States*, No. 15-3687 (2d Cir. Jan. 26, 2016). The First Circuit, like the court of appeals below, has denied such authorization. *Turner* v. *United States*, No. 16-1145 (May 4, 2016).

Furthermore, since these petitions were filed, a split has developed more directly on the question whether Section 924(c)(3)(B) is unconstitutionally vague. Although some courts of appeals have upheld Section 924(c)(3)(B) against post-*Johnson* vagueness challenges, see *United States* v. *Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016), petition for cert. pending, No. 16-7373 (filed Dec. 28, 2016); *Hill*, 832 F.3d at 145-149; *United States* v. *Taylor*, 814 F.3d 340, 375-379 (6th Cir. 2016), petition for cert. pending, No. 16-6392 (filed Oct. 6, 2016), the Seventh Circuit recently held in a case on direct review that Section 924(c)(2)(B) is unconstitutionally vague in light of the Court's reasoning in *Johnson*, see *United States* v. *Cardena*, 842 F.3d 959, 995-999 (2016).

b. It would be premature, however, for the Court to grant review to address the constitutionality of Section 924(c)(3)(B) because the Court may resolve that question in *Dimaya*. If the Court holds that Section 16(b)

14

is not unconstitutionally vague even under the standards applicable to criminal laws, then the validity of Section 924(c)(3)(B) will be settled as well.

Alternatively, the Court could uphold Section 16(b) in *Dimaya* based on a distinction between the vagueness standards applied in civil and criminal cases, see U.S. Br. at 13-28, *Dimaya, supra* (No. 15-1498), or it could conclude that Section 16(b) is unconstitutionally vague but leave open the possibility that Section 924(c)(3)(B) is not vague (see *id.* at 53 n.11). But if the question remains open after *Dimaya*, the Court should not resolve it by granting a petition for an original writ of habeas corpus or a petition for a writ of mandamus.

At the time *Johnson* was decided, petitioner had already filed a Section 2255 motion challenging his convictions and sentences, so he needed authorization from the court of appeals to file a second Section 2255 motion raising his vagueness claim. See 28 U.S.C. 2255(h). Congress has eliminated statutory certiorari review of denials of authorization to file second or successive collateral attacks under 28 U.S.C. 2244(b)(3)(E), and so petitioner cannot seek certiorari review of the court of appeals' gatekeeping decision. In *Felker* v. *Turpin*, 518 U.S. 651 (1996), this Court rejected various constitutional challenges to Section 2244(b)(3)(E), reasoning that Congress's decision to eliminate certiorari jurisdiction under 28 U.S.C. 1254(1) did not preclude all review in this Court because it did not disturb this Court's authority to entertain petitions for original writs of habeas corpus. See 518 U.S. at 661. Three concurring Justices further noted that Section 2244(b)(3)(E) "does not purport to limit [this Court's] jurisdiction" to review interlocutory orders under 28 U.S.C. 1254(1), to give instructions in response to certified questions

15

from the courts of appeals under 28 U.S.C. 1254(2), or to issue a writ of mandamus under 28 U.S.C. 1651(a). *Felker*, 518 U.S. at 666 (Stevens, J., concurring in the judgment); *id.* at 667 (Souter, J., concurring in the judgment). Petitioner seeks review of the court of appeals' gatekeeping decision through two such petitions—a petition for a writ of habeas corpus and a petition for a writ of mandamus.

In *Cheney* v. *United States District Court for the District of Columbia*, 542 U.S. 367 (2004), this Court held that the extraordinary remedy of mandamus will not issue unless three conditions are met. First, the petitioner must demonstrate that he has "no other adequate means to attain the relief he desires." *Id.* at 380. Second, the petitioner "must satisfy his burden of showing that his right to issuance of the writ is clear and indisputable." *Id.* at 381. Third, "even if the first two prerequisites have been met," the Court, "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Ibid.* Similarly, this Court's Rule 20.4(a) delineates the standards under which the Court will determine whether to grant a petition for an original writ of habeas corpus. First, the habeas petitioner must show "that adequate relief cannot be obtained in any other form or from any other court." Sup. Ct. R. 20.4(a). Second, the habeas petitioner must show that "exceptional circumstances warrant the exercise of the Court's discretionary powers." *Ibid.*

Although petitioner cannot currently obtain the relief he seeks in any other forum, he cannot satisfy the remaining requirements for the extraordinary writs that he seeks. First, petitioner has not shown that his right to the issuance of a writ of mandamus is clear and

16

indisputable. *Cheney*, 542 U.S. at 381. Indeed, some courts have rejected petitioner's claim that Section 924(c)(3)(B) is unconstitutionally vague based on *Johnson*. See p. 13, *supra*; see also, *e.g.*, *Republic of Venezuela* v. *Philip Morris, Inc.*, 287 F.3d 192, 199 (D.C. Cir. 2002) (presence of conflicting decisions on a legal question justified the conclusion that a mandamus petitioner's right to relief was not clear and indisputable). Furthermore, petitioner has not demonstrated the existence of "exceptional circumstances" warranting the exercise of this Court's discretionary power to grant either writ that he seeks. *Cheney*, 542 U.S. at 381 (even where criteria for mandamus are met, the Court, "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances"); Sup. Ct. R. 20.1, 20.4(a). As described above, a conflict exists on the question whether Section 924(c)(3)(B) is unconstitutionally vague. Accordingly, if the question remains open after *Dimaya*, the Court would be able to resolve it through a petition for a writ of certiorari. The availability of traditional methods for this Court's review undercuts petitioner's suggestion (16-293 Pet. 5; 16-294 Pet. 8-9) that exceptional circumstances warrant the exercise of this Court's discretionary power to issue extraordinary writs.

c. Nor should the Court hold these petitions pending its decision in *Dimaya*. Even if the Court were to hold in *Dimaya* that Section 16(b) is unconstitutionally vague and did so in a way that left no question about the vagueness of Section 924(c)(3)(B), the Court should not then grant a petition for an original writ of habeas corpus for petitioner or order the court of appeals to authorize petitioner's second Section 2255 petition

through a writ of mandamus.[3] That is because petitioner could seek authorization to file a second Section 2255 motion raising his vagueness challenge to Section 924(c)(3)(B) based on that new rule of constitutional law.

**CONCLUSION**

The petition for a writ of habeas corpus and the petition for a writ of mandamus should be denied.

Respectfully submitted.

NOEL J. FRANCISCO
  *Acting Solicitor General*
KENNETH A. BLANCO
  *Acting Assistant Attorney*
    *General*
THOMAS E. BOOTH
  *Attorney*

FEBRUARY 2017

---

[3] When the Court granted certiorari in *Welch* v. *United States*, No. 15-6418 (Jan. 8, 2016), to decide whether *Johnson* applied retroactively to cases on collateral review, the Court did not hold any of the original habeas petitions or petitions for writs of mandamus raising the retroactivity question. See *In re Triplett*, mandamus and habeas denied, 136 S. Ct. 838 (Jan. 11, 2016) (Nos. 15-625 & 15-626); *In re Sharp*, habeas denied, 136 S. Ct. 838 (Jan. 11, 2016) (No. 15-646); *In re Williams*, mandamus and habeas denied, 136 S. Ct. 870 (Jan. 11, 2016) (Nos. 15-758 & 15-759).