# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:16-cv-00418-JMS-MJD |
| | ) | |
| v. | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| WARDEN, USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR IMMEDIATE RELIEF IN LIGHT OF *UNITED STATES V. JACKSON*, --- F.3d ---, 2017 WL 3318833 (7th Cir. Aug. 4, 2017)

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

*Attorneys for Petitioner Sherman Lamont Fields*

## INTRODUCTION

Petitioner, Sherman Lamont Fields, through undersigned counsel, hereby moves for immediate relief pursuant to his Amended Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. #16, the "§ 2241 Petition"), in light of the recent decision of the Seventh Circuit Court of Appeals in *United States v. Jackson*, --- F.3d ----, 2017 WL 3318833 (7th Cir. Aug. 4, 2017). In *Jackson*, the Seventh Circuit resolved any lingering doubt that Mr. Fields's convictions under 18 U.S.C. § 924(c) are unconstitutional and invalid, and it made clear that courts in this circuit should not delay in vacating such unconstitutional convictions and their attendant sentences. Because Fields is currently facing execution and is being held in the highly restrictive institutional setting of federal death row based on an unconstitutional federal conviction and death sentence, *see United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) *reh'g en banc denied* (7th Cir. 2017); *United States v. Jenkins,* 849 F.3d 390 (7th Cir. 2017), *reh'g denied* (7th Cir. April 20, 2017), this court should immediately grant him relief from this constitutionally intolerable condition. *Jackson,* 2017 WL 3318833 at *5.

## BACKGROUND

The background of this motion is largely set out in the § 2241 Petition and related briefing (Dkt 16, 21, 25), but a short synopsis of the relevant facts follows here. In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the Supreme Court held that the "residual" clause of the Armed Career Criminal Act ("ACCA")—one of two statutory definitions of "crime of violence" employed by the ACCA—is unconstitutionally vague. The Seventh Circuit subsequently held in *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) *reh'g en banc denied* (7th Cir. 2017), that the materially indistinguishable residual clause found in §

924(c)(3)(B) is unconstitutionally vague under *Johnson*.[1]  Mr. Fields, who is incarcerated on death row at USP-Terre Haute, located in the Southern District of Indiana, filed his § 2241 Petition with this Court, seeking to vacate his convictions on the basis of *Cardena*.  In it, Fields demonstrated that the predicate crimes of escape and carjacking on which his § 924(c) and (j) convictions rest can no longer be deemed "crimes of violence" under § 924(c)(3)(B) (the "residual" clause found unconstitutionally vague in *Cardena*), nor can these predicate crimes be deemed "crimes of violence" under the alternative definition found in § 924(c)(3)(A) (the "force" clause).

In its opposition to the § 2241 Petition, the Government has argued, *inter alia,* that this Court should stay these proceedings because the United States Supreme Court "is considering a similar issue that *could* affect" the Seventh Circuit's decisional law, citing *Sessions v. Dimaya*, No. 15-1498 (U.S.). *See* Doc. #21, Opp. at 11-12 (emphasis added).   In *Jackson*, 2017 WL 3318833 at *5, however, the the Seventh Circuit has acknowledged the possibility that Dimaya could ultimately affect the law in the Seventh Circuit but has nevertheless instructed that it will apply *Cardena* immediately, and grant relief where it is warranted.

## ARGUMENT

The Seventh Circuit's recent decision in *Jackson* makes clear that Fields is entitled to immediate relief from his unconstitutional convictions.  In *Jackson*, the Circuit Court reviewed the appellant's claim that his conviction under § 924(c)(3)(B) for possessing a firearm during a crime of violence—*i.e.,* sex trafficking of a minor—was unconstitutional in light of *Johnson*.  *Jackson,*

---

[1]  In *United States v. Jenkins*, 849 F.3d. 390, 395, the Seventh Circuit also vacated Jenkins' conviction and sentence for a federal kidnapping offense under §924(c), noting that "a 120-month prison sentence for *a non-existent crime* undermines the fairness of the judicial proceedings and cannot stand," satisfying the high burden for reversal under the plain error standard. (emphasis added).

2017 WL 3318833 at *4. The Circuit held that "Jackson's task of persuading us on appeal that § 924(c)(3)(B) is unconstitutional is now a fait accompli.... We have extended *Johnson* to conclude that § 924(c)(3)(B) is unconstitutionally vague." *Id*. (citing *Cardena*, 842 F.3d at 996). The Court then "conclude[d] that, unless we hear differently from the Supreme Court in *Dimaya*, stare decisis and our recent precedents *compel* the conclusion that § 924(c)(3)(B) is unconstitutionally vague," so it vacated the conviction. *Jackson*, 2017 WL 3318833 at *5 (emphasis added).

In light of this decision, Mr. Fields's convictions under § 924(c)(3)(B) should likewise be vacated without delay. His convictions can no longer be supported by §924(c)'s residual clause which the *Jackson* court has now forcefully reaffirmed to be invalid. Moreover, as in *Jackson*, the purported "crimes of violence" underlying Fields's conviction do not satisfy the force clause of § 924(c)(3)(A) because the elements of those crimes do not require the use, attempted use, or threatened use of physical force. *See* § 2241 Petition at 8-11; *Jackson*, 2017 WL 3318833 at *4. The *Jackson* court has made clear that inmates imprisoned unconstitutionally under this statute are entitled to immediate relief.

Immediate relief will remedy the on-going effects of Mr. Fields's constitutionally intolerable conditions of confinement. Mr. Fields is currently incarcerated on death row, locked down 23 out of 24 hours a day, facing the real and terrifying prospect of execution. While vacating his invalid convictions will not result in Mr. Fields's immediate release from confinement, it would remove him from death row and relieve him of the heavy burden of constantly contemplating the imposition of this ultimate punishment. For the reasons set forth in the Mr. Fields's Reply brief (Docket #25 at 6-7), a stay of these proceeding is neither necessary nor appropriate, a point which *Jackson* now confirms. Given that this Circuit has unambiguously determined his capital

4

conviction to be based on a "non-existent" crime, *see Jenkins* at 396, this Court should not permit this unconscionable condition to persist.[2]

**CONCLUSION**

For the reasons set forth above, Sherman Fields respectfully asks this Court to immediately vacate his convictions and sentences for the non-existent § 924(c) crimes for which he was prosecuted, as set forth in his § 2241 Petition, and grant any further relief necessary to effectuate justice.

Respectfully Submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CENTER
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

*Counsel for Sherman Lamont Fields*

---

[2] There can be no doubt that Mr. Fields is entitled to relief from his judgment of conviction and death sentence under *Cardena*, *Jenkins*, and *Jackson* for the federal crime of escape, the elements of which indisputably do not satisfy the force clause. Thus, should this Court entertain concerns that the elements of carjacking may satisfy the force clause, Mr. Fields asks the Court nevertheless to make an immediate determination to vacate the escape conviction, and remove him from death row, while the Court contemplates his conviction for carjacking, a crime for which he is serving a term of years.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of August, 2017, a copy of the foregoing Motion for Immediate Relief in Light of New Authority was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX 76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX 78701
jennifer.freel@usdoj.gov

/s/ Jeffrey Ellis
Jeffrey Ellis