UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 2:16-cv-00418-JMS-MJD |
| | ) | |
| WARDEN, USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE IN OPPOSITION TO FIELDS'S
## MOTION FOR IMMEDIATE RELIEF

Petitioner Sherman Lamont Fields asks this court to release him from death row in light of *United States v. Jackson*, __ F.3d. __, 2017 WL 3318833 (7th Cir. Aug. 4, 2017). In *Jackson,* a case on direct appeal, the Seventh Circuit refused to wait for the United States Supreme Court to decide a case relevant to issue of whether the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague—an issue that has caused a circuit split. This court should deny Fields's request for relief because (1) *Jackson* is not a final decision and the United States is likely to seek further review and (2) *Jackson* does nothing to remedy the fatal flaw in Fields's § 2241 petition—that the Fifth Circuit has already considered and rejected the issues he now raises.

## I. BACKGROUND

A detailed background of Fields's crimes is set out in the United States's response to his § 2241 petition. (*Fields* Docket. No. 21, pp. 2–6). In summary, in 2001, Fields

escaped from federal custody and murdered his former girlfriend, Suncerey Coleman. *United States v. Fields*, 483 F.3d 313, 323 (2007), *cert. denied,* 552 U.S. 1144. Fields was angry with Coleman because she had seen other men while Fields was in custody. *Id.* Fields drove Coleman to a remote area and shot her twice in the head. *Id.* at 324.

Several days after murdering Coleman, Fields approached a woman at a hospital as she was getting out of her car. *Id.* at 324. Fields, brandishing a handgun, grabbed the woman by the throat and demanded that she get back in the car. *Id.* The woman was able to free herself from Fields, who drove away in the woman's car. *Id.*

A jury convicted Fields of seven charges stemming from his escape and the resulting crime spree: conspiring to escape from federal custody, in violation of 18 U.S.C. § 371 (Count 1); escaping from federal custody, in violation of 18 U.S.C. § 751 (Count 2); **using and carrying a firearm during and in relation to his escape from federal custody, resulting in intentional murder, in violation of 18 U.S.C. §§ 924(c)(1) & (j) (Count 3)**; carjacking, in violation of 18 U.S.C. § 2119 (Count 4); **using and carrying a firearm during and in relation to the carjacking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 5)**; possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 6); and **using and carrying a Ruger .22 caliber firearm during and in relation to his escape, in violation of 18 U.S.C. § 924(c)(1) (Count 7)**. *Id.* The counts in bold are the counts at issue in the pending petition. With regard to Count Three, the jury recommended the death penalty, and the district court sentenced Fields to death. *Id.*

### III. PROCEDURAL HISTORY

On direct appeal, the Fifth Circuit affirmed Fields's conviction and sentence. *Id.* at 323. Fields subsequently sought relief under 28 U.S.C. § 2255, which the district court denied in a 137-page order. (*See Fields* Docket No. 21, Appendix A). The Fifth Circuit refused Fields's request for Certificates of Appealability of that decision. *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2803.

In 2016, Fields sought permission to file a second § 2255 petition because of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. 135 S. Ct. at 2563. Fields argued that *Johnson*'s vagueness holding applied to the crime of violence provision in § 924(c)(3)(B), the provision supporting Counts Three, Five, and Seven of his conviction. The Fifth Circuit rejected Fields's request to file a successive § 2255 petition in a published opinion, *In re Fields*, 826 F.3d 785 (5th Cir. 2016). The Supreme Court subsequently denied Fields's request for review of that decision. *In re Fields*, 137 S.Ct. 1326 (Mem.), Nos. 16-293, 16-294 (denied Mar. 20, 2017).

On April 26, 2017, Fields filed an amended § 2241 petition in this court. The amended petition again asserts that *Johnson*'s vagueness holding applies to the crime of violence provision in § 924(c)(3)(B). On May 26, 2017, the United States filed a response in opposition to the amended petition, to which Fields replied on July 17,

2017. Subsequently, on August 24, 2017, Fields filed a motion seeking immediate relief under *Jackson*.

## IV. DISCUSSION

A circuit-split has developed on the question of whether *Johnson* applies to the residual clause set out in § 924(c)(3)(B). The Seventh Circuit is the only circuit to hold it does apply, rendering § 924(c)(3)(B) unconstitutionally vague. *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017), *petition for cert. filed* (U.S. July 19, 2017); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), *petition for cert. filed* (U.S. May 5, 2017). In contrast, the Fifth Circuit, has held *Johnson* does not apply, and § 924(c)(3)(B) remains constitutional. *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *petition for cert. filed* (U.S. July 17, 2017); *United States v. Davis*, 677 F. App'x 933, 936 (5th Cir. 2017), *petition for cert. filed* (U.S. May 3, 2017). The Second, Sixth, Eighth, and Eleventh Circuits reached the same conclusion. *Jackson*, 2017 WL 3318833 at *5 (collecting cases).

The United States Supreme Court is considering a similar issue that could affect this existing circuit split. In *Sessions v. Dimaya*, No. 15-1498, the Supreme Court has been asked whether *Johnson* applies to the residual clause in 18 U.S.C. § 16. *See Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (holding § 16 is unconstitutionally vague). The language of the § 16 residual clause is identical to the residual clause in § 924(c)(3)(B).[1] In the

---

[1] Section 16 states: "The term 'crime of violence' means— . . . . (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

instant case, the United States has asked for a stay pending the outcome of *Dimaya*. (*Fields* Docket No. 21, p.1). The Supreme Court will hear oral argument a second time in *Dimaya* on October 2, 2017. (*See Dimaya*, 15-1498, U.S. Supreme Court Docket).

**A. This court should wait until further review of *Jackson* before considering its application to Fields.**

The Seventh Circuit issued *Jackson* on August 4, 2017. Relying on *Cardena*, the court vacated Jackson's conviction on grounds that § 924(c)(3)(B) is unconstitutionally vague. 2017 WL 3318833 at *5. The Court specifically stated that it would not wait for the Supreme Court's decision in *Dimaya*. *Id.* In doing so, however, the Court expressed less than full confidence in *Cardena*. *Id.* It noted that "*Cardena* reached its conclusion with little discussion" and "acknowledge[d] that the case for distinguishing § 924(c)(3)(B) [from the ACCA's residual clause] is not altogether unconvincing." *Id.*

To date, the Seventh Circuit has not issued the mandate in *Jackson*. The United States has until September 18, 2017 to seek rehearing. (*Jackson*, 15-3693, Docket No. 46). The mandate will issue seven days after the time to file the petition for rehearing expires or the denial of a petition for rehearing. FED. R. APP. P. 41. Moreover, the undersigned has spoken with counsel for the United States in *Jackson* and understands that the government plans to seek further review by the Supreme Court. Tellingly, the United States filed a petition for certiorari in a similar case, *United States v. Jenkins*,

---

Section 924(c)(3)(B) states: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and— . . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

another Seventh Circuit case that applied *Johnson* to § 924(c)(3)(B). *See* 2017 WL 3085280 (petition for certiorari).

In light of these facts, nothing in *Jackson* compels this court to grant Fields immediate relief. The mandate has not issued, and the United States plans to seek further review. Moreover, *Jackson* involved a direct appeal. Fields, by comparison, has already been before the Fifth Circuit on three occasions. *In re Fields*, 826 F.3d 785; *Fields*, 761 F.3d 443; *Fields*, 483 F.3d 313. As such, Fields has already had his day in court; nothing compels this Court to apply *Jackson* at this juncture.

Finally, the nature of the instant disputes calls for Supreme Court guidance to a degree not present in *Jackson*. Fields has been convicted of an offense recognized by the Fifth Circuit—the place of conviction. That same offense, however, is not recognized in the Seventh Circuit—the place of incarceration. The offense at issue involves murder, and Fields's motion for immediate relief in no way suggests he is innocent of that heinous crime. Prudence suggests waiting for guidance on the circuit split from the only Court that can provide it—particularly given that such guidance is forthcoming.

**B. This court should dismiss the *Johnson* claims in Fields's § 2241 petition because the Fifth Circuit already rejected them.**

This court should also deny Fields's request for immediate relief because *Jackson* does nothing to remedy the fatal flaw in Field's § 2241 petition—that it raises issues already rejected by the Fifth Circuit. *See In re Fields*, 826 F.3d at 786. Under the savings clause in 28 U.S.C. § 2255(e), Fields must show "something more than a lack of success with a section 2255 motion." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). He

6

must show that the structure of § 2255 prevented "effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

Because Fields's legal theories regarding *Johnson* were considered by the Fifth Circuit, § 2255 was an adequate and effective vehicle for consideration of his claims. He had an unobstructed procedural opportunity and took advantage of that opportunity. *Garza v. Lappin*, 253 F.3d 918, 992 (7th Cir. 2001) ("The mere fact that [the] petition would be barred as a successive petition under § 2255 . . . is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). Nothing in *Jackson*, a case on direct appeal, alters the fact that the savings clause is not available to Fields. *See* 28 U.S.C. § 2255(e).

In pursuing his § 2241 petition, Fields mistakenly relies on an order from this court in *Robinson v. Lariva*. (*Fields* Docket No. 25, p.5 (citing *Robinson*, 2:15-cv-322-JMS-MJD)). In *Robinson*, the United States responded to a § 2241 petition by stating that this court lacked jurisdiction because Robinson had not pursued the appropriate § 2255 remedy. (*Robinson*, Docket No. 17). After the Fifth Circuit denied Robinson permission to file a successive § 2255 petition, this court informed the parties it would consider Robinson's § 2241 petition. (*Robinson*, Docket No. 22). The United States responded by arguing that Robinson had failed to meet the gatekeeping functions outlined in § 2244(a). (*Robinson*, Docket No. 26, pp. 6–10). This procedural history shows *Robinson*

is not persuasive to the issues in the instant case, as this court has yet to consider how the denial of § 2255 relief affects the gatekeeping function in § 2244(a).[2]

## C. Fields's carjacking offense falls within the "force" clause of § 924(c)(3).

Even if this court applied *Jackson* to Fields's case, it should not vacate Fields's conviction under Count Five. Despite Fields's argument to the contrary, carjacking is a crime of violence under the "force" clause in § 924(c)(3)(A). An offense is committed under the carjacking statute when the defendant "takes a motor vehicle . . . from the person or presence of another . . . by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119.

Although the Seventh Circuit has not addressed this precise issue—particularly after *Johnson*—every court to decide whether carjacking has, as an element, the use, attempted use, or threatened use of force has answered that question in the affirmative. *See United States v. D.J.H.*, 179 F. Supp. 3d 866, 873 (E.D. Wis. 2017) (collecting cases). This includes the Fifth Circuit. *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) (noting that the Fourth and Eleventh Circuits reached the same conclusion), *petition for cert. filed* (U.S. July 21, 2017). Therefore, nothing in *Jackson* requires this court to re-examine Fields's conviction for Count Five.

---

[2] *Robinson* also does not consider the substantive issue Fields raises: whether *Johnson* applies to § 924(c)(3)(B). (*Robinson*, Docket No. 26, pp. 6–10).

## IV.  CONCLUSION

For the foregoing reasons, the Respondent re-urges the court to dismiss Fields's

*Johnson* claims or stay these proceedings pending the outcome of *Sessions v. Dimaya.*

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By    s/ Jennifer S. Freel
Jennifer S. Freel
Special Assistant United States Attorney
Southern District of Indiana
816 Congress Avenue, Suite 1000
Austin, TX 78701
Tel: 512/916-5858
Email: jennifer.freel@usdoj.gov
Texas State Bar No. 24051327

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of September 2017, a true and correct copy of the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participants:

Jeffrey E. Ellis
Oregon Capital Resource Center
621 SW Morrison St.
Suite 1025
Portland, OR 97205
(206) 218-7076
Email: jeffreyerwinellis@gmail.com

Peter J. Isajiw
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
212 556-2235
Fax: 212-556-2222
Email: pisajiw@kslaw.com

In addition, I certify that a copy was mailed, by first class U.S. Mail, postage prepaid and properly address to the following:

Sherman Lamont Fields
Reg. No. 15651-180
Terre Haute U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

 s/ Jennifer S. Freel
JENNIFER S. FREEL
Special Assistant United States Attorney
