**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:16-cv-00418-JMS-MJD |
| | ) | |
| v. | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| WARDEN, USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

**REPLY IN SUPPORT OF MOTION FOR IMMEDIATE RELIEF**

In response to the Petitioner's Motion for Immediate Relief in Light of *United States v. Jackson*, --- F.3d ----, 2017 WL 3318833 (7th Cir. Aug. 4, 2017)("Mot." or "Motion"), the Government invites the Court to ignore the Seventh Circuit's decision not to delay relief for unconstitutional convictions under 18 U.S.C. § 924(c)(3)(B).  The Court should decline this invitation and grant relief to Mr. Fields as required by *Jackson* and the other Seventh Circuit precedent on which *Jackson* relies.

The Government urges this Court to wait a little longer to act, based on the possibility that the Seventh Circuit might rehear *Jackson en banc* and reverse itself.  *See* Response in Opposition to the Motion ("Opp.") at 5.  This suggestion misapprehends the basis of the decision in *Jackson*—that the unconstitutionality § 924(c)(3)(B) is currently the indisputable law of this circuit and should be applied *without delay*.  2017 WL 3318833 at \*5.  The Government provides no rationale as to why the Circuit would make a *sua sponte* change of course, reversing not only *Jackson*, but also *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) and *United States v. Jenkins,* 849 F.3d 390 (7th Cir. 2017), two cases in which rehearing was denied.  Moreover,

the Government's suggestion that this Court await *Dimaya* is entirely unsupported (Opp. at 6), as *Jackson* has already made clear that the pending argument should not impede relief for prisoners convicted under § 924(c)(3)(B).[1]

Having no case for delay, the Government pivots to reargue the "gatekeeping" requirements for § 2241—in essence, using its Response in Opposition to the *instant* motion to file an unauthorized surreply to the § 2241 petition. In particular, the Government improperly raises novel arguments regarding *Robinson*, a case cited and discussed in the § 2241 Petition. *See Opp*. at 7-8 (discussing *Robinson v. Lariva*, 2:15-cv-322-JMS-MJD); § 2241 Petition at 3, 12-13 (citing and discussing *Robinson*). The Government has forfeited these arguments by failing to raise them in a timely and appropriate matter, and the Court should disregard them. *See Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012) (Government forfeited argument in habeas claim by failing to raise it in earlier proceedings); *Porco v. Trustees of Indiana Univ*., 453 F.3d 390, 395 (7th Cir. 2006) (disregarding arguments first raised in reply brief).

In addition to offering its *Robinson* arguments too late, the Government ignores that, in *Robinson*, this Court has *twice* held that, because the Fifth Circuit summarily denied Robinson's attempt to file a successive § 2255 Petition on the *Johnson* issue, he met the jurisdictional threshold for the merits of his § 2241 Petition to be considered. *See Robinson* Docket 22 ("The Court has jurisdiction over petitioner Robinson's claim pursuant to 28 U.S.C. § 2241(c)(3). The United States' contrary contention [dkt 17] is **rejected.** It appears that Robinson's effort in the Fifth Circuit to present a second or successive 28 U.S.C. § 2255 action has been denied.") (emphasis in original); *Robinson* Docket 23 ("Robinson's effort in the Fifth Circuit to present a

---

[1] The Circuit Court's failure to issue a mandate at this time is also not a basis for delay because it is the result of Government's own request for an extension of time to file its petition for rehearing. *See Jackson*, Docket No. 46 (granting extension for petition to September 18, 2017.)

2

second or successive 28 U.S.C. § 2255 action has been rebuffed.").  That is precisely what happened here—by summarily denying Mr. Fields the ability to file a successive petition, the Fifth Circuit rendered § 2255 an inadequate and ineffective means for him to challenge the constitutionality of his conviction and death sentence pursuant to 18 U.S.C. § 924(c)(3)(B).

Finally, the Government's characterization that this motion "in no way suggests he is innocent" of the crime for which he is awaiting execution misapprehends the fundamental basis of this motion, as well as the related portions of his § 2241 motion, and is wrong for two reasons. First, the pleading written by Mr. Fields and incorporated in counsel's filing presents a compelling case of innocence which the Government has completely failed to rebut.  Second, Mr. Fields cannot be guilty of violating an unconstitutional statute.

## CONCLUSION

For the reasons set forth above and in his Brief, Sherman Fields respectfully asks this Court to immediately vacate his convictions and sentences for the non-existent § 924(c) crimes for which he was prosecuted, as set forth in his § 2241 Petition.

Respectfully Submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CENTER
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
JeffreyErwinEllis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
pisajiw@kslaw.com

*Counsel for Sherman Lamont Fields*

DMSLIBRARY01\31076618.v6

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of September 2017, a copy of the foregoing Motion for Immediate Relief in Light of New Authority was served via the CM/ECF electronic filing system upon:

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2462
Fax: (317) 226-6125
Email: bob.wood@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX  78701
Email: jennifer.freel@usdoj.gov


/s/ Jeffrey Ellis
Jeffrey Ellis

4

DMSLIBRARY01\31076618.v6