UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHERMAN LAMONT FIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     No. 2:16-cv-00418-JMS-MJD |
| | ) |
| WARDEN USP TERRE HAUTE, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion for Immediate Relief and Directing Further Proceedings**

The petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 challenging his death sentence imposed after being convicted of violating 18 U.S.C. § 924(c) in the United States District Court for the Western District of Texas. Presently pending is the petitioner's motion for immediate relief in light of the Seventh Circuit's recent decision in *United States v. Jackson*, 865 F.3d 946 (7th Cir. 2017). The respondent opposes the petitioner's motion.

In *Jackson*, the Seventh Circuit extended the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), to hold that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague. Before *Jackson* was decided, the Supreme Court granted certiorari in a case that presents the question of whether an identical provision in 18 U.S.C. § 16(b) is unconstitutionally vague. *See Sessions v. Dimaya*, No. 15-1498. The Seventh Circuit recognized in *Jackson* that, "[g]iven the obvious parallels between § 16(b) and § 924(c)(3)(B), if the [Supreme] Court overruled *Dimaya*, our holding [that the residual clause of § 924(c) is unconstitutionally vague] would likewise be undermined." 865 F.3d at 953.

The petitioner argues that the Court should grant immediate relief in this action even though the Supreme Court's decision in *Dimaya* could undermine the legal basis for granting relief.

He contends that the Seventh Circuit granted relief in *Jackson* even though *Dimaya* is pending, and this Court should follow suit. The Court disagrees that this is the best course. Although the petitioner's argument is may ultimately have merit, the Court concludes—as it has done in other pending § 2241 litigation raising the exact claim at issue here—that this action should be resolved after the Supreme Court's resolution of *Dimaya*.

Accordingly, the petitioner's motion for immediate relief, dkt. [27], is **denied**. The petitioner must file a brief regarding how the Supreme Court's decision in *Dimaya* impacts the issue in this case by **no later than twenty-eight days** after *Dimaya* is decided. The respondent has **fourteen days** after the petitioner's brief is filed to file a response.

**IT IS SO ORDERED.**

Date: 10/2/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey E. Ellis
LAW OFFICE OF ALSEPT & ELLIS
jeffreyerwinellis@gmail.com

Jennifer Freel
UNITED STATES ATTORNEY'S OFFICE
jennifer.freel@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov