UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

OCT 2 5 2017

**U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA**

SHERMAN LAMONT FIELDS )

          Petitioner, )

)    Case No. 2:16-cv-00418-JMS-MJD

)

v.                   )    THIS IS A CAPITAL CASE

)

)

WARDEN, USP TERRE HAUTE, )

          Respondent. )

MOTION FOR IMMEDIATE RELIEF IN LIGHT OF PREEXISTING PRECEDENT(S): (i.e) KUHLMAN V. WILSON, 477 U.S. at 454 & n.17, 106 S.Ct. at 2627 & n.17 " Petitioner have established a " colorable showing of innocence "; MOONEY V. HOLOHAN, 294 U.S. 103, 113 (1935) " Holding that where defendant asserted his innocence and a wrongful conviction due to perjured testimony and improperly suppressed evidence, habeas Courts must hear the claim."; In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) " Court can use its supervisory power if it finds that a party acted in bad faith."; United States v. Ornelas-Rodriguez, 12 F.3d 1339, 1349 (5th Cir. 1994); Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369, 101 L.ed. 2d 228 (1988) " Courts can use/ exercise supervisory power to "deter further illegal conduct." ( The underlying purposes of the Court(s) inherent Supervisory powers include (1) remedying a violation of a recognized right, and (2) preserving judicial integrity by insuring that the conviction rests on appropriate evidence validly before the jury.); Sawyer v. Whitley, 505 US 333, 120 L.Ed .2d 269, 112 S.Ct. 2514 (1992) " Failure to grant relief will result in a fundamental miscarriage of Justice."; Gardens v. Stephens, Sup. Ct. #13-546 (2013) cert. pending (5th Cir. 8/2/13) " Due Process of law prohibits the conviction of either a legally and/or factually innocent person."; In re Davis , No. CV 409-130 (8/24/10) " The lowest degree of confidence in a jury verdict would presumably occur when the jury has heard a corrupted body of evidence."; Caperton v. A.T. Massey Coal Inc., __U.S.__129 S.Ct. 2252, 2259, 173 L.Ed. 2d 1208 (U.S. 2009)(internal citation omitted) " A fair trial in a fair tribunal is a basic requirement of due process."; Tumey v. Ohio, 273 U.S., at 532, 523, 47 S.Ct. 437, 71 L.Ed. 749 " [E]very procedure which might lead the Judge not to hold the balance nice, clear and true between the

1

State and the accused denies the latter due process of law."; Jones v. United States, 144 L.Ed. 2d 370, 527 U.S. 373 and Furman v. Georgia, 408 U.S. 238, 33 L.Ed. 2d 346, 92 S.Ct. 2726. " Sentence of Death imposed under the influence of passion, prejudice, or any other arbitrary factor must fail."; Sawyer v. Collins, 986 F.2d 1493, 1497 (5th Cir. 1993), citing Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed. 2d 1090 (1983) " The prosecution violated their duty of honesty to the Courts."; Neder v. United States, 527 U.S.1, 25,119 S.Ct. 1827, 1841, 144 L.Ed. 2d 35 (1999)); Langford v. Rite Aid of Ala. Inc., 231 F.3d 1308, 1312 (11th Cir. 2000) " Intent to defraud need not be shown through active misrepresentation, material omissions can be fraudulent if they are intended to create a false impression."; Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) " A scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts... reasonably calculated to deceive."; Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 88 L.Ed 1250, 64 S.Ct. 997 (1944) " Some elements of the inherent Authority are so essential to the "Judicial power", U.S. Const., Art. III, § 1, that they are indefensible..."; Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) " When the prosecutor withholds or suppress evidence which is favorable and material to the defense the conviction must fail."; Duest v. Singletary, 967 F.2d 472, 482 (11th Cir. 1992), vacated on other grounds, 507 U.S. 113 S.Ct. 1940, 123 L.Ed. 2d 647 (1993) " The evidence that the jury was permitted to hear was impermissible, materially inaccurate, and demonstrably false."; Napue v. Illinois, 360 U.S. 264, 269, 3 L.Ed. 2d 1217, 79 S.Ct. 1173 (1959) " A conviction obtained through the use of false evidence, known to be false by representatives of the State, must fail under the Fourteenth Amendment; The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected."; Kyles v. Whitley, 514 U.S. 419, 435, 131 L.Ed. 2d 490, 115 S.Ct. 1555 (1995) " the knowing use of perjured testimony constitutes a due process violation."; United States v. Agurs, 472, U.S. 97, 103, 49 L.Ed. 2d 342, 96 S.Ct. 2392 (1976) " The Supreme Court has repeatedly held that a conviction obtained by and through the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the testimony could have affected the Judgement of the jury."; United States v. Bell, 367 F.3d 452, 471 (5th Cir. 2004), citing Derden v. McNeel, 978 F.2d 1453, 1457 (5th Cir. 1992)(en banc) "Constitutional errors so fatally infected the trial it violated fundamental fairness."; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) " Once it is established that a person is a member of a Conspiracy, any act by a CoConspirator in furtherance of the Conspiraacy is attributable to him."; 18 U.S.C. § 373(a) The prosecution Solicited the murder of the Plaintiff via lethal injection; 18 U.S.C. § 371

" The prosecution engaged in a criminal conspiracy to frame the plaintiff for the crime(s) of conviction and to convict and murder the Plaintiff via lethal injection."; 18 U.S.C. § 1621 " Witnesses for the prosecution committed perjury as an overt act to the criminal conspiracy."; 18 U.S.C. 1622 " The prosecution suborned said perjury as an overt act to the criminal conspiracy."; 18 U.S.C.S. § 4 " Prosecutors trying to defend the indefensible have ignored the fact that crime(s) against the plaintiff have been, and still are being committed."; Walberg v. Israel, 766 F.2d 1071, 1078 (7th Cir.)(Posner J.), cert. denied, 474 U.S. 1031 (1985) " By the Protection of the law human rights are secured, withdraw that protection and we are at the mercy of wicked rulers, or the clamors of an excited people."

---

## INTRODUCTION

Petitioner, Sherman Lamont Fields hereby moves for immediate relief pursuant to his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 in light of the abovementioned precedent. The cases sighted above resolves any lingering doubt that Mr. Fields's conviction's and Death sentence is Unconstitutional and any delay will only result in more harm being done to the Plaintiff. Because Mr. Fields is currently facing execution and is being held on Federal Death Row although the evidence submitted in his § 2241 proves not only that he was framed for the crime(s) of conviction, but that Mr. Fields is indeed actually and factually innocent this Court should immediately grant him relief from the continued violations of his Constitutional rights.

## BACKGROUND

The background of this motion is largely set out in the § 2241 Petition and related briefing at 2:16-cv-00418-JMS-MJD, but a short synopsis of the relevant facts follows here: The evidence that Mr. Fields presented to this Court in his § 2241 show that the victim in this case, Ms. Suncerey "Shining Star" Coleman and a Ms. Shalaykea "Lakie" Scroggings  started having problems with each other when Mr. Fields started dating both women.
Four months prior to Coleman's murder Scroggings wrote two letters expounding upon her obsession for Mr. Fields, Scroggings expressed her ire in losing Mr. Fields to Ms. Coleman once and vowed " I let it happen once, I won't let it happen again " and if she were to lose Mr. Fields again, she would be " Killing bitches!"
Then a week before the Murder Ms. Scroggings accosted the victim in a very heated altercation that almost turned physical.

Then the day before the murder Mr. Fields and the victim Ms. Coleman called the phone company together where Ms. Coleman and Mr. Fields informed the phone company that Ms. Scroggings illegally got a phone turned on in Mr. Fields' name. Ms. Coleman also told the phone company that Scroggings was calling her house threatening her.

On or about November 6, 2001 the day after the aforementioned Ms. Coleman was murdered, the forensics expert said that it's possible that she was shot with two different guns.

After the murder Scroggings and an Edward Lee "Treyboy" Outley both gave several different alibi's for the time of the murder and they conspired with each other to hide the Gold Jaguar (car) that they were in on the night of the murder so the car wouldn't be subjected to forensics testing.

Outley then wrote his best friend Christian "Chae or Shay" Walker a letter telling Walker to lie and say that he gave him a gun to give to Fields. Walker didn't know what kind of gun it was so Sheriff detective Morris "Bubba" Colyer coached Walker and told him what kind of gun it was. Walker then claimed that he gave Outley the gun for "protection".

Because Fields had walked away from a Federal jail earlier that day and because of Fields' perceived "reputation" in Waco, Texas police and prosecutors were intent on making Fields the culprit of Ms. Coleman's murder. First they went to the Grand Jury where Prosecutor Gregg Gloff procured Sheriff Detective Johnny Spillman and U.S. Marshal Chris Casson to lie and say that Tanesha Hilliard, the victim's cousin whom was with her, said that Fields became "angry" and "irate" when he came into contact with the victim. Yet they all knew that they were lying to the Grand Jury, Tanesha Hilliard had always maintained that Fields was never angry and as a matter of fact Fields and the victim, Ms. Coleman were " hugging and kissing ".

The car that Mr. Fields was driving that night was tested in the forensics lab. ( See forensics report, App. 1 ). The prosecution procured Sheriff Detective Morris "Bubba" Colyer to lie and say that there was no blood found in the car because the car looked "detailed" or " wiped down ". However the forensics report show that the car was not clean and the governments real forensics expert testified that had the car been "detailed" or "wiped down" they still have technology that would have found blood if it was ever there. ( Note:) Detective Morris "Bubba" Colyer, the detective that lied and said that the car looked "detailed" or "wiped down" isn't even a forensics expert.)

Fields called a Mr. Lutrill payne to the stand to verify that Outley and Scroggings was in his GOLD Jaguar on the night of the murder and not a BLUE Jaguar like they both claimed and the prosecution tried to make the jury believe that Outley and Scroggings was in a BLUE Jaguar that the prosecutor knew didn't even exist.

4

A Tammy Edwards took advantage of Mr. Fields' unfortunate situation and claimed that Fields jacked her car so she could sue Civigenics, the company over the jail that Fields walked away from. First Ms. Edwards said that she didn't know who the black male was that allegedly took her car, but two years later she said that she "knew it was Fields" the moment she saw him. Then she said " Oh, he shot at me too." She then lied and said that the incident caused her so much distress she couldn't even work, yet her job reports show that she flourished at her job during that time frame. Mrs. Edwards is married to a guy that robbed and killed an elderly lady and pled guilty to a Life sentence to avoid the Death penalty and she was still going to visit him on a regular basis at the time. Mrs. Edwards said that her last relationship was with a guy named Chris, but she couldn't "remember his last name" . And coincidentally her car was found at or near Edward Lee Outley's best friend Chris Walker's apartment complex.

The prosecutor procured a Detective Steve January to lie and say that there were no fingerprints in the alleged carjacking vehicle "this thing was clean" (See App. 2 ). However there's a forensics report that state that there were indeed fingerprints in the car. ( See App. 3 ). Those prints were checked against Fields' prints and there was no match. ( See App. 4 ).

The only physical evidence in Fields' conviction(s) exonerate Fields and no jury have ever saw that evidence. There is also pictures that will prove that the car that Fields was in on the night of the murder was not "detailed" or "wiped down" like the prosecution misled and defrauded the jury to believe. ( See bottom of forensics report in App.1 ). Yet in the governments response to Fields' § 2241 the prosecution set out to defraud this Court as well at page 15; The government claim that there are no pictures and it's just "conjecture" on Mr. Fields' behalf. However their own forensics report contradicts them and not only proves that they violated Mr. Fields due process rights and the scriptures of Brady v. Maryland, but they either knowingly or unintentionally asserted themselves into the prosecutors Conspiracy down in waco, Texas and Aided and Abetted them. They are also committing the criminal act of Misprision of felony. Because of the aforementioned and all of the other evidence in Fields § 2241 this Court should reverse and vacate Fields' conviction(s) and Death Sentence Immediately.


## ARGUMENT


This argument was supposed to prevail on § 2255 " Great writs basic objectives "include" protecting the innocent against erroneous conviction." Dretke v. Haley 541 U.S. 386, 398-99 (2004) (Stevens J., dissenting ) " Habeas Corpus is, and has

for centuries been a 'bulwark against convictions that violate fundamental fairness." Bousley v. United States, 523 U.S. 614, 620 (1998) " One of the principal functions of habeas Corpus [is] " to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." O'Neal v. McAninch, 513 U.S. 432, 442 (1995) " basic purposes underlying the writ of habeas corpus " include curing " error of constitutional dimension-the sort that risks an unreliable trial outcome and the subsequent conviction of an innocent person." Schlup v. Delo, 513 U.S. 298, 314-16, 130 L.Ed. 2d 808, 115 S.Ct. 851 (1995) " The individual interest in avoiding injustice is most compelling in the context of Actual Innocence. The quintessential miscarriage of Justice is the execution of a person who is innocent. Indeed, concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system." (footnote omitted; citing numerous authorities); Id. at 326 ("paramount importance of avoiding the injustice of executing one who is actually innocent.") Id. at 326 n. 42 (" fundamental injustice would result from the erroneous conviction and execution of an innocent person.") For those reason Fields' conviction(s) and Death Sentence should have been reversed and vacated already.

However the trial Judge, Walter Smith and 5th Circuit appealate Judge Edith Jones were both effectively bias and illegally and Unconstitutionally hindered Fields from filing the issues that he wanted and needed to file and then illegally and Unconstitutionally denied Fields' appeals. The Due Process Clause may sometimes demand recusal even when a judge " [h]as no actual bias." Aetna Life Ins. Co. v. Lavoia, 475 U.S. 813, 825 (1986). Yet Judge Smith and Judge Jones did indeed have a bias(s) that harmed Fields. See Fields § 2241. Recusal is required when, objectively speaking, " the probability of actual bias on the part of the Judge or decisionmaker is too high to be Constitutionally tolerable." Withrow v. larkin, 421 U.S. 35, 47 (1975); See Williams v. Pennsylvania, 579 U.S. __,__(2016) ( the Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.") In the case of judge Smith he refused to assist in an investigation where his friend, Mr. Johnston was being investigated by the Justice department for withholding evidence in another case. Thus it's obvious that Judge Smith would favor his friend in Fields case, whom at the time was the attorney for the victims family.

And as for Judge Edith Jones, she said that no one is innocent and black males commit most violent crimes. Fields is both innocent and black. The denial of Fields' appeals without allowing for an evidentiary hearing to present most importantly the fact(s) that there are fingerprints and photographs that exonerate Mr. Fields undoubtedly proves that both Judges were effectively bias.

Furthermore, no one is above the law, not even the prosecution. There is no doubt that the crimes presented by Mr. Fields here and in his section § 2241 were committed by the prosecution. Perjury, suborning perjury, conspiracy, solicitation of murder and Misprision of felony and fraud on the Courts, all in violation of the United States Constitution and this Court should not permit this unconscionable condition to persist.

## CONCLUSION

For the reasons set forth above, Sherman Fields respectfully asks this Court to immediately vacate his conviction(s) and sentences for which he was prosecuted and grant any further relief necessary to effectuate justice.

Respectfully Submitted

Sherman Lamont Fields ( Pro Se )
#15651-180
USP Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

There can be no doubt that Mr. Fields is entitled to relief from his Judgment of convictions and Death Sentence under the abovementioned precedent. Thus Fields asks this Court to make an immediate determination to vacate his conviction(s) and Death Sentence and order his immediate release.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of October, 2017 a copy of the foregoing Motion for Immediate Relief in light of Existing Precedent was served via United States Postal Service.

Jennifer Sheffield Freel
United States Attorney
Western District Of Texas
816 Congress Avenue
Suite 1000
Austin, Texas 78701
jennifer.freel@usdoj.gov

James R. Wood
Assistant U.S. Attorney
Office of the U.S. Attorney
10 W. Market St.
Suite 2100
Indianapolis, Indiana
        46204-3048
Bob.Wood@usdoj.gov

Sherman Lamont Fields