UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:16-cv-00418-JMS-MJD |
| | ) | |
| v. | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| WARDEN, USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS,
REGARDING THE SUPREME COURT'S HOLDING IN *SESSIONS v. DIMAYA*** 

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
(503) 222-9830
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

*Attorneys for Petitioner Sherman Lamont Fields*

On October 26, 2016, petitioner Sherman Fields filed a habeas action, pursuant to 28 U.S.C. § 2241, which is currently pending before this Court. (Dkt. 1) This action challenges three of Mr. Fields' convictions pursuant to 18 U.S.C. § 924(c), a provision of federal law that criminalizes and punishes the act of using or carrying a firearm in relation to a "crime of violence." Mr. Fields was sentenced to terms of years for two of these convictions (related to carjacking), and to death for one of them (related to escape).

On October 2, 2017, this Court ordered Mr. Fields to submit supplemental briefing within twenty-eight days of the United States Supreme Court rendering a decision in *Sessions v. Dimaya*, No. 15-1498, a case concerning the constitutionality of 18 U.S.C. §16(b), which is identical to § 924(c)(3), the statutory provision pursuant to which Mr. Fields was convicted and sentenced to death. (Dkt. 33.) On April 17, 2018, the Supreme Court affirmed the Ninth Circuit Court of Appeals decision in *Dimaya*, which had held that the residual clause of 18 U.S.C. §16(b) is unconstitutionally vague. *Sessions v. Dimaya,* ___ U.S.__, 138 S. Ct. 1204, 1223 (2018). Mr. Fields subsequently requested and received a 30 day extension of time until June 14, 2018, to file. (Dkt. 41.) Mr. Fields now files his timely supplemental briefing and explains the significance of the Supreme Court's decision in *Dimaya* to his claims.

**INTRODUCTION**

Section 924(c) defines the term "crime of violence" in two sections: 18 U.S.C. § 924(c)(3)(A), known as the force clause, and 18 U.S.C. § 924(c)(3)(B), known as the residual clause.

In order to qualify as a "crime of violence" under the force clause, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). For all the reasons already provided in Mr.

Fields's § 2241 Motion and his request for immediate relief, escape indisputably fails to qualify as a "crime of violence" under the force clause. (Dkt. 16 at 8-11, Dkt. 27 at 4.)[1]

Moreover, neither escape nor carjacking are "crimes of violence" under the residual clause, which defines a "crime of violence" as one that "by its nature, involves the substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This residual clause in § 924(c)(3)(B) is, without reasonable question, unconstitutionally vague in light of the Supreme Court's decision in *Dimaya* holding that that the *identical* residual clause defining "crime of violence" under 18 U.S.C. § 16(b) is unconstitutionally vague.

### A. The Supreme Court's *Dimaya* Decision, as well as Binding Seventh Circuit Precedent, Requires a Finding that the Residual Clause of § 924(c)(3)(B) is Unconstitutionally Vague.

Even prior to the Supreme Court's decision in *Dimaya* finding the identical language in § 16(b) unconstitutional, the Seventh Circuit Court of Appeals in *United States v. Cardena* had already determined that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague based on *Johnson v. United States* __ U.S. __, 135 S. Ct. 2551 (2015). *Cardena,* 842 F.3d 959, 996 (7th Cir. 2016) *reh'g en banc denied* (7th Cir. 2017). In *Cardena*, the Seventh Circuit held that 18 U.S.C. § 924(c)(3)(B) "is virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague," so "subsection (B) is unconstitutionally vague." *Id*.

The *Dimaya* decision has only reinforced the propriety of the Seventh Circuit's *Cardena* holding. Specifically, in *Dimaya*, the Supreme Court held that § 16(b)'s definition of "crime of

---

[1] Although some courts have found that carjacking is a "crime of violence" under the force clause, as noted in his § 2241 Petition (Dkt. 16 at 11), Mr. Fields believes these courts have failed adequately to consider ways carjacking could be accomplished, as per the elements of the crime, without requiring the use of force, and, therefore, does not concede this point.

3

violence" is unconstitutionally vague in light of its reasoning in *Johnson v. United States*, __ U.S.__, 135 S. Ct. 2551 (2015), which invalidated the definition of "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (requiring that an offense "otherwise involve[s] conduct that presents a serious potential risk of physical injury to another"). *Dimaya*, 138 S. Ct. at 1223. In contrast to the ACCA, Section 16(b) and § 924(c)(B)(3) employ identical—not just "virtually indistinguishable"—language.

Consistent with the rationale of *Cardena*, the *Dimaya* Court found that "a straightforward application of *Johnson* . . . effectively resolved" the case. *Dimaya*, 138 S. Ct. at 1213, 1223. In *Johnson,* the Court singled out two features of ACCA's residual clause that "conspire[d] to make it unconstitutionally vague." 135 S. Ct at 2557.

First, in order to determine the risk of injury described by the statute, the ACCA residual clause "require[d] a court to [apply the categorical approach and] picture the kind of conduct that the crime involves 'in the ordinary case,'" rather than looking at the "real-world facts" in the individual case at hand to determine the risk of injury. *Johnson*, 135 S. Ct. at 2557 (citation omitted). The clause left "grave uncertainty" about how to estimate the risk posed by a crime by asking judges "to imagine how *the idealized ordinary case* of the crime" occurs. *Id.* at 2557-58 (emphasis added). To illustrate its point, the Court asked rhetorically, "How does one go about deciding what the 'ordinary case' of a crime involves? A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?" *Id.* at 2557-58 (internal citation omitted). None of these methods offer any "reliable way" of determining how a crime is ordinarily committed. *Id.* at 2558. Hence, the Supreme Court found that the process of identifying the "ordinary case" creates "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 2557.

Second, compounding that uncertainty, the ACCA's residual clause layered an imprecise "serious potential risk" threshold on top of the requisite "ordinary case" inquiry. The combination of "indeterminacy" created by the ordinary case inquiry and an ill-defined risk threshold resulted in "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

The *Dimaya* Court found that § 16(b) suffers from those same two flaws. Like the ACCA's residual clause, § 16(b) requires the court to identify a crime's "ordinary case" in order to measure the crime's risk, but "[n]othing in § 16(b) helps courts to perform that task, just as nothing in ACCA did." *Dimaya*, 138 S. Ct. at 1215. And the Court found that § 16(b)'s "substantial risk" threshold is no more determinate that the ACCA's "serious potential risk" threshold. *Id.* Thus, the same "[t]wo features" that "conspire[d] to make" the ACCA's residual clause unconstitutionally vague—"the ordinary case requirement and an ill-defined risk threshold"—also conspired to make § 16(b) unconstitutionally void for vagueness. *Id.* at 1216, 1223 (citing *Johnson*, 135 S. Ct. at 2557).

Section 924(c)(3)(B) at issue here is identical to § 16(b), and requires the same categorical ordinary case inquiry and potential risk threshold analysis that *Dimaya* found unconstitutionally vague. *In re Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir 2016) ("[T]he language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other."). Indeed, immediately after the Supreme Court issued its decision in *Dimaya*, the Tenth Circuit, in *United States v. Salas*, 889 F.3d 681, (10th Cir. 2018) found exactly that and struck § 924(c)(3)(B) as unconstitutionally vague.[2] 889 F.3d at 686. Most importantly,

---

[2] Likewise, several district courts, post-*Dimaya,* have already held that § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Meza,* 2018 WL 2048899 at *4 (D. Mont. May 2, 2018); Order*, United States v. Morrison*, Case No. BLG-SPW-04-CR-126 (D. Mont. May 7, 2018); Order, *United States v. Johnson*, Case No. BLG-SPW-11-CR-140 (D. Mont. May 7,

consistent with *Dimaya*, this Court is obliged to follow the dictates of, and precedent established by, the Seventh Circuit in *United States v. Cardena.*

      **B.     In Light of *Dimaya*, the Government Has No Reasonable Basis to Distinguish the Unconstitutional § 16(b) Residual Clause from the § 924(c) Residual Clause.**

In pre-*Dimaya* briefing from other cases, the government has argued that § 924(c)'s residual clause was distinguishable from the ACCA's residual clause for the same four reasons that it argued that § 16(b) was distinguishable in *Dimaya*. Specifically, the government previously argued that § 16(b): (1) requires a risk that force be used *in the course of committing the offense*, which the ACCA does not; (2) focuses on the use of physical *force* rather than physical *injury*; (3) does not contain a confusing list of enumerated crimes; and (4) does not share the ACCA's history of interpretive failures.[3] As the Tenth Circuit now recognized in *Salas*, the Supreme Court explicitly rejected each of these arguments in *Dimaya*. *Salas,* 889 F.3d at 684 (citing *Dimaya*, 1238 S. Ct. at 1218-24).

In some courts around the country, the government has also argued that § 924(c)(3)(B) can be distinguished from § 16(b) because § 924(c) requires a sufficient nexus between the "crime of violence" and the firearm, which narrows the class of offenses that could qualify as "crimes of violence." *See, e.g.*, *Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017), *reh'g en banc granted, opinion vacated*, 889 F.3d 1259 (11th Cir. 2018) ("The required 'nexus' between the § 924(c) firearm offense and the predicate crime of violence makes the crime of violence determination more precise and more predictable."); *United States v. St. Hubert*, 883 F.3d 1319,

---

2018); Order, *Toussaint v. United States*, Case No. 12-CR-00407-CW-1 (N.D. Cal. May 11, 2018); Order, *Evey v. United States*, Case No. SVW-97-CR-00468 (C. D. Cal. May 10, 2018).

[3] Although the government has not yet made these arguments in response Mr. Fields's briefing, given the death sentence at issue in this case, Mr. Fields preemptively considers *Dimaya*'s effect on the arguments the government has previously made in defense of § 924(c) in other cases.

1337 (11th Cir. 2018) (same). After *Dimaya*, that arguments fails because, as the Tenth Circuit explained:

> [T]his firearm requirement simply means that the statute will apply in fewer instances, not that it is any less vague. The required nexus does not change the fact that § 924(c)(3)(B) possesses the same two features that rendered the ACCA's residual clause and § 16(b) unconstitutionally vague: "an ordinary-case requirement and an ill-defined risk threshold." Requiring a sufficient nexus to a firearm does not remedy those two flaws.

*Salas*, 889 F.3d at 685 (quoting *Dimaya*, 138 S. Ct. at 1207)). In short, § 924(c)'s nexus requirement between the firearm and a federal offense does not affect the underlying weakness of § 924(c)'s residual clause: the near impossibility of "deciding what the ordinary case of a given crime looks like." *Dimaya*, 138 S. Ct. at 1232 (J. Gorsuch, concurring). "Because the clause ha[s] both an ordinary case requirement and an ill-defined risk threshold, it necessarily 'devolv[es] into guesswork and intuition,' invite[s] arbitrary enforcement, and fail[s] to provide fair notice." *Dimaya*, 138 S. Ct. at 1223 (quoting *Johnson*, 135 S .Ct. at 2559).

### C. The Government Cannot Reverse Course and Urge a Non-Categorical Approach to Avoid the Unconstitutionality of § 924(c)(3)(B).

Days after the Supreme Court issued its opinion in *Dimaya*, the government filed supplemental briefing in two Seventh Circuit cases pending *certiorari* review before the Supreme Court, both of which, like *Cardena*, holding the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *See United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017) and *United States v. Jackson*, 865 F.3d 946, 952, 956 (7th Cir. 2017). In this briefing, the government argued that, in order to avoid finding § 924(c)(3)(B) unconstitutional, the court should consider applying a *non*-categorical approach to the determination of whether conduct constitutes a crime of violence under the residual clause of § 924(c), noting that "unlike Section 16(b) or the ACCA's

7

residual clause, Section 924(c)(c)(B)'s definition of a 'crime of violence' is never applied to a prior conviction" but instead is used to "describe the conduct involved in the *present* offense with which the defendant is charged." *See*, Supplemental Brief for the United States, *United States v. Jenkins*, No. 17-97, 2018 WL 1942544, at *3-5 (U.S. April 19, 2018); Supplemental Brief for the United States, *United States v. Jackson*, No. 17-651, 2018 WL 1891590, at *3-5 (U.S. April 19, 2018). Essentially, under the government's newly proposed approach, the factfinder would evaluate the facts of the individual case to determine if the description of a "crime of violence" in § 924(c)'s residual clause is met.

After the government's supplemental briefing, the Supreme Court vacated both of these Seventh Circuit opinions—along with a number of other cases pending review from circuits that had *not* held § 924(c)(B)(3) to be unconstitutional—and remanded them *all* for reconsideration in light of *Dimaya*. *See*, *e.g.*, *United States v. Jenkins*, No. 17-97, 2018 WL 2186183 (U.S. May 14, 2018); *United States v. Jackson*, No. 17-651, 2018 WL 2186185 (U.S. May 14, 2018). On June 7, 2018, the Seventh Circuit noted that it would reserve *Jenkins* and *Jackson* for reconsideration on whether the difference between looking at past offenses versus present offenses "is enough to justify jettisoning the categorical approach for section 924(c)(3)(B)." *Cross v. United States*, No. 17-2282, 2018 WL 2730774, at *10 (7th Cir. June 7, 2018) (granting relief to petitioners on the basis that the residual clause of mandatory sentencing guidelines was unconstitutional under the reasoning in *Johnson*).

The government's novel argument in *Jenkins* and *Jackson* is irrelevant to Mr. Fields's case because it is undisputed that Mr. Fields did not employ violence to escape, but rather offered money to a guard in exchange for Mr. Fields's unauthorized release. *See*, *e.g.*, Government's Return to Order to Show Cause, Motion to Dismiss and, In The Alternative, Motion to Stay at 2

(Dkt. 21) ("While in custody, Fields bribed a guard, offering him $5000 in exchange for a key to the fire escape. On November 6, 2001, using that key, Fields escaped.") (internal citations omitted). Accordingly, the crime for which Mr. Fields is sentenced to death would not constitute a crime of violence even under the government's newly proposed revision to the application of § 924(c).

However, even if the facts of Mr. Fields's case were different, the government's argument still fails, as it is wholly incompatible with the position it has repeatedly advocated to courts in the past. Arguing that § 924(c)(3)(B) should be subject to a circumstance-specific approach represents a complete reversal of the government's previous position—which it has taken nationwide for decades—that the categorical ordinary case inquiry applies to § 924(c)(3)(B). Even as recently as September 2016, after a panel of the Eighth Circuit initially held that the categorical approach does *not* apply to § 924(c) in *United States v. Prickett,* 830 F.3d 760 (8th Cir. 2016), the government—through the Appellate Section of the Justice Department—filed a rehearing petition seeking to overturn the ruling. There, the government argued that § 924(c)'s "statutory text alone *requires* a categorical approach," and that no legal conflict regarding contemporaneous offenses justifies abandoning it. *See* United States' Petition for Panel Rehearing at 6, *Prickett*, 830 F.3d 760 (No. 15-3486) (emphasis added). Upon the government's urging, the Eighth Circuit corrected its error and held that the categorical approach applies to § 924(c)(3)(B). *United States v. Prickett*, 839 F.3d 697, 698 (8th Cir. 2016), *cert. denied*, No. 16-7373, 2018 WL 2186223 (U.S. May 14, 2018). The government has now affirmatively waived the right to advocate for the opposite position here.[4]

---

[4] "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *Kontrick v. Ryan,* 540 U.S. 443, 458 n.13 (2004) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "The [government's] conduct in this case fits that description." *Wood v. Milyard*, 566 U.S. 463, 474 (2012). By expressly and affirmatively asserting that the categorical approach applies to § 924(c)(3)(B) in the district court below and in its appellate opening brief, the government has

In addition, any attempt by the government to effect an about-face must also be rejected because such an argument would be inconsistent with controlling precedent in this Circuit and the Supreme Court, both of which unequivocally hold that the words "by its nature" in the text of the § 924(c) residual clause require the categorical approach.[5] In fact, as explained more fully below, since § 924(c)(3)(B) was enacted, courts have always applied the categorical approach to the provision.

> 1. **Ten Circuits Have Already Decided That the Categorical Approach Applies to § 924(c)(3)(B), Further Undermining any Attempt by the Government to Advocate for a Non-Categorical Approach to Apply.**

Even if the government had not waived the argument in favor of a non-categorical approach, the argument fails in light of overwhelming precedent to the contrary. Ten circuits have held that the categorical approach applies to both the § 924(c) residual clause and force clause.[6]

---

intentionally relinquished any right to argue the factual approach applies to § 924(c)(3)(B). *See also United States v. Basham,* 561 F.3d 302, 335 (4th Cir. 2009) (defendant waived argument by explicitly abandoning it); *Grayson Company v. Agadair International, LLC,* 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if [its] brief takes a passing shot at the issue") (internal quotation marks and citation omitted).

[5] In *Cross*, *supra*, the Seventh Circuit confirms that it would need to "jettison" its previous use of the categorical approach when considering charges brought pursuant to §924(c)(B)(3), were it to accept the government's new argument. 2018 WL 2730774 at *10.

[6] *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017); *United States v. Hill*, 832 F.3d 135, 139 (2d Cir. 2016); *United States v. Fuertes,* 805 F.3d 485, 498 (4th Cir. 2015); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999); *United States v. Rafidi*, 829 F.3d 437, 444-45 (6th Cir. 2016); *Taylor,* 814 F.3d 340 (6th Cir. 2016); *United States v. Williams*, 864 F.3d 826, 828 (7th Cir. 2017); *Prickett*, 839 F.3d at 698; *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *Salas,* 889 F.3d at 686 (10th Cir. 2018); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013); *United States v. Kennedy*, 133 F.3d 53, 56-57 (D.C. Cir. 1998).
Adhering to the above-recited decisions, nationwide pattern jury instructions for § 924(c) uniformly call for the categorical approach to apply to the "crime of violence" determination. They do so by instructing that an offense's status as a "crime of violence" is a purely legal issue for courts to determine pretrial; therefore, at trial, the jury must be instructed that the predicate offense is, as a matter of law, a "crime of violence." *See, e.g.,* First Cir. Pattern Jury Instr. 4.07; Third Cir. Model Crim. Jury Instr. 6.18.924A; Fifth Cir. Pattern Crim. Jury. Instr. 2.48; Sixth

The Supreme Court's decisions in *Dimaya*, in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and in *Taylor v. United States*, 495 U.S. 575 (1990), require this result.

In *Taylor*, the Supreme Court clarified that Congress always intended that the categorical approach apply to § 924(c)(3). The Court did so while surveying the legislative history of the ACCA. *Taylor*, 495 U.S. at 581-88. The Court noted that the initial drafts of the current version of the ACCA—added in 1986—included a proposal to define "violent felony" under the ACCA with the same "crime of violence" language that had already been added to § 924(c) a few months earlier—language that remains in § 924(c) today. *Id.* at 583. Thus, the first bill proposed in the Senate would have defined an ACCA "violent felony" to include any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* Referring to this language, the Court concluded that Congress always intended the categorical approach to apply: "Each of the proposed versions of the 1986 amendment carried forward *this categorical approach*, extending the range of predicate offenses to all crimes having certain common characteristics—the use or threatened use of force, *or the risk that force would be used*—regardless of how they were labeled by state law." *Id.* at 589 (emphasis added).[7]

---

Cir. Pattern Crim. Jury Instr. 12.92; Seventh Cir. Pattern Crim. Jury Instr. 18 U.S.C. § 924(c)(1)(A); Eighth Cir. Model Crim. Jury Instr. 6.18.924C; Ninth Cir. Model Crim. Jury. Instr. 8.71; Tenth Cir. Pattern Crim. Jury Instr. 2.45; Eleventh Cir. Pattern Crim. Jury Instr. 35.2.

[7] As the Ninth Circuit held in *Amparo*, 68 F.3d at 1225, Congress's intent to apply the categorical approach to § 924(c)(3) is further supported by the Senate Report commenting on the "crime of violence" definition:

> The term means an offense . . . that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or any felony that, by its nature, involves the substantial risk that physical force against the person or property of another may be used in the course of its commission. The former *category* would include a threatened or attempted simple assault or battery on another person; offenses such as burglary in violation of a State law and the Assimilative Crimes Act would be included in

In *Leocal*, the Supreme Court reinforced the point. 543 U.S. at 7. In that case, the Court held that § 16(b)'s "language [specifically the words 'by its nature'] requires us to look to the elements and nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Id.* It follows that the § 924(c)(3)(B), which has the same language, also requires the categorical approach. And even though *Leocal* involved a prior conviction, that makes no difference here because its holding did not turn on any reasoning unique to prior convictions. Rather, like *Aragon*, *Leocal* relied on a single reason for its categorical approach holding: the plain language of § 16(b). *Id.*[8]

Similarly in *Dimaya*, the Supreme Court held that "§16(b)'s text . . . . demands a categorical approach":

> Simple references to a "conviction," "felony," or "offense," we have stated are read naturally to denote the crime as *generally* committed. And the words by its nature in § 16(b) make that meaning all the clearer. The statute, recall, directs courts to consider whether an offense, *by its nature*, poses the requisite risk of force. An offense's "nature" means its "normal and characteristic quality." So § 16(b) tells courts to figure out what an offense normally—or, as we have repeatedly said, "ordinarily"—entails, not what happened to occur on one occasion.

*Dimaya*, 138 S. Ct. at 1217-18 (citations and quotations omitted).

The *Dimaya* Court further clarified that "the same conclusion follows if we pay attention to the language that is *missing* from § 16(b). As we have observed in the ACCA context, the absence of terms alluding to a crime's circumstances, or its commission, makes a fact-based interpretation an uncomfortable fit." *Id.* at 1218. The Court explained that "[i]f Congress had

---

>  the latter *category* inasmuch as such an offense would involve the substantial risk of physical force against another person or against the property.
>
> *Amparo*, 68 F.3d at 1225 (quoting Senate Comm. on Judiciary, Comprehensive Crime Control Act of 1983, S. Rep. No. 98-225, 98th Cong. 2d Sess. 307 (1984)) (emphasis added).

[8] *See also James v. United States*, 550 U.S. 192, 208 (2007) (indicating that the words "by its nature" require *the* application of the categorical ordinary case approach).

wanted judges to look into a felon's actual conduct, 'it presumably would have said so; other statutes, in other contexts, speak in just that way.'" *Id*. (citation and internal quotation marks omitted).[9] Thus, the Court concluded that "[t]he upshot of all this textual evidence is that § 16's residual clause—like the ACCA's, except, still more plainly—has no 'plausible' fact-based reading." *Id.* (quoting *Johnson,* 135 S. Ct. at 2562).

Importantly, the Court held that § 16's residual clause was subject to a categorical approach even though *Dimaya* involved a civil immigration removal proceeding that did not implicate "Sixth Amendment concerns that would arise from sentencing courts' making findings of fact that properly belong to juries." *Dimaya*, 138 S. Ct. at 1217 (citation omitted). The Court reasoned that "we must interpret the [§ 16(b)] statute consistently where we encounter its application in a criminal or noncriminal context." *Id*. (quoting *Leocal*, 543 U.S. at 12, n.8). In other words, the Court made clear that the words "by its nature" when they appear in the exact form as in § 16(b)'s text, are not chameleon-like and do not change from one context to another. Rather, they must be

---

[9] As Justice Kagan explained in *Dimaya*, "[f]or example, in *United States v. Hayes,* 555 U.S. 415 (2009), [the Supreme Court] held that a firearms statute referring to former crimes as 'committed by' specified persons requires courts to consider underlying facts. *Id.* at 421 [ ]. And in *Nijawhan v. Holder*, 557 U.S. 29 [ ] (2009), the Court similarly adopted a non-categorical interpretation of one of the aggravated felonies listed in the INA because of the phrase, appended to the named offense, 'in which the loss to the victim or victims exceeds $10,000.' *Id.* at *34*, 36 [ ] (emphasis deleted)." *Dimaya*, 138 S. Ct. at 1218 n.5.

Additionally, as Justice Kagan made clear in *Dimaya*, nor does the word "involves" in § 16(b)/924(c)(3)(B) require a factual approach. The ACCA residual clause also "uses the word 'involves' identically." Yet, the Supreme court held the categorical applied to that clause. *Dimaya*, 138 S. Ct. at 1217. There is even more reason to conclude that the categorical approach applies to § 16(b) and § 924(c)(3)(B) because in their text, the word "involves" is preceded by the words "by its nature." Likewise, even though the § 16(b) and § 924(c)(3)(B) include the *words* "in the course of *committing* the offense," a categorical approach applies because these words are accompanied by the words "by its nature"—words that plainly require the categorical approach.

13

interpreted the same wherever they appear. These words must, therefore, be interpreted in the same way when they appear in § 924(c)(3)(B). Because the words "by its nature" demand the categorical approach in § 16(b), they also demand the categorical approach in § 924(c)(3)(B).[10]

Moreover, when addressing issues of statutory interpretation, "the claim to adhere to case law is generally powerful once a decision has settled statutory meaning." *Shepard v. United States*, 544 U.S. 13, 23 (2005). "In this instance, time has enhanced even the usual precedential force." *Id.* "[N]early [28 years] having passed since *Taylor* came down," and since *Taylor*, the Supreme Court, this Court, as well as other courts have said over and over again that the categorical approach applies to the §16(b)/924(c)(3)(B) residual clause. Yet, Congress has done nothing "to modify the statute as subject to our understanding." *Id.*[11] This inaction makes plain that Congress intended the categorical approach to apply to the § 924(c)(3)(B) "crime of violence" definition.

Finally, it is important to note that the government has always agreed that the categorical approach applies to the § 924(c)(3)(A) force clause, as it must, because it requires "as an element, the use, attempted use, or threatened use of physical force." It would be both anomalous and illogical for the categorical approach to apply to one part of the "crime of violence" definition, but

---

[10] Notably, the majority of the judges (including Chief Justice Roberts) in *Dimaya* agreed that §16(b)'s text requires the categorical approach. *Id.* at 1216 ("[T]he Government, joined by THE CHIEF JUSTICE, accepts that § 16(b), as long interpreted, demands a categorical approach."). Moreover, Chief Justice Roberts even commented that because "§ 16 is replicated in the definition of 'crime of violence' applicable to § 924(c) . . . . the Court's holding calls into question § 924(c) convictions." *Id.* at 1241 (Roberts, J., dissenting).

[11] Congress has done nothing to touch the "crime of violence" definition in § 924(c), even though it has amended the statute for unrelated reasons over the years. *See* Pub. L. No. 105-386, § 1, 112 Stat. 3469 (1998) (criminalizing the possession of a firearm in furtherance of a "crime of violence"); Pub. L. No. 109-92, § 6, 119 Stat. 2095 (2005) (amending § 924(c) and adding subsection (c)(5) to create new mandatory penalties for the use of armor piercing ammunition). "In adopting the language used in the earlier act, Congress 'must be considered to have adopted also the construction given by this Court to such language, and made it a part of the enactment.'" *Shapiro v. United States,* 335 U.S. 1, 16 (1948).

not the other.  Such an arbitrary distinction makes no sense.  Rather, the only reasonable reading of § 924(c)(3) is that the categorical approach applies to both clauses of the "crime of violence" definition.  And because the § 924(c)(3) residual clause requires the ordinary case version of the categorical approach, it is unconstitutionally vague.

## CONCLUSION

In sum, after *Dimaya* and in conjunction with *Cardena,* Mr. Fields respectfully submits that this Court must find that 18 U.S.C. § 924(c)(3)(B) is just as vague as 18 U.S.C. § 16(b).  Section 924(c)(3)(B) is identical to § 16(b) and operates in the exact same way under the categorical approach.  Binding precedent requires this Court to find 924(c) unconstitutionally void for vagueness.

For all these reasons, Mr. Fields renews his request that this Court vacate his convictions imposed under 18 U.S.C. § 924(c), and the attendant sentences, including his death sentence.

DATED this 13th day of June 2018

Respectfully submitted,

*/s/ Jeffrey Ellis*
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CENTER
Oregon Bar Number 102990
621 SW Morrison St., Suite 1025
Portland, OR 97205
(503) 222-9830
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

pisajiw@kslaw.com

*Counsel for Sherman Lamont Fields*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of June 2018, a copy of the foregoing Supplemental Memorandum in Further Support of Defendant's Amended Petition for Writ of Habeas Corpus Regarding the Supreme Court's Holding in *Sessions v. Dimaya* was served via the CM/ECF electronic filing system upon:

James Robert Wood, Assist. United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2462
Fax: (317) 226-6125
Email: bob.wood@usdoj.gov

Zachary Carl Richter, Assist. United States Attorney
816 Congress Ave.
Suite 1000
Austin, TX 78701
512-916-5858
Fax: 512-916-5854
Email: zachary.c.richter@usdoj.gov

*/s/ Jeffrey Ellis*
Jeffrey Ellis
