UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | § | |
|     Petitioner, | § | |
| | § | |
| | § | |
|     v. | § | No. 2:16-CV-418-JPH-MJD |
| | § | |
| WARDEN, USP TERRE HAUTE, | § | |
|     Respondent. | § | |

## RESPONDENT'S MOTION TO MODIFY STAY

Respondent respectfully moves this Court to modify the stay currently in place. Although a stay is no longer necessary to allow for settlement negotiations, last week the Supreme Court granted certiorari in *United States v. Davis* to resolve a legal issue central to this case: whether the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is constitutional, and, if so, how it should be applied. Because a decision in *Davis* will assist this Court and the parties in resolving this case, a stay pending that decision is warranted.

### Background

**Fields's Crimes & Convictions.** Petitioner Sherman Fields escaped from federal custody and committed a series of violent crimes, including murder. *United States v. Fields*, 483 F.3d 313, 323-24 (5th Cir. 2007). A jury convicted him of multiple federal offenses, including conspiracy, escape, carjacking, and—most notably for this case—using and carrying firearms during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c). *Fields*, 483 F.3d at 324. He was sentenced to death on one count of conviction and imprisonment on the other counts. *Id.* His attempts to attack his convictions collaterally under 28 U.S.C. § 2255 all failed. *See, e.g., In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016); *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014).

**Current Petition.** Fields then filed a petition for habeas corpus under 28 U.S.C. § 2241 here, in the district where he is housed on federal death row. (Pet., ECF No. 1; Am. Pet., ECF No. 16.) He argued that his convictions under § 924(c) rely on the definition of "crime of violence" in § 924(c)(3)(B) and that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which addressed another statute's definition of "violent felony," meant that § 924(c)(3)(B) was unconstitutionally vague. (Am. Pet. 2, ECF No. 16.) He also raised various other arguments in a pro se filing. (*See* Pet., ECF No. 1; Am. Pet. 3 n.2, ECF No. 16.)

**Stay Pending *Dimaya*.** The government responded that Fields could not collaterally attack his convictions in a petition under § 2241, which is available only when the mechanism for collateral review provided by § 2255 is "inadequate or ineffective," *see* § 2255(e). (Return 7-18, ECF No. 21). In the alternative, the government proposed that this case be stayed until the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which was then slated to (and eventually did) address a statutory provision with wording similar to that in § 924(c)(3)(B). (Return 11-12, ECF No. 21.) This Court agreed with the government and "conclude[d]—as it ha[d] done in other pending § 2241 litigation raising the exact claim at issue here—that this action should be resolved after the Supreme Court's resolution of *Dimaya*." (Entry Denying Mot. for Immediate Relief 2, ECF No. 33.) This Court also directed the parties to file supplemental briefing on the effect of *Dimaya* after the Supreme Court issued its decision (*id.*), and the parties did so (*see* Pet'r Suppl. Br., ECF No. 42; Resp. Suppl. Br., ECF No. 50).

**Further Stay.** Two days after that supplemental briefing was complete, Fields moved for a renewed stay of proceedings to allow the parties to attempt to reach an agreed resolution of the case. (*See* Pet'r Unopposed Mot. for Stay, ECF No. 52; Order Staying Proceedings, ECF No. 54.) This Court granted Fields's request and directed him to file a status report every 30 days. (Order Staying Proceedings, ECF

Respondent's Motion To Modify Stay                                                    2

No. 54.) The stay order also provided that "[i]f either party report[ed] that an agreed settlement cannot be reached, this Court shall dissolve the stay." (*Id.*)

**Grant of Certiorari in *Davis*.** While negotiations were ongoing, the courts of appeals split on the principal question raised by this case: the effect of the holdings in *Johnson* and *Dimaya* on § 924(c)(3)(B).[1] On January 4, 2019, the Supreme Court granted the United States' petition for certiorari in *United States v. Davis* to resolve this question. *See United States v. Davis*, No. 18-431, 2019 WL 98544 (U.S. Jan. 4, 2019); Pet. for Writ of Cert., *United States v. Davis*, No. 18-431 (U.S. Oct. 3, 2018), 2018 WL 4896751. A decision is currently expected by the end of June.

### Argument

Despite lengthy negotiations, the parties are unable to reach settlement at this juncture. Therefore, under the terms of this Court's order, this case need not be stayed for further negotiations, and no further status reports should be necessary.

Nevertheless, for the same reasons this Court previously stayed this case pending a decision in *Dimaya*, a stay remains warranted until the Supreme Court has decided *Davis*. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299

---

[1] *Compare United States v. Douglas*, 907 F.3d 1, 4, 6-16 (1st Cir. 2018) (holding that § 924(c)(3)(B) is constitutional and requires a case-specific approach); *Ovalles v. United States*, 905 F.3d 1231, 1234, 1244-52 (11th Cir. 2018) (en banc) (same); *and United States v. Barrett*, 903 F.3d 166, 169 (2d Cir. 2018) (same), *petition for cert. filed*, No. 18-6985 (U.S. Dec. 8, 2018); *with United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018) (per curiam) (holding that § 924(c)(3)(B) was unconstitutional under the categorical approach required by circuit precedent); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) (same), *petition for reh'g en banc filed*, No. 15-3020 (D.C. Cir. Aug. 31, 2018); *and United States v. Salas*, 889 F.3d 681, 685 (10th Cir. 2018) (similar), *petition for cert. filed*, No. 18-428 (U.S. Oct. 3, 2018). The Seventh Circuit has heard argument on this question in two consolidated cases but has not ruled. *See United States v. Jackson*, No. 15-3693 (7th Cir. argued Nov. 2, 2018); *United States v. Jenkins*, No. 14-2898 (7th Cir. argued Nov. 2, 2018).

---

Respondent's Motion To Modify Stay                                                           3

U.S. 248, 254 (1936). Applying this principle, this Court and the Seventh Circuit have stayed proceedings before them when another court's decision would create such economies of effort by resolving a key legal issue. *See, e.g., Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (staying proceedings to await dispositive decision from Fifth Circuit); *Bradley v. Menard, Inc.*, No. 2:17cv165, 2017 8780318, at *6 (S.D. Ind. Dec. 15, 2017) (staying proceedings to await dispositive decision from Supreme Court).

Awaiting the Supreme Court's decision in *Davis* will create economies of time and effort for this Court and the parties by resolving key legal issues. A decision in *Davis* is likely to definitively resolve the constitutionality of § 924(c) and the proper approach to determining what qualifies as a "crime of violence." A decision in *Davis* will also help answer the threshold question whether § 2255(e)'s savings clause allows Fields to pursue a habeas petition in this Court. (*See generally* Resp. Suppl. Br. 3-9, ECF No. 50.) Under the Seventh Circuit's savings-clause test, a prisoner seeking to pursue a petition under § 2241 generally must show "a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 2028 (2018). A ruling by the Supreme Court in *Davis* about whether § 924(c)(3)(B) is constitutional "may open the door to future collateral challenges to sentences rendered under that statute." *See United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018), *cert. denied*, No. 18-6622, 2018 WL 5886797 (U.S. Dec. 10, 2018). Resort to a § 2241 petition in this Court might then be unnecessary and, in turn, unauthorized by the savings clause. (*See* Resp. Suppl. Br. 6, ECF No. 50.)[2]

---

[2] The United States has also petitioned the Supreme Court to hear a case addressing the proper interpretation of § 2255(e)'s savings clause. *See* Pet. for Writ of Cert., *United States v. Wheeler*, No. 18-420 (U.S. Oct. 3, 2018).

Respondent's Motion To Modify Stay                                             4

When counsel for the parties conferred, Fields's counsel agreed to a stay pending *Davis* of any decision on how *Johnson* and *Dimaya* might affect § 924(c)(3)(B). But they declined to agree to a stay covering Fields's various pro se arguments. Such a piecemeal approach to Fields's claims would undermine, not promote, judicial economy. And awaiting a decision in *Davis* before addressing this case in its entirety would not prejudice or tactically disadvantage Fields. His pro se arguments would remain pending, and this Court could address them together with the rest of the case.

## Conclusion

This Court should modify the stay in this case to run until the Supreme Court has issued a decision in *Davis*. During the modified stay, status reports from Fields will be unnecessary. If supplemental briefing on the effect of *Davis* would assist this Court, the order modifying the stay could direct, consistent with the previous stay pending *Dimaya* (ECF No. 33), that Fields file a supplemental brief no later than 28 days after *Davis* is decided and that the government have 14 days to respond. A proposed order including these provisions is attached.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:  *s/ Zachary C. Richter*
ZACHARY C. RICHTER
Special Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
Zachary.C.Richter@usdoj.gov

*Attorneys for Respondent*

Respondent's Motion To Modify Stay                                                    5

## Certificate of Service

I certify that on January 10, 2019, I electronically filed this document and all attachments with the Clerk of Court using the CM/ECF system, which will send notification to

Jeffrey E. Ellis
jeffreyerwinellis@gmail.com

Peter J. Isajiw
pisajiw@kslaw.com

*Attorneys for Petitioner.*

 *s/ Zachary C. Richter*
ZACHARY C. RICHTER
Special Assistant United States Attorney

Respondent's Motion To Modify Stay                                                                 6