The Hon. James Patrick Hanlon

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE**

| | |
|---|---|
| SHERMAN FIELDS,<br><br>          Petitioner,<br><br>v.<br><br>WARDEN, USP TERRE HAUTE,<br><br>          Respondent. | NO. 2:16-cv-00418<br><br>RESPONSE TO MOTION TO<br>STAY PROCEEDINGS |

**RESPONSE TO MOTION FOR STAY**

Respondent has moved this Court to modify the current stay pending a decision by the United States Supreme Court in *United States v. Davis,* No. 18-431, which is expected to resolve a legal issue central to this case: whether the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is constitutional. Mr. Fields does not object to a stay of that portion of his pending petition. However, Mr. Fields petition also raises an innocence claim. Mr. Fields objects to a stay of that portion of this proceeding.

1

## FACTS

On October 26, 2016, Sherman Fields, a federal prisoner at USP Terre Haute where he is under a death sentence, filed a pro se petition for writ of habeas corpus pursuant to 28 USC § 2241.  Dkt 1. Broadly speaking, that pleading asserted that Fields was innocent and that the Government had failed to disclose exculpatory evidence at the time of trial.  Mr. Fields supported his claims with numerous pieces of documentary evidence.

On February 6, 2017, Judge Jane Magnus-Stinson entered an order directing Respondent to "show cause" why the relief sought by Fields should not be granted.  Dkt 9.  On April 4, 2017, undersigned counsel entered a notice of appearance on behalf of Mr. Fields. Dkt 10.

On April 26, 2017, with permission from the Court, Fields filed an amended petition which added a claim attacking three of his convictions, including the capital count, which were charged under 18 U.S.C. § 924(c)(3)(B).  Dkt 16.  Fields argued that the statute's use the phrase "crime of violence" was unconstitutionally vague for the same reasons that the United States Supreme Court struck down that phrase (as used in § 924(e)) as unconstitutionally vague in *Johnson v. United States*, 576 U.S. ___ (2015).

After Respondent filed an answer (Dkt 21), Fields replied and moved the Court for immediate relief on the *Johnson*-related claims.  Dkt 27.

2

The Court denied Fields's motion because the United States Supreme Court had granted certiorari in a case raising a *Johnson* issue and directed the parties to "file a brief regarding how the Supreme Court's decision in *Dimaya* impacts the issue in this case by no later than twenty-eight days after *Dimaya* is decided." Dkt 33.

*Sessions v. Dimaya*, 584 U.S. ___ (2018), was decided on April 17, 2018, and held that 18 U.S.C. § 16(b), a statute defining certain "aggravated felonies" for immigration purposes, is unconstitutionally vague. On June 13, 2017, Fields filed his brief addressing why the decision in *Dimaya* provided further support for relief. Dkt 42. Respondent filed its response on August 13, 2018. Dkt 50.

Three days later, on August 16, 2018, the Court entered an agreed stay of proceedings to allow the parties an opportunity to see if they could reach a settlement. Dkt 52, 54.

On January 4, 2019, the United States Supreme Court granted certiorari in *United States v. Davis*, No. 18-431. As previously noted, the question posed in that case is whether the subsection-specific definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

On January 10, 2019, Respondent moved to replace the previous stay with a new stay pending a decision in *Davis*. Dkt 67. Respondent's motion

correctly notes that Fields does not object to staying consideration of his *Johnson*-claims pending a decision in *Davis*.

## ARGUMENT

Mr. Fields does not object to a stay of his *Johnson* claim.  It is likely that the United States Supreme Court's decision in Davis will be instructive regarding that claim.

However, Fields objects to a stay of his innocence claim.  Mr. Fields's innocence claim has been pending for over two years.  Just as Fields previously pressed this Court for an immediate resolution to his *Johnson*-claim, this Court should consider and decide his innocence claim for the same reasons previously advanced:  "Fields is currently facing execution and is being held in the highly restrictive institutional setting of federal death row based on an unconstitutional federal conviction and death sentence, this court should immediately grant him relief from this constitutionally intolerable condition."  Dkt 27 at 2.  "Mr. Fields is currently incarcerated on death row, locked down 23 out of 24 hours a day, facing the real and terrifying prospect of execution. While vacating his invalid convictions will not result in Mr. Fields's immediate release from confinement, it would remove him from death row and relieve him of the heavy burden of constantly contemplating the imposition of this ultimate punishment."  *Id.* at 4.

4

## CONCLUSION

Mr. Fields objects to a stay of all proceedings pending *Davis.* If this Court modifies the current stay, the modified stay should not include his innocence claim. Instead, this Court should set a briefing schedule with respect to that claim.

DATED this 22nd day of January 2019.

Respectfully Submitted

s/Jeffrey Erwin Ellis
Jeffrey Erwin Ellis
Attorney for Mr. Fields
Law Office of Alsept & Ellis
621 SW Morrison St. Ste 1025
Portland, OR 97205
503.222.9830 (o)
JeffreyErwinEllis@gmail.com

## CERTIFICATE OF SERVICE

I, Jeffrey Ellis, certify that on today's date I electronically filed this document by using the ECF system causing an electronic copy to be sent to opposing counsel.

January 22, 2019//Portland, OR                     s/Jeffrey Erwin Ellis