UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00418-JPH-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO MODIFY STAY**

The Court granted a joint motion to stay this action on August 16, 2018, to give the parties an opportunity to reach an agreed resolution. The parties report that they were unable to do so and thus a stay for this reason is no longer necessary. Respondent, however, moves to stay proceedings pending the Supreme Court's decision in *United States v. Davis*, No. 18-431. Petitioner, by counsel, does not oppose staying his claim that may be impacted by *Davis*, but he opposes staying his actual innocence claim, which the Court permitted him to pursue pro se.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). This includes the "authority to issue stays" in habeas actions. *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013).

One of the central legal questions in this case is whether the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutional. The Supreme Court granted certiorari on this exact question in *Davis*. Because the Supreme Court granted certiorari in *Davis*, the Seventh Circuit stayed a consolidated appeal raising this question. *See United States v. Jenkins*, No. 14-2898 (7th Cir. Jan. 18, 2019). The parties agree that a stay based on *Davis* is appropriate. Thus, the Court will follow the same course taken by the Seventh Circuit. Petitioner's request to

1

not stay the resolution of his actual innocence claim is rejected, as the merits of his claims and their impact on his death sentence are most efficiently and effectively addressed together.

Accordingly, Respondent's motion to modify the stay, dkt. [67], is **granted**.  This action is **stayed** pending the Supreme Court's decision in *United States v. Davis*, No. 18-431.  Respondent shall have **fourteen days** from the date the Supreme Court issues a decision in *Davis* to file a motion to lift the stay.  The **clerk is directed** to administratively close this action on the docket. Once Respondent files a motion to lift the stay, the Court will administratively open this action and direct how this action will proceed to resolution.

**SO ORDERED.**

Date: 3/8/2019

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeffrey E. Ellis
LAW OFFICE OF ALSEPT & ELLIS
jeffreyerwinellis@gmail.com

Zachary Carl Richter
UNITED STATES ATTORNEY'S OFFICE
zachary.c.richter@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov