UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 2:16-CV-418-JPH-MJD |
| | § | |
| WARDEN, USP TERRE HAUTE, | § | |
| Respondent. | § | |

### Respondent's Supplemental Brief on *United States v. Davis*

This Court should dismiss inmate Sherman Fields's habeas petition, and that did not change when the Supreme Court issued *United States v. Davis*, 139 S. Ct. 2319 (2019). An inmate may not resort to a habeas petition unless the presumptive mechanism for a postconviction claim, a motion under 28 U.S.C. § 2255, is inadequate or ineffective. A § 2255 motion is not inadequate or ineffective to raise a postconviction claim based on *Davis*, so Fields's case does not present one of the rare circumstances in which a habeas petition could proceed. Even if this Court could consider Fields's petition, *Davis* would not implicate Fields's conviction for using and carrying a firearm during carjacking. Nor would *Davis* implicate Fields's various pro se claims.

### Background

A federal jury in Texas convicted Fields of multiple federal crimes after he escaped from federal custody, procured a gun, murdered his girlfriend, procured another gun, and carjacked a nurse. *United States v. Fields*, 483 F.3d 313, 323-24 (5th Cir. 2007). Three of Fields's counts of conviction were under 18 U.S.C. § 924(c), which forbids using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence:

- Count Three, for using and carrying a firearm during and in relation to escape from federal custody, a crime of violence, resulting in intentional murder;

- Count Five, for using and carrying a firearm during and in relation to carjacking, a crime of violence; and

- Count Seven, for using and carrying a second firearm in furtherance of escape from federal custody.

*Id.* at 324. Fields was sentenced to death on Count Three and imprisonment on all other counts. *Id.* The Fifth Circuit affirmed Fields's conviction and sentence, and his collateral attacks all failed. *In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016); *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014); *Fields*, 483 F.3d at 323.

Fields then filed a petition for habeas corpus under 28 U.S.C. § 2241 in this district, where he is housed on federal death row. (Pet., ECF No. 1.) His initial, pro se submission focused mainly on the constitutionality of the death penalty, the validity of statutes governing postconviction review, and the handling of his trial and postconviction motions. (*Id.*) But his attorneys later added a claim challenging whether escape and carjacking were crimes of violence, such that Fields's use and carrying of firearms during those crimes violated § 924(c)(3). (Am. Pet., ECF No. 16.) The government maintained that Fields could not pursue any of these claims in a habeas petition. (Return 7-10, 12-18, ECF No. 21; Warden Suppl. Br. 3-9, ECF No. 50.) But the parties also debated the merits of Fields's argument about § 924(c). (*E.g.*, Fields Suppl. Br. 3-15, ECF No. 42; Warden Suppl. Br. 11-25, ECF No. 50.)

At the time Fields filed his petition, federal law defined "crime of violence" as a federal felony that met either of two alternative definitions. *See* 18 U.S.C. § 924(c)(3). The first alternative, § 924(c)(3)(A), made an offense a crime of violence if it "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second alternative, § 924(c)(3)(B), made an offense a crime of violence if it, "by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Respondent's Supplemental Brief on *United States v. Davis*                    2

In *United States v. Davis*, the Supreme Court considered § 924(c)(3)(B), the latter definition of "crime of violence." 139 S. Ct. at 2323-24. The Court interpreted § 924(c)(3)(B) to require a "categorical" approach under which courts must "disregard how the defendant actually committed his crime" and instead "imagine the idealized ordinary case of the defendant's crime." *Id.* at 2326-27 (internal quotation marks omitted). So interpreted, § 924(c)(3)(B) shared fatal flaws with statutes that the Court had struck down as unconstitutionally vague in two previous cases: *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court therefore struck down § 924(c)(3)(B) as well. *Davis*, 139 S. Ct. at 2336. This Court then directed supplemental briefing on how *Davis* might affect Fields's pending effort to collaterally attack his § 924(c) convictions in a habeas petition under 28 U.S.C. § 2241.

## Argument

*Davis* does not save Fields's petition from dismissal. A postconviction claim that § 924(c)(3)(B) is unconstitutionally vague is still one that an inmate must bring in a § 2255 motion, not a § 2241 habeas petition. Even if this Court were to reach the merits of Fields's petition, the invalidation of § 924(c)(3)(B) would neither affect Fields's conviction for using and carrying a firearm during carjacking, which hinges on a still-valid definition of "crime of violence," nor support Fields's pro se claims.

## I. Fields cannot use a habeas petition under 28 U.S.C. § 2241 to pursue postconviction claims based on *Davis.*

A federal prisoner attacking a conviction collaterally "[o]rdinarily . . . must bring an action under § 2255, the federal prisoner's substitute for habeas corpus, in the district of conviction." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). A § 2241 habeas petition "shall not be entertained" unless a motion under § 2255 "is inadequate or ineffective to test the legality of [a prisoner's] detention." § 2255(e). This exception for situations in which § 2255 is inadequate or ineffective is often called the "savings clause." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017).

As the petitioner, Fields bears the burden of "affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Roberts v. Krueger*, No. 2:18cv45, 2018 WL 6110933, at *2 (S.D. Ind. Nov. 21, 2018) (internal quotation marks omitted); *accord Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016). When a petitioner fails to carry this burden, the savings clause does not apply, and a petition under § 2241 should be dismissed. *Prevatte v. Merlak*, 865 F.3d 894, 900-01 (7th Cir. 2017). Fields cannot carry his burden under the Seventh Circuit's savings-clause test or the government's view of the savings clause.

**A. Under the Seventh Circuit's view of the savings clause, *Davis* does not affect Fields's ineligibility to pursue a § 2241 petition.**

The Seventh Circuit permits resort to § 2241 "[o]nly in rare circumstances." *Light*, 761 F.3d at 812. A showing that § 2255 is ineffective or inadequate "generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." *Camacho*, 872 F.3d at 813. To determine whether an inmate has met this standard, the Seventh Circuit uses a test developed from *In re Davenport*, 147 F.3d 605, 608-12 (7th Cir. 1998). Under that test, an inmate must demonstrate (among other things) that he is relying on a statutory-interpretation case, not a constitutional case. *Camacho*, 872 F.3d at 813. A claim that a conviction is invalid based on a constitutional case "would not fall under the [s]avings [c]lause." *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016).

The Seventh Circuit's savings-clause test distinguishes between reliance on statutory-interpretation cases and reliance on constitutional cases because § 2255 has provisions designed to address new constitutional holdings, and thus cannot be deemed inadequate to raise them. *See id.* Even an inmate like Fields who has previously filed a postconviction motion may present claims based on new, retroactive, constitutional rules. *See* § 2255(h)(2). In contrast, § 2255 does not allow successive motions raising new statutory holdings. *Poe*, 834 F.3d at 773. The Seventh Circuit in *Davenport* found § 2255 inadequate to address the "small class of situations"

Respondent's Supplemental Brief on *United States v. Davis*                    4

involving new statutory holdings because it thought Congress "may have over-looked" the absence of a provision to address such holdings in successive § 2255 motions. *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also Poe*, 834 F.3d at 773.

Any claim based on *Davis*'s invalidation of § 924(c)(3)(B) fails the Seventh Circuit's test. Although *Davis* interpreted § 924(c)(3)(B) in the process of invalidat-ing it, the Court's ultimate conclusion was that § 924(c)(3)(B), so interpreted, was unconstitutionally vague. 139 S. Ct. at 2336. That sort of holding is constitutional. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). In part because *Davis* is a constitutional holding, two appeals courts have already recognized—without dispute from the government—that § 2255 permits inmates to raise valid *Davis* claims even in successive motions. *In re Matthews*, -- F.3d --, No. 16-2027, 2019 WL 3808351, at *4 (3d Cir. Aug. 14, 2019); *In re Hammoud*, 931 F.3d 1032, 1036-41 (11th Cir. 2019). The availability of a successive § 2255 motion forecloses the argument that § 2255 is inadequate or ineffective to raise a *Davis* claim.

This is not to say Fields will ultimately succeed in overturning his convictions, for Congress has limited § 2255 in other ways. *See, e.g.*, § 2255(f). But "something more than lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc). Any missteps by Fields in pursuing a § 2255 motion or a court in addressing it would not establish the sort of structural problem in § 2255 that would render that statute inadequate or ineffective to present a *Davis* claim. *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (inmate's missteps); *Taylor*, 314 F.3d at 835-36 (court's missteps).[1]

---

[1] In an unpublished opinion, a panel of the Fifth Circuit denied leave to file a suc-cessive § 2255 motion asserting the unconstitutionality of § 924(c)(3)(B) because the conviction at issue relied on the still-valid § 924(c)(3)(A). *In re Williams*, No. 19-10552, slip op. at 2-3 (5th Cir. July 31, 2019). In dicta, the panel referred to a line of Fifth Circuit cases declining to apply Supreme Court decisions retroactivity without an explicit statement or application by the Supreme Court itself. (continued)

Respondent's Supplemental Brief on *United States v. Davis*                                     5

Because Fields has not identified the sort of structural problem generally required to trigger the savings clause in the Seventh Circuit, he cannot pursue a habeas petition in this Court. Instead, Seventh Circuit precedent directs dismissal with prejudice. *See Prevatte*, 865 F.3d at 901.

### B. A § 2241 petition is unavailable under the government's view of the savings clause as well.

A petition under § 2241 is unavailable to Fields not just under the Seventh Circuit's test, but also under the government's view of the savings clause. The government recognizes that this Court is bound by Seventh Circuit precedent but presents for preservation its view. In the government's view, the savings clause does not permit a habeas petition under § 2241 simply because a postconviction claim would not have been *successful* if presented in a motion under § 2255. Rather, to use the savings clause, an inmate must show that his claim would not have been *cognizable* if presented in a motion under § 2255. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast*, 851 F.3d 1076, 1085-1100 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578, 582-98 (10th Cir. 2011) (Gorsuch, J.); *see also Camacho*, 872 F.3d at 815 (Easterbrook, J., concurring); *Webster*, 784 F.3d at 1152-54 (Easterbrook, J., concurring); *Brown v. Caraway*, 719 F.3d 583, 596-601 (7th Cir. 2013) (statement of Easterbrook, C.J., concerning Rule 40 circulation).

The text of the savings clause requires this interpretation. *See McCarthan*, 851 F.3d at 1085-90; *Prost*, 636 F.3d at 584-85. The text juxtaposes the terms "inadequate or ineffective" with the phrase "to test the legality of [a prisoner's] detention." § 2255(e). "'To test' means 'to try,'" and "[t]he opportunity to test or try a claim . . .

---

*Id.* at 2 (citing *In re Jackson*, 776 F.3d 292, 293 (5th Cir. 2015), which in turn relies on *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998)). That restrictive formulation did not survive *Tyler v. Cain*, 533 U.S. 656 (2001). In *Tyler*, the Supreme Court recognized that it has "made" a new constitutional rule retroactive, as § 2255(h)(2) requires, when a "combination of holdings" would "necessarily dictate retroactivity of the new rule." *Id.* at 666; *see, e.g., In re Sparks*, 657 F.3d 258, 260-61 & 261 n.2 (5th Cir. 2011). The combination of *Davis* and *Welch v. United States*, 136 S. Ct. 1257 (2016), necessarily dictates that *Davis* applies retroactively. *See Hammoud*, 931 F.3d at 1038-39.

neither guarantees any relief nor requires any particular probability of success; it guarantees access to a procedure." *McCarthan*, 851 F.3d at 1086. This juxtaposition therefore indicates that the clause "is concerned with process — ensuring the petitioner an *opportunity* to bring his argument" and "guarantee[s] nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Prost*, 636 F.3d at 584; *see also Brown*, 719 F.3d at 597 (statement of Easterbrook, C.J.).

The surrounding statutory context further supports this reading. Provisions surrounding the savings clause limit bids for postconviction relief. *E.g.*, § 2255(f) (setting time limits); § 2255(h) (restricting availability of second and successive motions). Allowing an inmate to use § 2241 to circumvent those provisions would undercut them entirely. *See McCarthan*, 851 F.3d at 1090-92; *Prost*, 636 F.3d at 585-87; *Brown*, 719 F.3d at 599 (statement of Easterbrook, C.J.); *Taylor*, 314 F.3d at 835. Section 2255 also channels postconviction challenges to courts of conviction to avoid overburdening courts (like this one) that happen to be located in areas with federal prisons. *See Prost*, 636 F.3d at 587-88; *Davenport*, 147 F.3d at 608-09. An expansive view of when prisoners may pursue postconviction claims under § 2241, which must be filed in the district of incarceration, disrupts that system. *See McCarthan*, 851 F.3d at 1092.

This view of the savings clause does not render it meaningless. The savings clause still allows challenges to how the Bureau of Prisons carries out a sentence (for instance, through calculation of good-time credits). *See id.* The savings clause also still applies when a prisoner cannot file a § 2255 motion in the court of conviction because the court no longer exists. *See Prost*, 636 F.3d at 588. Confining the savings clause to these situations raises no constitutional concerns. *See McCarthan*, 851 F.3d at 1094-95. Indeed, as even the Seventh Circuit has recognized, concerns that the savings clause is necessary to make § 2255 compatible with the Suspension Clause are "misplaced." *Morales*, 499 F.3d at 670.

Properly construed, therefore, the savings clause does not permit a § 2241 petition unless the inmate's claim would not have been cognizable in a § 2255 motion. Fields cannot meet this standard. Whether or not his constitutional argument about § 924(c)(3)(B) would have been successful, a court certainly could have addressed that argument had Fields presented it in a timely motion under § 2255. Section 2241 is therefore unavailable to him.[2]

## II. *Davis* does not affect Fields's convictions for using and carrying a firearm during carjacking.

Even if this Court were to consider Fields's challenges to his convictions under § 924(c), his conviction in Count Five for using and carrying a firearm during carjacking would stand. The provision invalidated in *Davis*, § 924(c)(3)(B), was only one of "two alternative tests for a crime of violence." *United States v. Brazier*, -- F.3d --, No. 16-4258, 2019 WL 3774126, at *3 (7th Cir. Aug. 12, 2019). An offense still qualifies as a crime of violence under § 924(c)(3)(A) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See, e.g.*, *United States v. Thomas*, 933 F.3d 685, 695 n.5 (7th Cir. 2019); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

Fields's carjacking offense still qualifies as a crime of violence under § 924(c)(3)(A) because the federal carjacking statute Fields violated, 18 U.S.C. § 2119, has as an element the use, attempted use, or threatened use of physical force. Section 2119 provides that a person commits carjacking when, "with the intent to cause death or serious bodily harm," he takes a motor vehicle "by force and violence or by intimidation." The Fifth Circuit has held that the threat of violent force is inherent in the term "intimidation" and that federal carjacking is therefore

---

[2] The Seventh Circuit directs dismissal with prejudice for failure to satisfy the savings clause because it does not regard as jurisdictional § 2255(e)'s instruction not to "entertain[]" a habeas petition. *Prevatte*, 865 F.3d at 901. The government, backed by every other circuit to consider the question, views § 2255(e) as jurisdictional. *See, e.g.*, *Dhinsa v. Krueger*, 917 F.3d 70, 74, 84-85 (2d Cir. 2019); *Williams v. Warden*, 713 F.3d 1332, 1340 (11th Cir. 2013) (collecting cases); *Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003). The government therefore notes its view that dismissal should be for lack of jurisdiction.

a crime of violence. *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017). That holding resolves the issue for purposes of Fields's petition because this Court has looked to precedent from the circuit of conviction in addressing the merits of a habeas claim. *E.g.*, *Cano v. Warden USP-Terre Haute*, No. 2:17cv441, 2018 WL 3389746, at *2 (S.D. Ind. July 12, 2018), *appeal docketed*, No. 18-2722 (7th Cir. Aug. 8, 2018). In any event, every other circuit to address federal carjacking agrees with the Fifth. *See Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019); *United States v. Jackson*, 918 F.3d 467, 485-86 (6th Cir. 2019); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1391 (2019); *United States v. Kundo*, 743 F. App'x 201, 203 (10th Cir. 2018); *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017) (per curiam), *cert. denied*, 138 S. Ct. 1602 (2018); *United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). And the Seventh Circuit has interpreted an identical reference to "intimidation" in a federal bank-robbery statute as requiring a threat of violent force as well. *United States v. Williams*, 864 F.3d 826, 830 (7th Cir. 2017); *see also Thomas*, 933 F.3d at 695 n.5 (reiterating this holding post-*Davis*). Because federal carjacking requires either force or the threat of force, it remains a crime of violence under § 924(c)(3)(A), *Davis* notwithstanding.[3]

## III. The Supreme Court's decision in *Davis* does not validate any of Fields's pro se claims.

Fields has asserted various claims pro se, but none hinges on *Davis* or the validity of § 924(c)(3)(B). (*See* Pet. 2-55, ECF No. 1; Return 12-18, ECF. No. 21.) This Court should dismiss or deny those pro se claims for all the reasons already explained: that the savings clause does not permit Fields to bring them in a § 2241

---

[3] If this Court were to grant the petition, Seventh Circuit precedent would require resentencing on all surviving counts in the district of conviction. *Webster*, 784 F.3d at 1146; *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1996).

Respondent's Supplemental Brief on *United States v. Davis*                    9

petition, that they have already been adjudicated, that they are procedurally barred, and that they are meritless. (*See* Return 12-18, ECF No. 21.)[4]

## Conclusion

Whatever the merits of any arguments Fields may have under *Davis*, this Court is not the proper place to raise them. Instead, this Court should dismiss Fields' petition.

Respectfully submitted,

Josh J. Minkler
United States Attorney

By:   *Zachary C. Richter*
Zachary C. Richter
Special Assistant United States Attorney
903 San Jacinto Boulevard
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
Zachary.C.Richter@usdoj.gov

*Attorneys for Respondent*

---

[4] In his pro se briefing, Fields has contended that § 2255 is inadequate or ineffective because the district judge and one member of the appellate panel that considered his first § 2255 motion were biased or corrupt. *See* Reply 18-19, 23, ECF No. 25. Allegations of judicial bias or corruption do not establish that a § 2255 motion is inadequate or ineffective because inmates may raise those allegations through motions for recusal or on appeal as part of the § 2255 process. *See Day v. Samuels*, 263 F. App'x 246, 248 (3d Cir. 2008); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996); *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988).

Respondent's Supplemental Brief on *United States v. Davis*                    10

## Certificate of Service

I certify that on September 6, 2019, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to

> Victoria Bailey Casanova
> (victoria_casanova@fd.org) and
>
> Florence Italia Patti
> (italia.patti@fd.org),
>
> *Attorneys for Petitioner.*

*Zachary C. Richter*
Zachary C. Richter
Special Assistant United States Attorney

Respondent's Supplemental Brief on *United States v. Davis*                                         11