UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHERMAN LAMONT FIELDS,          )
                                )
         Petitioner,            )
                                )
    v.                          )          2:16-cv-00418-JPH-MJD
                                )
                                )
WARDEN, USP TERRE HAUTE,        )
                                )
         Respondent.            )

### PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD CASE IN ABEYANCE

Petitioner Sherman Lamont Fields, by counsel, respectfully moves this Court for an Order staying these proceedings and holding his case in abeyance while he seeks a remedy in another forum for the constitutional violations alleged in his amended petition.   In support of this Motion, Mr. Fields respectfully informs the Court as follows:

1.     On April 26, 2017, Mr. Fields filed his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. 16].

2.     On August 15, 2018, Mr. Fields filed his unopposed motion asking the Court to stay proceedings while the parties attempted to negotiate an agreed resolution to the case [Dkt. 52].

3.     On August 16, 2018, the Court granted Mr. Fields' motion to stay and ordered Mr. Fields to file a status report with the Court "every 30 days regarding the status of negotiations."   [Dkt. 54].   The Court further ordered that if either party reported that a settlement could not be reached, the Court would dissolve the stay

[*Id*.].

4.      On January 10, 2019, the Government filed a motion asking the Court to modify the terms of stay [Dkt. 67].   Specifically, the Government informed the Court the parties were no longer negotiating in an effort to settle the case [Dkt. 67]. However, the Government asked the Court to keep the case stayed pending the Supreme Court's decision in *United States v. Davis*, 18-431 [Dkt. 67].

5.      On March 8, 2019, the Court granted the Government's motion, staying the case pending a decision in *Davis* [Dkt. 71].

6.      On June 24, 2019, the Supreme Court issued its opinion in *Davis*, holding the definition of a "crime of violence" contained in 18 U.S.C. § 924(c)(3)(b) to be unconstitutionally vague.   *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019).

7.      On June 26, 2019, the Court lifted the stay and set a schedule for the parties to file supplemental briefing on how the Supreme Court's decision in *Davis* impacts the issues in Mr. Fields' case [Dkt. 74].

8.      Undersigned counsel filed her appearance on July 17, 2019 [Dkt. 77].

9.      The Government filed its supplemental *Davis* brief on September 6, 2019 [Dkt. 81].   The Government acknowledged Mr. Fields' § 924(c) convictions and recognizes the hold in *Davis*, but then argued Mr. Fields is nevertheless ineligible for relief under § 2241 [Dkt. 81].

10.      Specifically, the Government argues relief may be available to Mr. Fields via a second request for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 with the Fifth Circuit [Dkt. 81, p. 5 ("The availability of a successive

§ 2255 motion forecloses the argument that § 2255 is inadequate or ineffective to raise a *Davis* claim.")].

11.    It is unclear whether the processes argued for by the Government will actually prove an adequate and/or effective mechanism for raising a *Davis* claim.   It is also unclear whether there is any requirement that Mr. Fields make multiple such requests before seeking relief pursuant to § 2241.

12.    Despite this, Mr. Fields has decided to pursue relief by filing a request for leave to file a second or successive § 2255 motion with the United States Court of Appeals for the Fifth Circuit.

13.    Accordingly, Mr. Fields respectfully moves this Court for an Order staying these proceedings and holding his case in abeyance pending the completion of any second or successive § 2255 proceedings.

14.    This Court has the discretion to grant the relief Mr. Fields seeks herein. *See, e.g., Landis v. N. Am. Co.,* 299 U.S. 248 (1936).   "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with the economy of time and effort for itself, counsel, and for litigants."   *Id.* at 254.

15.    If the Court grants this Motion, Petitioner is prepared to file periodic status reports with the Court at whatever interval the Court deems appropriate.

16.    On January 7, 2020, undersigned counsel spoke with Special Assistant United States Attorney Zachary Richter who indicated that the government reserves its right to oppose this motion and will file a response within the time allowed.

WHEREFORE, for all the foregoing reasons, Petitioner Sherman Fields respectfully moves this Court for an Order staying these proceedings and holding his case in abeyance pending the completion of any second or successive § 2255 proceedings.

Dated: January 7, 2020

*Victoria Bailey Casanova*
Victoria Bailey Casanova
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
(317) 383-3520 (phone)
(317) 383-3525 (fax)
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that on January 7, 2020, a copy of the foregoing Motion to Stay Proceedings and Hold Case in Abeyance was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Victoria Bailey Casanova*
Victoria Bailey Casanova

4