UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | § | |
|    Petitioner, | § | |
| | § | |
|    v. | § | No. 2:16-CV-418-JPH-MJD |
| | § | |
| WARDEN, USP TERRE HAUTE, | § | |
|    Respondent. | § | |

### Warden's Response to Petitioner's Motion to Stay

Petitioner Sherman Fields seeks a stay of proceedings on his habeas petition while he pursues a new motion under 28 U.S.C. § 2255 to vacate his conviction. The warden does not oppose a stay but responds to clarify two points. First, this Court should dismiss Fields's habeas petition regardless of the outcome of any § 2255 motion. If Fields succeeds under § 2255, he will further confirm the need to dismiss his habeas petition. But even if he fails under § 2255, Seventh Circuit law requires dismissal. Second, if this Court stays Fields's habeas petition, it should require Fields to file periodic status reports, as his counsel has offered to do.

### Procedural & Statutory Background

**Fields's crimes & convictions.** Petitioner Sherman Fields escaped from federal custody and committed a series of violent crimes, including murder. *United States v. Fields*, 483 F.3d 313, 323-24 (5th Cir. 2007). A jury convicted him of multiple federal offenses, including conspiracy, escape, carjacking, and—most notably for his current petition—violating 18 U.S.C. § 924(c) by using and carrying firearms during and in relation to crimes of violence. *Fields*, 483 F.3d at 324. He was sentenced to death on one count of conviction and imprisonment on the other counts. *Id.* His attempts to attack his convictions collaterally under § 2255 all failed. *See, e.g.*, *In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016); *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014).

**Fields's current petition.** Fields next filed a petition for habeas corpus under 28 U.S.C. § 2241 here, in the district where he is housed on federal death row. (Pet., ECF No. 1; Am. Pet., ECF No. 16.) He argued, among other things, that his convictions under § 924(c) were invalid because they relied on an unconstitutionally vague definition of "crime of violence" in § 924(c)(3)(B). (Am. Pet. 2, ECF No. 16.) He now calls that argument a "*Davis* claim" after *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), in which the Supreme Court declared § 924(c)(3)(B) unconstitutional. The government has maintained, before and since *Davis*, that Fields cannot pursue a habeas petition in this Court. (Return 7-18, ECF No. 21; Resp. Suppl. *Dimaya* Br. 4-9, ECF No. 50; Resp. Suppl. *Davis* Br. 3-8, ECF No. 81.)

**Fields's proposed new collateral attack.** Fields now says he intends to pursue another motion under § 2255. (Fields Mot. to Stay 3, ECF No. 90.) Because Fields has previously filed a § 2255 motion to vacate his convictions, he must first seek permission from the Fifth Circuit, the circuit in which he was convicted. *See* 28 U.S.C. § 2255(h). Whether the Fifth Circuit will grant permission depends in part on whether Fields shows that his successive § 2255 motion relies on (1) new evidence or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §§ 2244(b)(3), 2255(h); *Reyes-Requeña v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001). Fields wants proceedings on his § 2241 petition in this Court stayed while he seeks the Fifth Circuit's permission to file a successive § 2255 motion and litigates any such motion. (Fields Mot. to Stay 3, ECF No. 90.)

### Analysis

### I. This Court should dismiss Fields's habeas petition regardless of the outcome of his attempt to pursue a motion under § 2255.

A federal prisoner attacking a conviction collaterally "[o]rdinarily . . . must bring an action under § 2255, the federal prisoner's substitute for habeas corpus, in the district of conviction." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). The sort

Response to Petitioner's Motion to Stay                                    2

of petition Fields filed in this Court—a § 2241 habeas petition—"shall not be entertained" unless a motion under § 2255 "is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). This exception for situations in which § 2255 is inadequate or ineffective is called the "savings clause." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017). When an inmate fails to satisfy the savings clause, a petition under § 2241 should be dismissed. *Prevatte v. Merlak*, 865 F.3d 894, 900-01 (7th Cir. 2017).

If Fields succeeds under § 2255, he will not be able to show that § 2255 is inadequate or ineffective to test the legality of his detention. But even if his claims founder, Fields will not have shown that § 2255 is inadequate or ineffective under Seventh Circuit precedent.* "[S]omething more than lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc). Satisfying the savings clause "generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." *Camacho*, 872 F.3d at 813. Under Seventh Circuit precedent, Fields cannot show such a structural problem.

- Fields argues that his § 924(c) convictions are invalid under the constitutional holding in *Davis*, 139 S. Ct. 2319. But a claim that a conviction is invalid based on a constitutional holding does not present the sort of structural problem that triggers the savings clause. *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016). That is because § 2255 includes a mechanism for addressing certain constitutional holdings. *See* 28 U.S.C. § 2255(h)(2); *Poe*, 834 F.3d at 773.

---

* For the reasons outlined in the government's previous supplemental briefing, a habeas petition is unavailable to Fields not just under the Seventh Circuit's view of the savings clause, but under the Tenth and Eleventh Circuits' view, which the government supports. (Resp. Suppl. *Dimaya* Br. 7-9, ECF No. 50; Resp. Suppl. *Davis* Br. 6-8, ECF No. 81.)

Response to Petitioner's Motion to Stay                                                                    3

- Fields also presents a number of pro se arguments. (*See* Pet., ECF No. 1.) Fields has never identified any structural problem that foreclosed review under § 2255 of those claims.

Thus, although a stay may allow time for events that will further confirm that dismissal is appropriate, the failure of Fields's bid to pursue a successive § 2255 motion does not mean he will be able to continue with his habeas petition.

**II. This Court should require Fields to provide periodic status reports.**

Fields has offered to provide periodic status updates, and this Court should order him to do so. Past stays entered in this case have been keyed to rulings expected by the end of a particular Supreme Court term or have required Fields to submit a status report every 30 days. (*See* Entry Denying Motion for Immediate Relief 2, ECF No. 33; Order Staying Proceedings, ECF No. 54; Order Granting Motion to Modify Stay 2. ECF No. 71.) The stay Fields now seeks is indefinite and may last for months or years while Fields prepares filings and other courts address Fields's arguments. To ensure this case does not languish unnecessarily, this Court should require Fields to submit status updates every 30 days.

Respectfully submitted,

Josh J. Minkler
United States Attorney

By:     */s/ Zachary C. Richter*
        Zachary C. Richter
        Special Assistant United States Attorney
        903 San Jacinto Boulevard
        Austin, Texas 78701
        (512) 916-5858 (phone)
        (512) 916-5854 (fax)
        Zachary.C.Richter@usdoj.gov

        *Attorneys for Respondent*

**Certificate of Service**

I certify that on January 21, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to

> Victoria Bailey Casanova
> (victoria_casanova@fd.org) and
>
> Florence Italia Patti
> (italia.patti@fd.org),
>
> *Attorneys for Petitioner.*

> *Zachary C. Richter*
> Zachary C. Richter
> Special Assistant United States Attorney

Response to Petitioner's Motion to Stay                                      5