UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00418-JPH-MJD |
| | ) | |
| | ) | |
| WARDEN, USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITIONER'S REPLY IN SUPPORT OF HIS MOTION TO STAY

The main takeaway from the Government's response to Mr. Fields' motion to stay is that the Government does not object [Dkt. 93 at 1]. The Government proposes that Mr. Fields be ordered to file a status report with the Court every thirty (30) days while his case is stayed [*Id.* at 4]. Mr. Fields has no objection to the Government's proposed schedule for filing status reports. Although not objecting to Mr. Fields' motion to stay these proceedings while he seeks a remedy in another forum, the Government "clarif[ies]" its view that Mr. Fields' § 2241 case will have to be dismissed "regardless of the outcome of any § 2255 motion" [*Id.* at 1]. Given the potential negative impact on his ability to seek relief under § 2255, Mr. Fields urges this Court to grant his unopposed motion to stay rather than dismissing his § 2241 case.

As Mr. Fields explained in his motion to stay, he seeks to stay his § 2241 case while he challenges his three § 924(c) convictions through a successive § 2255 motion – the procedural vehicle which the Government insists is the only appropriate

1

mechanism by which Mr. Fields may challenge his § 924(c) convictions in light of *Davis* [*See* Dkt. 81 at 3-8].   If this Court dismisses Mr. Fields' § 2241 case, he may be unable to seek relief through a successive § 2255 motion.

As the Court is aware, dismissal of Mr. Fields' § 2241 case may be held to constitute an adjudication on the merits, *see Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017), which in turn could hamper Mr. Fields' ability to secure authorization to file a successive § 2255 motion,[1] *cf. Gilkers v. Vannoy*, 904 F.3d 336, 343 (5th Cir. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 539-30 (2005)).

Mr. Fields seeks an "unobstructed procedural shot" at challenging[2] his § 924(c) convictions in light of *Davis*.   *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). The Government insists such a shot must come, if at all, in the form of a successive § 2255 motion [Dkt. 81].   Without conceding that the Government is correct on that

---

[1] Mr. Fields has not briefed the impact of *Davis* on the issues in his case.   Rather, he has informed the Court and the Government of his intention to raise such a claim by filing a request for leave to file a successive § 2255 motion with the United States Court of Appeals for the Fifth Circuit [Dkt. 90].

2 Although Mr. Fields has not briefed the impact of *Davis* on his § 924(c) convictions, nowhere in its supplemental *Davis* brief did the Government argue that Mr. Fields' death sentence survives *Davis*. Additionally, before *Davis* was decided and in response to petitions Mr. Fields filed with the Supreme Court, the Government acknowledged:

> If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, see 18 U.S.C. 751, would not qualify as a crime of violence under Section 924(c)(3)(A). Cf. *Chambers v. United States*, 555 U.S. 122, 127-128 (2009) (failure to report under Illinois law is not a violent felony under the elements clause of 18 U.S.C. 924(e)(2)(B)(i)).   Accordingly, petitioner's sole capital conviction (Count 3) would be invalid, along with his conviction for possessing a firearm in furtherance of an escape (Count 7), for which he received a 300-month sentence that runs consecutively with his other prison sentences. [ ].

[Dkt. 16-2 at 18, n.2].

point, Mr. Fields has decided to pursue relief in the manner the Government suggests.    If this Court dismisses Mr. Fields' case at this time rather than granting his motion to stay, there is a possibility he will not get the opportunity to raise a *Davis*-based challenge to his § 924(c) convictions – including the one upon which he was sentenced to die.

Given the complicated legal questions and potentially enormous consequences of dismissal,[3] if this Court is considering dismissal in lieu of granting Mr. Fields' unopposed motion to stay, Mr. Fields requests the opportunity to be heard in the form of briefing and a hearing specifically on the issue of dismissal.

Respectfully submitted,

Dated: January 28, 2020

 *Victoria Bailey Casanova*
Victoria Bailey Casanova
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
(317) 383-3520 (phone)
(317) 383-3525 (fax)
Attorney for Petitioner

---

3 Another reason for this Court to stay Mr. Fields' § 2241 case rather than dismissing it now is that doing so best serves the interests of judicial economy.    Dismissal could raise complicated legal issues that the parties would have to address in this Court and the Seventh Circuit and even possibly the Fifth Circuit.    By contrast, staying Mr. Fields' case avoids these issues.    Moreover, resolution of Mr. Fields' *Davis*-based challenge to his § 924(c) convictions through a successive § 2255 motion may alleviate the need for this Court to decide Mr. Fields' non-*Davis*-based claims.

## CERTIFICATE OF SERVICE

I certify that on January 28, 2020, a copy of the foregoing Petitioner's Reply in Support of his Motion to Stay was filed electronically.   Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

*Victoria Bailey Casanova*
Victoria Bailey Casanova
