UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00418-JPH-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING UNOPPOSED MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF SUCCESSIVE § 2255 MOTION**

Petitioner Sherman Lamont Fields was convicted in the United States District Court for the Western District of Texas of several offenses, including using and carrying a firearm causing death during and in relation to escape, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to death for this offense.

Mr. Fields filed this 28 U.S.C. § 2241 habeas corpus petition alleging, among other things, that his conviction based on 18 U.S.C. §§ 924(c)(1) violates due process because the provision for which he was convicted is unconstitutionally vague.

On June 24, 2019, the Supreme Court held that the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3)(b) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Several Courts of Appeals have held that *Davis* announced a new rule of constitutional law made retroactive to cases on collateral review, thereby opening the door to successive motions under 28 U.S.C. § 2255. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Franklin*, 950 F.3d 909, 910

(6th Cir. 2020) (mem. op.); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).

On January 7, 2020, Mr. Fields moved to stay these proceedings while he pursues a successive § 2255 motion in the district of his conviction. Dkt. 90. The respondent does not oppose a stay but argues that Mr. Fields's petition ultimately should be dismissed regardless of the outcome of his successive § 2255 motion. Dkt. 93. The respondent also argues for requiring periodic status updates from Mr. Fields's counsel.

The Court finds that a stay is warranted. Accordingly, Mr. Fields's motion to stay proceedings, dkt. [90], is **GRANTED**. This action is **stayed** pending resolution of Mr. Fields's yet-unfiled successive § 2255 motion. The respondent shall have **14 days** from the final resolution of Mr. Fields's § 2255 motion (including any appeals) to file a motion to lift the stay. Mr. Fields shall file a status report **every 60 days,** beginning from the date this Order is entered, updating the Court regarding his § 2255 proceedings.

The **clerk is directed** to procedurally close this case. All deadlines and hearings are vacated.

**SO ORDERED.**

Date: 7/27/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Florence Italia Patti
INDIANA FEDERAL COMMUNITY DEFENDERS
italia.patti@fd.org

Zachary Carl Richter
UNITED STATES ATTORNEY'S OFFICE
zachary.c.richter@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov