UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHERMAN LAMONT FIELDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:16-cv-00418-JPH-MJD ) |
| WARDEN, | ) ) |
| Respondent. | ) ) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Sherman Fields's § 2241 petition for writ of habeas corpus. Because Mr. Fields has not shown that § 2255 is inadequate or ineffective to test the legality of his detention, the Court does not reach the merits of his arguments and his petition is dismissed.

**I.
Background**

A jury in the United States District Court for the Western District of Texas convicted Mr. Fields of seven offenses, including three counts of using and carrying a firearm in relation to a crime of violence, *see* 18 U.S.C. § 924(c)(3), and sentenced him to death. After the convictions and sentence were affirmed on appeal, Mr. Fields sought post-conviction relief in the Western District of Texas. Mr. Fields later brought this action challenging his death sentence and several of his convictions. During a stay in these proceedings, the Western District of Texas vacated two of Mr. Fields's convictions and his death sentence. The stay has been lifted and the § 2241 petition is fully briefed.

1

### A. Trial and sentencing

The Fifth Circuit summarized the facts of Mr. Fields's crimes in its opinion on direct appeal:

> Fields was arrested on federal firearms charges in September 2001. He was held in federal custody at the McClennan County Detention Center in Waco, Texas. In November 2001, Fields bribed a correctional officer—paying him $5000 in exchange for a key to the detention center's fire escape door. Using the key, Fields escaped.
>
> After fleeing federal custody, Fields met up with a friend. Through this friend, Fields obtained a car and a .32 caliber revolver. That evening, Fields visited his ex-girlfriend, Suncerey Coleman, at Hillcrest Hospital in Waco, where she was attending to her newborn baby. Fields was angry with Coleman for seeing other men. After Fields and Coleman conversed for some time, Fields convinced her to leave the hospital with him. They drove to Downsville, Texas, a small town just outside of Waco. The two had sexual intercourse, and then Fields shot Coleman twice in the head. After that, he dragged her dead body from the road into some underbrush to hide it.
>
> Several days later, Fields approached a Hillcrest Hospital employee, Tammy Edwards, while Edwards was exiting her car. Brandishing a handgun and grabbing her by the throat, Fields demanded that Edwards get back in the car. Although Edwards was able to struggle free, Fields managed to wrestle away her car keys. Fields drove away in Edwards's car.
>
> Coleman's body was found on November 21, more than two weeks after her death. Three days later, police rearrested Fields.

*United States v. Fields*, 483 F.3d 313, 323–24 (5th Cir. 2007) ("*Fields I*").

Mr. Fields waived his right to counsel and represented himself at trial. A jury convicted him on seven counts:

1. conspiring to escape from federal custody;
2. escaping from federal custody;
3. using and carrying a firearm during and in relation to escape, resulting in intentional murder;
4. carjacking;
5. using and carrying a firearm during and in relation to carjacking;

2

    6.    felon in possession of a firearm; and

    7.    using and carrying a firearm during and in relation to escape.

*Id.* at 324. Mr. Fields was represented by counsel at the penalty phase. He was sentenced to death. *Id.*

### B. Direct appeal and § 2255 motion

On direct appeal, Mr. Fields raised numerous constitutional and statutory challenges to his convictions and death sentence. The Fifth Circuit affirmed both his convictions and the sentence imposed. *Id.* at 362. One judge issued a partial dissent, concluding that the Confrontation Clause applies in capital sentencing proceedings. *Id.* at 362–81 (Benavides, J., dissenting).

With the assistance of counsel, Mr. Fields filed a § 2255 petition seeking to vacate his convictions and sentence and later an amended motion. *United States v. Fields*, 6-01-CR-164-ADA (W.D. Tex.), ECF 318 (amended motion to vacate).[1] In the amended motion, he raised 49 constitutional and statutory grounds for relief. *Id.* at 31–288. The district court issued a 137-page order addressing each claim, as well as numerous other motions, and denied Mr. Fields relief. Dkt. 21-1. Mr. Fields then filed a motion to proceed *pro se* on appeal, which the district court denied. Dkt. 1-2.

Mr. Fields renewed his motion to proceed *pro se* in the Fifth Circuit. Dkt. 1-3. Counsel then filed a response explaining that Mr. Fields did not wish to proceed *pro se* on appeal but did wish to file supplemental *pro se* briefs.

---

[1] The civil action is 6:09-cv-00009-WSS (W.D. Tex.). But the docket for that action provides, "This civil action is opened for statistical purposes only. ALL documents should be filed in criminal case number W-01-CR-164(1)."

Dkt. 1-9. The Fifth Circuit denied the motion. Dkt. 1-10. After counsel filed an opening brief, Mr. Fields filed a *pro se* motion to reconsider the denial of his motion to proceed *pro se*, dkt. 1-14, and a *pro se* "motion to reurge filings," dkt. 1-15. The Fifth Circuit denied the motion to reconsider and took no action on the motion to reurge filings because it was filed *pro se*. Dkt. 1-16. The Fifth Circuit ultimately denied a certificate of appealability in a published decision. *United States v. Fields*, 761 F.3d 443 (5th Cir. 2014) ("*Fields II*").

### C.    28 U.S.C. § 2241 proceedings

In October 2016, Mr. Fields filed a *pro se* petition for writ of habeas corpus in this Court, dkt. 1. The petition—which is 55-pages long and has 87 exhibits—raises nine claims:

1. he was denied the constitutional right to file a *pro se* brief in his § 2255 appeal, dkt. 1 at 14–17;

2. the district judge who presisded over his trial and § 2255 proceedings did so under a conflict of interest, as did one of the judges who decided his § 2255 appeal, *id.* at 18–26;

3. the government suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), *id.* at 27–28;

4. he is actually innocent, *id.* at 28–30;

5. his conviction is the product of a criminal conspiracy between the police, the prosecutors, and several witnesses to convict him through perjured testimony, *id.* at 30–42;

6. his conviction was based on perjured testimony, *id.* at 42–45;

7. his conviction and death sentence were improperly based on passion, prejudice, and other arbitrary factors, *id.* at 45–47;

8. the Antiterrorism and Effective Death Penalty Act is illegal and unconstitutional, *id.* at 47–50; and

    9.    the death penalty is illegal and unconstitutional, *id.* at 50–55.

The Court appointed counsel, who later filed an amended petition. Dkt. 16. The amended petition incorporated the original *pro se* petition and added one additional claim:

    10.    his § 924(c) convictions should be vacated because § 924(c)(3)(B) is unconstitutionally vague and his convictions do not satisfy § 924(c)(3)(A). *Id.*

At the request of the parties, proceedings in this case were stayed in August 2018. Dkt. 54. That stay was extended in January 2019 in anticipation of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Dkt. 71. After *Davis*, proceedings were reopened, dkt. 74, but then stayed again while Mr. Fields pursued a successive § 2255 motion in the Fifth Circuit and the Western District of Texas, dkt. 98.

The Fifth Circuit granted leave to file a successive § 2255 motion. On the parties' joint recommendation, the district court for the Western District of Texas vacated Mr. Fields's convictions on Counts 3 and 7, both based on use of a firearm during his escape, and resentenced him to life imprisonment on Count 5—using and carrying a firearm during a carjacking. *United States v. Fields*, 6-01-CR-164-ADA (W.D. Tex. Apr. 8, 2021), ECF 418 (judgment).

Mr. Fields has withdrawn his § 924(c) claim (Ground 10) as moot, but he maintains that other claims first presented in his original *pro se* petition (and later incorporated into the amended petition) remain viable and require ruling. Dkt. 106 at 1–2; *see* dkt. 16 at 3 n.2 (incorporating original petition); dkt. 16-1 (original petition attached as exhibit to amended petition).

5

## II.
## 28 U.S.C. § 2255(e)

Congress chose to "steer[] almost all [federal] prisoner challenges to their convictions and sentences toward § 2255." *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). It did so by requiring federal prisoners to file § 2255 motions in the district of conviction, except for limited instances where a prisoner may file a § 2241 petition by way of the savings clause, 28 U.S.C. § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Without first finding that § 2255 "is inadequate or ineffective to test the legality of his detention", *id.,* a district court cannot reach the merits of the arguments raised in a § 2241 petition. *Id.* (petition otherwise "shall not be entertained"); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). This clause in § 2255(e), aptly described by the Seventh Circuit as the "savings clause" and the "safety valve," thus "recognizes a narrow pathway to the general habeas corpus statute, section 2241." *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020); *see Webster*, 784 F.3d at 1135.

While the Seventh Circuit has not defined the "outer limits of what might prove that section 2255 is 'inadequate or ineffective to test the legality' of a

6

person's detention," *Purkey*, 964 F.3d at 611-12, it has described three cases as "central" to those limits. *See In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998) (claim relying on Supreme Court decision of statutory interpretation made retroactive to cases on collateral review); *Garza v. Lappin*, 253 F.3d 918, 921-23 (7th Cir. 2001) (claim relying on decision issued by international tribunal after § 2255 proceedings were completed); *Webster*, 784 F.3d at 1135-44 (claim relying on evidence that existed but was unavailable at the time of trial and showed that defendant was categorically ineligible for the death penalty). Outside the fact patterns presented in these cases, a petitioner must (at least) make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with the challenged conviction or sentence. *Purkey*, 964 F.3d at 615; *see Webster*, 784 F.3d at 1136 ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

### III.
### Discussion

#### A. Moot and withdrawn claims (Grounds 9 and 10)

Mr. Fields has withdrawn as moot Ground 10, which challenges his § 924(c) convictions. Dkt. 106 at 1-2 and n.1. The Court accepts this withdrawal. Ground 10 is therefore **WITHDRAWN**.

Ground 9, which challenges the death penalty as unconstitutional, is also moot because Mr. Fields's death sentence was vacated. Likewise, any portion of Mr. Fields's other claims that specifically relates to his death

7

sentence is moot. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1268 (11th Cir. 2005) ("Because the defendant's death sentence has been vacated, we dismiss as moot his § 2254 petition to the extent it challenges his death sentence."); *cf. North Carolina v. Rice*, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant . . ., but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."). Ground 9 is therefore **DISMISSED**.

### B. Remaining claims (Grounds 1 through 8)

None of Mr. Fields's remaining claims may be brought in this § 2241 action because he has not made a "compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with his convictions. *Purkey*, 964 F.3d at 615.

Indeed, Mr. Fields already litigated many of the claims presented in this case in the Fifth Circuit in his § 2255 appeal:

- Ground 1 alleges that Mr. Fields was denied the right to file a *pro se* brief in his § 2255 appeal. The Fifth Circuit addressed this claim in denying his motion to proceed *pro se. See, e.g.*, dkt. 1-16.

- Ground 2 alleges, in part, that Fifth Circuit Judge Edith Jones was biased against him. The Fifth Circuit addressed this claim in denying his motion to disqualify Judge Jones. *United States v. Fields*, 13-70025 (5th Cir. Feb. 27, 2014).

- Ground 3 alleges various *Brady* violations. The Fifth Circuit addressed most of these in denying a certificate of appealability in his § 2255 appeal. *Fields II*, 761 F.3d at 475–76.

- Ground 4 alleges he is actually innocent. The Fifth Circuit addressed this claim in denying a certificate of appealability in his § 2255 appeal. *Id.* at 478–82.

- Grounds 5 and 6 allege that the government knowingly relied on perjured testimony to convict him. The Fifth Circuit addressed these claims in denying a certificate of appealability in his § 2255 appeal. *Id.* at 476–78.

Mr. Fields argues that this Court can adjudicate these claims because they were wrongly decided by the Fifth Circuit. But § 2241 does not vest this Court with the expansive review authority that Mr. Fields imagines. By design, the law steers federal prisoner challenges to their convictions and sentences toward § 2255 for review by the court of conviction and its corresponding court of appeals. *See In re Davenport*, 147 F.3d at 609 ("The purpose behind the enactment of section 2255 was to change the venue of postconviction proceedings brought by federal prisoners from the district of incarceration to the district in which the prisoner had been sentenced." (citing *United States v. Hayman*, 342 U.S. 205, 212–19 (1952)). Within this statutory framework, the court in the district where the prisoner is incarcerated is not authorized to take a fresh look at issues that were already decided by the court of conviction or to evaluate claims that could have been brought in the § 2255 proceeding but were not. Accordingly, "[i]t is not enough that proper use of the statute results in denial of relief." *Purkey*, 964 F.3d at 615.

Mr. Fields could have raised in his § 2255 proceeding the claims that he now brings in his § 2241 petition, and that is all the law requires. *Purkey*, 964 F.3d at 615; *see Webster*, 784 F.3d at 1136. This forecloses Mr. Fields from raising in a § 2241 petition both the claims that he actually raised in his § 2255 proceedings as well as those that he could have, but didn't, raise.

9

For example, in his § 2255 petition, Mr. Fields did not raise at least one aspect of his current *Brady* claim—that the government suppressed photographs of the vehicle he drove on the night of the murder. But the fact that he didn't raise that specific issue in his § 2255 proceeding does not give him the right to raise it later under § 2241. "*Brady* claims alleging suppression of exculpatory evidence . . . are regularly made and resolved under § 2255." *Lee v. Watson*, 964 F.3d 663, 665 (7th Cir. 2020).

If the allegedly withheld evidence became known during his original § 2255 proceedings, then he could have raised his *Brady* claim there. Mr. Fields bears the burden of showing that § 2255 is inadequate or ineffective. *Santiago v. Streeval*, 36 F.4th 700, 711 (7th Cir. 2022) (holding that defendant could not "satisfy the criteria for the § 2255(e) saving clause and win relief under § 2241," and describing this as defendant's "burden"). Yet he has failed to even allege that the withheld evidence was unavailable during his original § 2255 proceedings.

And even assuming that the basis for the *Brady* claim was unknown until after Mr. Fields litigated his original § 2255 motion, § 2255(h) provides an opportunity to bring claims based on newly discovered evidence in a successive motion. 28 U.S.C. § 2255(h)(1) (defendant may bring successive motion based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"). Because § 2255(h)(1) provides a path for Mr. Fields to raise a

10

*Brady* claim attacking his convictions, he cannot instead raise the claim in a § 2241 petition.[2] *Higgs v. Watson*, 841 F. App'x 995, 998 (7th Cir. 2021) ("Because § 2255(h)(1) offered a pathway for Higgs to pursue his *Brady* claim for post-conviction relief, we cannot conclude that § 2255 is 'inadequate or ineffective to test the legality of his detention' in the circumstances present here."). And § 2241 is not available merely because the allegedly withheld evidence is not compelling enough to satisfy § 2255(h)(1). *Id.* (rejecting petitioner's argument that *Brady* claim could proceed in § 2241 petition even though the withheld evidence did not satisfy "the clear and convincing evidence standard required by [§ 2255(h)(1)]" (cleaned up)); *see Webster*, 784 F.3d at 1136 ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied.").

All the remaining claims that were not adjudicated in Mr. Fields's § 2255 proceedings could have been raised either there or on direct appeal. The allegation of trial judge bias in Ground 2 is based on the trial court record, coupled with a 2003 Fifth Circuit opinion. Dkt. 16-1 at 18–20 (arguing that Judge Walter Smith, Jr., operated under a conflict of interest based on his relationship with William Johnston, who represented the victim's family in a civil action); *see Andrade v. Chojnacki*, 338 F.3d 448, 456 (5th Cir. 2003)

---

[2] Unlike Mr. Fields, a petitioner seeking to raise a *Brady* claim attacking his eligibility for the death sentence likely would not have a path under § 2255(h)(1) and therefore might be able to proceed under the Savings Clause. *Cf. Webster*, 784 F.3d at 1140 (allowing claims based on newly discovered evidence undermining petitioner's eligibility for a death sentence to proceed under the Savings Clause).

11

(rejecting argument that Judge Smith's relationship with Mr. Johnston "would even suggest, much less mandate recusal"). Both the trial record in this case and the opinion in *Andrade* were available to Mr. Fields at the time of his § 2255 proceedings. Ground 7, which alleges that Mr. Fields's conviction was improperly based on passion, prejudice, and other arbitrary factors, could have been raised on direct appeal. And Ground 8, which challenges the constitutionality of the Antiterrorism and Effective Death Penalty Act, does not identify a fundamental defect in Mr. Fields's conviction or sentence—at least not one that was not already raised in his other claims.

In short, Mr. Fields has failed to show that he was prevented from raising any claim challenging his conviction or sentence on direct appeal or in his § 2255 proceedings. For this reason, Grounds 1 through 8 are **DISMISSED**.

## IV.
## Conclusion

Grounds 1 through 8 of the petition for writ of habeas corpus are **DISMISSED** based on 28 U.S.C. § 2255(e). Ground 9 is **DISMISSED** as moot. Ground 10 is **WITHDRAWN**. The petition for writ of corpus is therefore **DISMISSED**. Final judgment shall now enter.

**SO ORDERED.**

Date: 9/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Florence Italia Patti
INDIANA FEDERAL COMMUNITY DEFENDERS
italia.patti@fd.org

Zachary Carl Richter
UNITED STATES ATTORNEY'S OFFICE
zachary.c.richter@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov