

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN  46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

October 4, 2022

Florence Italia Patti
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN 46204

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204

RE:  SHERMAN LAMONT FIELDS v. WARDEN

CAUSE NO:  2:16-cv-00418-JPH-MJD

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:16-cv-00418-JPH-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## <u>Selected Rules for Reference</u>

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHERMAN LAMONT FIELDS,    )
                         )
        Petitioner,      )
                         )
    v.                   )          2:16-cv-00418-JPH-MJD
                         )
                         )
WARDEN, USP TERRE HAUTE, )
                         )
        Respondent.      )

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Petitioner, Sherman Fields, by his undersigned counsel, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Opinion and Order of the District Court, Hon. James Patrick Hanlon, United States District Judge, denying Petitioner's Petition for Writ of Habeas Corpus, and judgment thereon, entered on September 19, 2022. (Dkts. 107 & 108).

Respectfully submitted,

DATED: October 3, 2022

F. Italia Patti
F. Italia Patti
Indiana Federal Community
Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: (317) 383-3520
Facsimile: (317) 383-3535
italia_patti@fd.org
*Attorney for Petitioner Sherman Fields*

1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States District Court for the Southern District of Indiana using

the CM/ECF system on October 3, 2022. I certify that all the participants in the

case are registered CM/ECF users and that service will be accomplished by the

CM/ECF system.

<u>F. Italia Patti</u>

F. Italia Patti
Indiana Federal Community
Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: (317) 383-3520
Facsimile: (317) 383-3535
italia_patti@fd.org
*Attorney for Petitioner Sherman Fields*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHERMAN LAMONT FIELDS,               )
                                     )
         Petitioner,                 )
                                     )
v.                                   )          2:16-cv-00418-JPH-MJD
                                     )
                                     )
WARDEN, USP TERRE HAUTE,             )
                                     )
         Respondent.                 )

## DOCKETING STATEMENT

Pursuant to Rules 3(c)(1) and 28(a) of the Circuit Rules for the United States Court of Appeals for the Seventh Circuit, Petitioner-Appellant Sherman Fields hereby submits his Docketing Statement:

(1) The jurisdiction of the United States District Court for the Southern District of Indiana in the above-captioned matter is based upon 28 U.S.C. § 2241.

(2) The United States Court of Appeals for the Seventh Circuit has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 2253(a), in that this is an appeal from a final judgment and order in a habeas corpus proceeding. The order sought to be reviewed, and judgment thereon, were entered on September 19, 2022 (Dkts. 107 &108). The Notice of Appeal in this matter was filed on October 3, 2022.

(3) This appeal is from a final judgment.

(4) There are no prior related appellate proceedings.

1

(5) There is prior litigation in the district court that, although not appealed, arises out of the same criminal conviction: 2:14-cv-00315-WTL-WGH. The petition was voluntarily withdrawn, and the district court dismissed the action without prejudice. Dkt. Nos. 20 & 21.

(6) Mr. Fields is currently confined at the Federal Transfer Center Oklahoma City.

(7) This appeal does not require a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997) (certificate of appealability not required for federal prisoner appealing denial of writ of habeas corpus under 28 U.S.C. § 2241; "Under 28 U.S.C. § 2253(c)(1)(B), a federal prisoner needs a certificate of appealability only when appealing from the denial of relief under 28 U.S.C. § 2255.")

Respectfully submitted,

DATED: October 3, 2022

F. Italia Patti
F. Italia Patti
Indiana Federal Community
Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: (317) 383-3520
Facsimile: (317) 383-3535
italia_patti@fd.org
*Attorney for Petitioner Sherman Fields*

2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the CM/ECF system on October 3, 2022. I certify that all the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

F. Italia Patti

F. Italia Patti
Indiana Federal Community
Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Telephone: (317) 383-3520
Facsimile: (317) 383-3535
italia_patti@fd.org
*Attorney for Petitioner Sherman Fields*

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHERMAN LAMONT FIELDS,          )
                                )
            Petitioner,         )
                                )
        v.                      )   No. 2:16-cv-00418-JPH-MJD
                                )
WARDEN,                         )
                                )
            Respondent.         )

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Sherman Fields's § 2241 petition for writ of habeas corpus.  Because Mr. Fields has not shown that § 2255 is inadequate or ineffective to test the legality of his detention, the Court does not reach the merits of his arguments and his petition is dismissed.

**I.**
**Background**

A jury in the United States District Court for the Western District of Texas convicted Mr. Fields of seven offenses, including three counts of using and carrying a firearm in relation to a crime of violence, *see* 18 U.S.C. § 924(c)(3), and sentenced him to death. After the convictions and sentence were affirmed on appeal, Mr. Fields sought post-conviction relief in the Western District of Texas.  Mr. Fields later brought this action challenging his death sentence and several of his convictions. During a stay in these proceedings, the Western District of Texas vacated two of Mr. Fields's convictions and his death sentence. The stay has been lifted and the § 2241 petition is fully briefed.

1

## A.    Trial and sentencing

The Fifth Circuit summarized the facts of Mr. Fields's crimes in its opinion on direct appeal:

> Fields was arrested on federal firearms charges in September 2001. He was held in federal custody at the McClennan County Detention Center in Waco, Texas. In November 2001, Fields bribed a correctional officer—paying him $5000 in exchange for a key to the detention center's fire escape door. Using the key, Fields escaped.
>
> After fleeing federal custody, Fields met up with a friend. Through this friend, Fields obtained a car and a .32 caliber revolver. That evening, Fields visited his ex-girlfriend, Suncerey Coleman, at Hillcrest Hospital in Waco, where she was attending to her newborn baby. Fields was angry with Coleman for seeing other men. After Fields and Coleman conversed for some time, Fields convinced her to leave the hospital with him. They drove to Downsville, Texas, a small town just outside of Waco. The two had sexual intercourse, and then Fields shot Coleman twice in the head. After that, he dragged her dead body from the road into some underbrush to hide it.
>
> Several days later, Fields approached a Hillcrest Hospital employee, Tammy Edwards, while Edwards was exiting her car. Brandishing a handgun and grabbing her by the throat, Fields demanded that Edwards get back in the car. Although Edwards was able to struggle free, Fields managed to wrestle away her car keys. Fields drove away in Edwards's car.
>
> Coleman's body was found on November 21, more than two weeks after her death. Three days later, police rearrested Fields.

*United States v. Fields*, 483 F.3d 313, 323–24 (5th Cir. 2007) ("*Fields I*").

Mr. Fields waived his right to counsel and represented himself at trial. A jury convicted him on seven counts:

1.    conspiring to escape from federal custody;
2.    escaping from federal custody;
3.    using and carrying a firearm during and in relation to escape, resulting in intentional murder;
4.    carjacking;
5.    using and carrying a firearm during and in relation to carjacking;

2

6. felon in possession of a firearm; and

7. using and carrying a firearm during and in relation to escape.

*Id.* at 324. Mr. Fields was represented by counsel at the penalty phase. He was sentenced to death. *Id.*

## B. Direct appeal and § 2255 motion

On direct appeal, Mr. Fields raised numerous constitutional and statutory challenges to his convictions and death sentence. The Fifth Circuit affirmed both his convictions and the sentence imposed. *Id.* at 362. One judge issued a partial dissent, concluding that the Confrontation Clause applies in capital sentencing proceedings. *Id.* at 362–81 (Benavides, J., dissenting).

With the assistance of counsel, Mr. Fields filed a § 2255 petition seeking to vacate his convictions and sentence and later an amended motion. *United States v. Fields*, 6-01-CR-164-ADA (W.D. Tex.), ECF 318 (amended motion to vacate).[1] In the amended motion, he raised 49 constitutional and statutory grounds for relief. *Id.* at 31–288. The district court issued a 137-page order addressing each claim, as well as numerous other motions, and denied Mr. Fields relief. Dkt. 21-1. Mr. Fields then filed a motion to proceed *pro se* on appeal, which the district court denied. Dkt. 1-2.

Mr. Fields renewed his motion to proceed *pro se* in the Fifth Circuit. Dkt. 1-3. Counsel then filed a response explaining that Mr. Fields did not wish to proceed *pro se* on appeal but did wish to file supplemental *pro se* briefs.

---

[1] The civil action is 6:09-cv-00009-WSS (W.D. Tex.). But the docket for that action provides, "This civil action is opened for statistical purposes only. ALL documents should be filed in criminal case number W-01-CR-164(1)."

Dkt. 1-9. The Fifth Circuit denied the motion. Dkt. 1-10. After counsel filed an opening brief, Mr. Fields filed a *pro se* motion to reconsider the denial of his motion to proceed *pro se*, dkt. 1-14, and a *pro se* "motion to reurge filings," dkt. 1-15. The Fifth Circuit denied the motion to reconsider and took no action on the motion to reurge filings because it was filed *pro se*. Dkt. 1-16. The Fifth Circuit ultimately denied a certificate of appealability in a published decision. *United States v. Fields*, 761 F.3d 443 (5th Cir. 2014) ("*Fields II*").

### C.    28 U.S.C. § 2241 proceedings

In October 2016, Mr. Fields filed a *pro se* petition for writ of habeas corpus in this Court, dkt. 1. The petition—which is 55-pages long and has 87 exhibits—raises nine claims:

1. he was denied the constitutional right to file a *pro se* brief in his § 2255 appeal, dkt. 1 at 14–17;

2. the district judge who presisded over his trial and § 2255 proceedings did so under a conflict of interest, as did one of the judges who decided his § 2255 appeal, *id.* at 18–26;

3. the government suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), *id.* at 27–28;

4. he is actually innocent, *id.* at 28–30;

5. his conviction is the product of a criminal conspiracy between the police, the prosecutors, and several witnesses to convict him through perjured testimony, *id.* at 30–42;

6. his conviction was based on perjured testimony, *id.* at 42–45;

7. his conviction and death sentence were improperly based on passion, prejudice, and other arbitrary factors, *id.* at 45–47;

8. the Antiterrorism and Effective Death Penalty Act is illegal and unconstitutional, *id.* at 47–50; and

9.      the death penalty is illegal and unconstitutional, *id.* at 50–55.

The Court appointed counsel, who later filed an amended petition. Dkt. 16. The

amended petition incorporated the original *pro se* petition and added one

additional claim:

10.      his § 924(c) convictions should be vacated because § 924(c)(3)(B) is
unconstitutionally vague and his convictions do not satisfy
§ 924(c)(3)(A). *Id.*

At the request of the parties, proceedings in this case were stayed in

August 2018. Dkt. 54. That stay was extended in January 2019 in anticipation

of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319

(2019).  Dkt. 71. After *Davis*, proceedings were reopened, dkt. 74, but then

stayed again while Mr. Fields pursued a successive § 2255 motion in the Fifth

Circuit and the Western District of Texas, dkt. 98.

The Fifth Circuit granted leave to file a successive § 2255 motion. On the

parties' joint recommendation, the district court for the Western District of

Texas vacated Mr. Fields's convictions on Counts 3 and 7, both based on use of

a firearm during his escape, and resentenced him to life imprisonment on

Count 5—using and carrying a firearm during a carjacking. *United States v.

Fields*, 6-01-CR-164-ADA (W.D. Tex. Apr. 8, 2021), ECF 418 (judgment).

Mr. Fields has withdrawn his § 924(c) claim (Ground 10) as moot, but he

maintains that other claims first presented in his original *pro se* petition (and

later incorporated into the amended petition) remain viable and require ruling.

Dkt. 106 at 1–2; *see* dkt. 16 at 3 n.2 (incorporating original petition); dkt. 16-1

(original petition attached as exhibit to amended petition).

## II.
## 28 U.S.C. § 2255(e)

Congress chose to "steer[] almost all [federal] prisoner challenges to their convictions and sentences toward § 2255." *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). It did so by requiring federal prisoners to file § 2255 motions in the district of conviction, except for limited instances where a prisoner may file a § 2241 petition by way of the savings clause, 28 U.S.C. § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Without first finding that § 2255 "is inadequate or ineffective to test the legality of his detention", *id.,* a district court cannot reach the merits of the arguments raised in a § 2241 petition. *Id.* (petition otherwise "shall not be entertained"); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). This clause in § 2255(e), aptly described by the Seventh Circuit as the "savings clause" and the "safety valve," thus "recognizes a narrow pathway to the general habeas corpus statute, section 2241." *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020); *see Webster*, 784 F.3d at 1135.

While the Seventh Circuit has not defined the "outer limits of what might prove that section 2255 is 'inadequate or ineffective to test the legality' of a

6

person's detention," *Purkey*, 964 F.3d at 611–12, it has described three cases as "central" to those limits. *See In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998) (claim relying on Supreme Court decision of statutory interpretation made retroactive to cases on collateral review); *Garza v. Lappin*, 253 F.3d 918, 921–23 (7th Cir. 2001) (claim relying on decision issued by international tribunal after § 2255 proceedings were completed); *Webster*, 784 F.3d at 1135–44 (claim relying on evidence that existed but was unavailable at the time of trial and showed that defendant was categorically ineligible for the death penalty). Outside the fact patterns presented in these cases, a petitioner must (at least) make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with the challenged conviction or sentence. *Purkey*, 964 F.3d at 615; *see Webster*, 784 F.3d at 1136 ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

## III.
## Discussion

### A.    Moot and withdrawn claims (Grounds 9 and 10)

Mr. Fields has withdrawn as moot Ground 10, which challenges his § 924(c) convictions. Dkt. 106 at 1–2 and n.1. The Court accepts this withdrawal. Ground 10 is therefore **WITHDRAWN**.

Ground 9, which challenges the death penalty as unconstitutional, is also moot because Mr. Fields's death sentence was vacated. Likewise, any portion of Mr. Fields's other claims that specifically relates to his death

7

sentence is moot. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1268 (11th Cir. 2005) ("Because the defendant's death sentence has been vacated, we dismiss as moot his § 2254 petition to the extent it challenges his death sentence."); *cf. North Carolina v. Rice*, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant . . ., but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."). Ground 9 is therefore **DISMISSED**.

## B.    Remaining claims (Grounds 1 through 8)

None of Mr. Fields's remaining claims may be brought in this § 2241 action because he has not made a "compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with his convictions. *Purkey*, 964 F.3d at 615.

Indeed, Mr. Fields already litigated many of the claims presented in this case in the Fifth Circuit in his § 2255 appeal:

- Ground 1 alleges that Mr. Fields was denied the right to file a *pro se* brief in his § 2255 appeal. The Fifth Circuit addressed this claim in denying his motion to proceed *pro se. See, e.g.*, dkt. 1-16.

- Ground 2 alleges, in part, that Fifth Circuit Judge Edith Jones was biased against him. The Fifth Circuit addressed this claim in denying his motion to disqualify Judge Jones. *United States v. Fields*, 13-70025 (5th Cir. Feb. 27, 2014).

- Ground 3 alleges various *Brady* violations. The Fifth Circuit addressed most of these in denying a certificate of appealability in his § 2255 appeal. *Fields II*, 761 F.3d at 475–76.

- Ground 4 alleges he is actually innocent. The Fifth Circuit addressed this claim in denying a certificate of appealability in his § 2255 appeal. *Id.* at 478–82.

- Grounds 5 and 6 allege that the government knowingly relied on perjured testimony to convict him. The Fifth Circuit addressed these claims in denying a certificate of appealability in his § 2255 appeal. *Id.* at 476–78.

Mr. Fields argues that this Court can adjudicate these claims because they were wrongly decided by the Fifth Circuit. But § 2241 does not vest this Court with the expansive review authority that Mr. Fields imagines. By design, the law steers federal prisoner challenges to their convictions and sentences toward § 2255 for review by the court of conviction and its corresponding court of appeals. *See In re Davenport*, 147 F.3d at 609 ("The purpose behind the enactment of section 2255 was to change the venue of postconviction proceedings brought by federal prisoners from the district of incarceration to the district in which the prisoner had been sentenced." (citing *United States v. Hayman*, 342 U.S. 205, 212–19 (1952)). Within this statutory framework, the court in the district where the prisoner is incarcerated is not authorized to take a fresh look at issues that were already decided by the court of conviction or to evaluate claims that could have been brought in the § 2255 proceeding but were not. Accordingly, "[i]t is not enough that proper use of the statute results in denial of relief." *Purkey*, 964 F.3d at 615.

Mr. Fields could have raised in his § 2255 proceeding the claims that he now brings in his § 2241 petition, and that is all the law requires. *Purkey*, 964 F.3d at 615; *see Webster*, 784 F.3d at 1136. This forecloses Mr. Fields from raising in a § 2241 petition both the claims that he actually raised in his § 2255 proceedings as well as those that he could have, but didn't, raise.

9

For example, in his § 2255 petition, Mr. Fields did not raise at least one aspect of his current *Brady* claim—that the government suppressed photographs of the vehicle he drove on the night of the murder. But the fact that he didn't raise that specific issue in his § 2255 proceeding does not give him the right to raise it later under § 2241. "*Brady* claims alleging suppression of exculpatory evidence . . . are regularly made and resolved under § 2255." *Lee v. Watson*, 964 F.3d 663, 665 (7th Cir. 2020).

If the allegedly withheld evidence became known during his original § 2255 proceedings, then he could have raised his *Brady* claim there. Mr. Fields bears the burden of showing that § 2255 is inadequate or ineffective. *Santiago v. Streeval*, 36 F.4th 700, 711 (7th Cir. 2022) (holding that defendant could not "satisfy the criteria for the § 2255(e) saving clause and win relief under § 2241," and describing this as defendant's "burden"). Yet he has failed to even allege that the withheld evidence was unavailable during his original § 2255 proceedings.

And even assuming that the basis for the *Brady* claim was unknown until after Mr. Fields litigated his original § 2255 motion, § 2255(h) provides an opportunity to bring claims based on newly discovered evidence in a successive motion. 28 U.S.C. § 2255(h)(1) (defendant may bring successive motion based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"). Because § 2255(h)(1) provides a path for Mr. Fields to raise a

10

*Brady* claim attacking his convictions, he cannot instead raise the claim in a § 2241 petition.[2] *Higgs v. Watson,* 841 F. App'x 995, 998 (7th Cir. 2021) ("Because § 2255(h)(1) offered a pathway for Higgs to pursue his *Brady* claim for post-conviction relief, we cannot conclude that § 2255 is 'inadequate or ineffective to test the legality of his detention' in the circumstances present here."). And § 2241 is not available merely because the allegedly withheld evidence is not compelling enough to satisfy § 2255(h)(1). *Id.* (rejecting petitioner's argument that *Brady* claim could proceed in § 2241 petition even though the withheld evidence did not satisfy "the clear and convincing evidence standard required by [§ 2255(h)(1)]" (cleaned up)); *see Webster,* 784 F.3d at 1136 ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied.").

All the remaining claims that were not adjudicated in Mr. Fields's § 2255 proceedings could have been raised either there or on direct appeal. The allegation of trial judge bias in Ground 2 is based on the trial court record, coupled with a 2003 Fifth Circuit opinion. Dkt. 16-1 at 18–20 (arguing that Judge Walter Smith, Jr., operated under a conflict of interest based on his relationship with William Johnston, who represented the victim's family in a civil action); *see Andrade v. Chojnacki,* 338 F.3d 448, 456 (5th Cir. 2003)

---

[2] Unlike Mr. Fields, a petitioner seeking to raise a *Brady* claim attacking his eligibility for the death sentence likely would not have a path under § 2255(h)(1) and therefore might be able to proceed under the Savings Clause. *Cf. Webster,* 784 F.3d at 1140 (allowing claims based on newly discovered evidence undermining petitioner's eligibility for a death sentence to proceed under the Savings Clause).

(rejecting argument that Judge Smith's relationship with Mr. Johnston "would even suggest, much less mandate recusal"). Both the trial record in this case and the opinion in *Andrade* were available to Mr. Fields at the time of his § 2255 proceedings. Ground 7, which alleges that Mr. Fields's conviction was improperly based on passion, prejudice, and other arbitrary factors, could have been raised on direct appeal. And Ground 8, which challenges the constitutionality of the Antiterrorism and Effective Death Penalty Act, does not identify a fundamental defect in Mr. Fields's conviction or sentence—at least not one that was not already raised in his other claims.

In short, Mr. Fields has failed to show that he was prevented from raising any claim challenging his conviction or sentence on direct appeal or in his § 2255 proceedings. For this reason, Grounds 1 through 8 are **DISMISSED**.

## IV.
## Conclusion

Grounds 1 through 8 of the petition for writ of habeas corpus are **DISMISSED** based on 28 U.S.C. § 2255(e). Ground 9 is **DISMISSED** as moot. Ground 10 is **WITHDRAWN**. The petition for writ of corpus is therefore **DISMISSED**. Final judgment shall now enter.

**SO ORDERED.**

Date: 9/19/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

12

Distribution:

Florence Italia Patti
INDIANA FEDERAL COMMUNITY DEFENDERS
italia.patti@fd.org

Zachary Carl Richter
UNITED STATES ATTORNEY'S OFFICE
zachary.c.richter@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHERMAN LAMONT FIELDS,                  )
                                        )
                 Petitioner,            )
                                        )
          v.                            )     No. 2:16-cv-00418-JPH-MJD
                                        )
WARDEN,                                 )
                                        )
                 Respondent.            )

## FINAL JUDGMENT

The Court now enters final judgment. The petition for writ of habeas corpus is **DISMISSED**.

Date:  9/19/2022

                                        _James Patrick Hanlon_
                                        James Patrick Hanlon
Roger A.G. Sharpe, Clerk of Court       United States District Judge
                                        Southern District of Indiana

By: _Pam Pope_
      Deputy Clerk

Distribution:

Florence Italia Patti
INDIANA FEDERAL COMMUNITY DEFENDERS
italia.patti@fd.org

Zachary Carl Richter
UNITED STATES ATTORNEY'S OFFICE
zachary.c.richter@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

# \*\*\* PUBLIC DOCKET \*\*\*

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:16-cv-00418-JPH-MJD

FIELDS v. WARDEN
Assigned to: Judge James Patrick Hanlon
Referred to: Magistrate Judge Mark J. Dinsmore
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 10/26/2016
Date Terminated: 09/19/2022
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas
Corpus
Jurisdiction: U.S. Government Defendant

**Petitioner**

**SHERMAN LAMONT FIELDS**                          represented by    **Florence Italia Patti**
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN 46204
317-383-3520
Email: italia.patti@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey E. Ellis**
LAW OFFICE OF ALSEPT & ELLIS
621 SW Morrison St., Ste 1025
Portland, OR 97205
503-222-9830
Email: jeffreyerwinellis@gmail.com
*TERMINATED: 07/16/2019*
*ATTORNEY TO BE NOTICED*

**Victoria Bailey Casanova**
INDIANA FEDERAL COMMUNITY
DEFENDERS
111 Monument Circle
Suite 3200
Indianapolis, IN 46204
(317) 383-3520
Fax: (317) 383-3525
Email: victoria_casanova@fd.org
*TERMINATED: 06/29/2020*
*ATTORNEY TO BE NOTICED*

V.

## Respondent

**LORETTA LYNCH**                    represented by    **LORETTA LYNCH**
*Attorney General*                                       .
*TERMINATED: 11/29/2016*                                 PRO SE

                                                         **Jennifer Freel**
                                                         UNITED STATES ATTORNEY'S
                                                         OFFICE
                                                         816 Congress Avenue
                                                         Suite 1000
                                                         Austin, TX 78735
                                                         (512) 916-5858
                                                         Fax: (512) 916-5854
                                                         Email: jennifer.freel@usdoj.gov
                                                         *TERMINATED: 11/03/2017*
                                                         *ATTORNEY TO BE NOTICED*

## Respondent

**WARDEN**                           represented by    **James Robert Wood**
*USP TERRE HAUTE*                                        UNITED STATES ATTORNEY'S
                                                         OFFICE (Indianapolis)
                                                         10 West Market Street
                                                         Suite 2100
                                                         Indianapolis, IN 46204
                                                         (317) 229-2462
                                                         Fax: (317) 226-6125
                                                         Email: bob.wood@usdoj.gov
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jennifer Freel**
                                                         (See above for address)
                                                         *TERMINATED: 11/03/2017*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Zachary Carl Richter**
                                                         UNITED STATES ATTORNEY'S
                                                         OFFICE
                                                         816 Congress Ave.
                                                         Suite 1000
                                                         Austin, TX 78701
                                                         512-916-5858
                                                         Fax: 512-916-5854
                                                         Email: zachary.c.richter@usdoj.gov
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|

| | | |
|---|---|---|
| 10/26/2016 | 1 | PETITION for Writ of Habeas Corpus, filed by SHERMAN LAMONT FIELDS. (No fee paid with this filing) (DJH) (Additional attachment(s) added on 10/28/2016: # 1 Exhibit 1 letter, # 2 Exhibit 2 Western District of Texas order, # 3 Exhibit 3 Motion to Proceed Pro Se, # 4 Exhibit 4 letter from Court of Appeals, # 5 Exhibit 5 Freestanding Actual Innocence Brief, # 6 Exhibit 6 Motion to Seal Brief, # 7 Exhibit 7 Motion to Bar, # 8 Exhibit 8 Post Conviction Motion, # 9 Exhibit 9 Response to Pro Se Motion, # 10 Exhibit 10 Order from Court of Appeals, # 11 Exhibit 11 letter from Court of Appeals, # 12 Exhibit 12 letter from Court of Appeals, # 13 Exhibit 13 letter from Court of Appeals, # 14 Exhibit 14 Motion for Reconsideration, # 15 Exhibit 15 Motion to Reurge Filings) (DJH). (Additional attachment(s) added on 10/28/2016: # 16 Exhibit 16 letters from Court of Appeals, # 17 Exhibit 17 Motion Appealing Order from the Fifth Circuit, and Motion to United States Supreme Court, # 18 Exhibit 18 Motion Pursuant to Rule 60, # 19 Exhibit 19 letter from US Supreme Court, # 20 Exhibit 20 letter to Clerk, # 21 Exhibit 21 Page Nos. 51-55 from court document, # 22 Exhibit 22 Judgment from DC Circuit Court of Appeals, # 23 Exhibit 23 page of transcript for voir dire examination, # 24 Exhibit 24 pages of transcript, # 25 Exhibit 25 Examination of Ms. Scroggins by Mr. Fields, # 26 Exhibit 26 Shalaykea Scroggins Grand Jury testimony, # 27 Exhibit 27 Statement of Shalaykea Scroggins, # 28 Exhibit 28 Direct Examination of Edward Outley by Mr. Snyder, # 29 Exhibit 29 Cross-Examination at Shaylakea Scroggins by Mr. Fields, # 30 Exhibit 30 Douglas Kunze Grand Jury testimony) (DJH). (Additional attachment(s) added on 10/28/2016: # 31 Exhibit 31 Motion to Recuse the Hon. Edith Jones, # 32 Exhibit 32 Page 56 of court document, # 33 Exhibit 33 letters, # 34 Exhibit 34 pages of transcript, # 35 Exhibit 35 Cross Examination of Shaylakea Scroggins by Mr. Fields, # 36 Exhibit 36 Direct Examination of James Blair by Mr. Fields, # 37 Exhibit 37 Police Report, # 38 Exhibit 38 Cross-Examination of Steve January, # 39 Exhibit 39 letters, # 40 Exhibit 40 Officer Warning Statement, # 41 Exhibit 41 Cross-Examination by Christian Walker by Mr. Fields, # 42 Exhibit 42 Direct Examination of Edward Outley by Mr. Snyder, # 43 Exhibit 43 Page of Transcript, # 44 Exhibit 44 Re-Cross Examination of Edward Outley by Mr. Fields, # 45 Exhibit 45 Cross-Examination of Edward Outley by Mr. Fields, # 46 Exhibit 46 letter from Edward Lee Outley III "TreyBoy", # 47 Exhibit 47 Cross-Examination of Edward Outley by Mr. Fields, # 48 Exhibit 48 Motion for Discovery, Production, and Inspection of Evidence filed in Western District of Texas, # 49 Exhibit 49 Request by juror filed in Western District of Texas, # 50 Exhibit 50 judge response to juror request) (DJH). (Additional attachment(s) added on 10/28/2016: # 51 Exhibit 51 Johnny Spillman grand jury testimony, # 52 Exhibit 52 Chris Casson grand jury testimony, # 53 Exhibit 53 Cross-Examination of Tanesha Hilliard by Mr. Fields, # 54 Exhibit 54 Sheriff's Office follow-up report, # 55 Exhibit 55 Cross-Examination of Shaylakea Scroggins by Mr. Fields, # 56 Exhibit 56 Direct Examination of Lutrill Payne by Mr. Fields, # 57 Exhibit 57 Report of Investigation, # 58 Exhibit 58 letter from attorney, # 59 Exhibit 59 Direct Examination of Chance Alexander, # 60 Exhibit 60 Direct Examination of Edward Outley by Mr. Snyder, # 61 Exhibit 61 Interview conduct via telephone, # 62 Exhibit 62 Cross-Examination of William Young by Mr. Gloff, # 63 Exhibit 63 Cross-Examination of Douglas Kunze by Mr. Gloff, # 64 Exhibit 64 Direct Examination of William Young by Mr. Fields, # 65 Exhibit 65 Cross-Examination of Edward Outley by Mr. Fields, # 66 Exhibit 66 Statement of Danny Edwards, # 67 Exhibit 67 Tammy Edwards deposition, # 68 Exhibit 68 Tammy Edwards deposition, # 69 Exhibit 69 Direct Examination of Steve January by Mr. Snyder, # 70 Exhibit 70 police report, # 71 Exhibit 71 police report narrative, # 72 |

| | | |
|---|---|---|
| | | Exhibit 72 Statement of Christian Walker) (DJH). (Additional attachment(s) added on 10/28/2016: # 73 Exhibit 73 Statement of Christian Walker, # 74 Exhibit 74 Government's Motion for Downward Departure filed in Western District of Texas, # 75 Exhibit 75 Cross-Examination of Christian Walker by Mr. Fields, # 76 Exhibit 76 Chris Walker's grand jury testimony, # 77 Exhibit 77 letter to US Attorney from Homero DeLeon, # 78 Exhibit 78 Direct Examination of Homero DeLeon by Mr. Snyder, # 79 Exhibit 79 Cross Examination of Homero DeLeon by Fields, # 80 Exhibit 80 Report of Investigation, # 81 Exhibit 81 Direct Examination of Douglas Kunze by Mr. Gloff, # 82 Exhibit 82 letter from attorney Scott Peterson, # 83 Exhibit 83 Direct Examination of Parnell McNamara by Mr. Gloff, # 84 Exhibit 84 Hubert Steadman's grand jury testimony, # 85 Exhibit 85 Sheriff's Office follow-up report, # 86 Exhibit 86 jury findings on Statutory Aggravating Factors, # 87 Exhibit 87 page from court document, # 88 Envelope) (DJH). (Entered: 10/27/2016) |
| 10/26/2016 | 2 | MOTION for Leave to Proceed in forma pauperis, filed by Petitioner SHERMAN LAMONT FIELDS. (DJH) (Additional attachment(s) added on 10/28/2016: # 1 Envelope) (DJH). (Entered: 10/27/2016) |
| 10/26/2016 | 3 | MOTION for Writ of Conspiracy/Writ of Error Coram Nobis filed by Petitioner SHERMAN LAMONT FIELDS. (DJH) (Additional attachment(s) added on 10/28/2016: # 1 Envelope) (DJH). (Entered: 10/27/2016) |
| 10/27/2016 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 10/27/2016) |
| 11/29/2016 | 5 | Entry Concerning Selected Matters: The petitioner's custodian is the sole proper respondent and is now substituted for the official originally designated as respondent. 2.The request to proceed in forma pauperis [dkt 2 ] is granted. Copy sent to Petitioner via US Mail. Signed by Judge Jane Magnus-Stinson on 11/29/2016. (DW) (Entered: 11/29/2016) |
| 12/07/2016 | 6 | Correspondence REQUESTING COPY of Case Docket Sheet, filed by Petitioner. Copy/Copies provided via US Mail. (Attachments: # 1 Copy of Docket Sheet, # 2 Envelope) (DW) (Entered: 12/08/2016) |
| 01/25/2017 | 7 | MOTION for deadlines, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Envelope)(DW) (Entered: 01/26/2017) |
| 02/06/2017 | 8 | Entry Concerning Selected Matters - Therefore, his motion for a writ of conspiracy/writ of error coram nobis is premature. Being premature, the motion [dkt 3 ] is denied without prejudice. 2.A copy of the docket sheet shall be included with the petitioner's copy of this Entry. 3.An Order to Show Cause is being issued concurrent with this Entry. The petitioner's motion for deadlines is therefore denied as moot (SEE ENTRY). Copy sent to Petitioner via US Mail. Signed by Judge Jane Magnus-Stinson on 2/6/2017. (DW) (Entered: 02/06/2017) |
| 02/06/2017 | 9 | ENTRY and ORDER TO SHOW CAUSE - The respondent shall have through April 18, 2017 in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have thirty (30) days after service of the answer in which to reply (SEE ENTRY). Copy sent to Petitioner via US Mail. Signed by Judge Jane Magnus-Stinson on 2/6/2017.(DW) (Entered: 02/06/2017) |

| 04/04/2017 | 10 | NOTICE of Appearance and Motion for Extension of Time to Amend Petition by Jeffrey E. Ellis on behalf of Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) Modified on 4/5/2017 (DW). (Entered: 04/04/2017) |
| --- | --- | --- |
| 04/06/2017 | 11 | ORDER granting 10 Motion for Extension of Time. The petitioner shall have through April 28, 2017 in which to file an amended petition for writ of habeas corpus. Signed by Judge Jane Magnus-Stinson on 4/6/2017. (DW) (Entered: 04/06/2017) |
| 04/07/2017 | 12 | NOTICE of Appearance by James Robert Wood on behalf of Respondent WARDEN. (Wood, James) (Entered: 04/07/2017) |
| 04/14/2017 | 13 | MOTION for Extension of Time to *FILE RESPONSE TO ANTICIPATED AMENDED PETITION FOR WRIT OF HABEAS CORPUS*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 04/14/2017) |
| 04/18/2017 | 14 | ORDER granting 13 Motion for Extension of Time. The Respondent shall have thirty (30) days after the filing of the Petitioner's Amended Petition for Writ of Habeas Corpus to file his response to the amended petition. Signed by Judge Jane Magnus-Stinson on 4/18/2017. (DW) (Entered: 04/18/2017) |
| 04/19/2017 | 15 | NOTICE of intent to respond, filed by Petitioner SHERMAN LAMONT FIELDS (Attachments: # 1 Envelope) (DW) (Entered: 04/20/2017) |
| 04/26/2017 | 16 | AMENDED COMPLAINT *Petition for Writ of Habeas Corpus* against WARDEN, filed by SHERMAN LAMONT FIELDS. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Ellis, Jeffrey) (Entered: 04/26/2017) |
| 05/11/2017 | 17 | NOTICE OF EX PARTE TELEPHONIC CONFERENCE - A telephonic conference will be conducted on May 30, 2017 at 2:00 p.m., Eastern Time. Participants shall call 317-229-3670, from which they will be connected to the conference (SEE NOTICE). Signed by Judge Jane Magnus-Stinson on 5/11/2017.(DW) (Entered: 05/11/2017) |
| 05/16/2017 | 18 | ORDER TO MAKE PETITIONER AVAILABLE TO PARTICIPATE IN EX PARTE TELEPHONIC CONFERENCE - To: Warden (c/o Counselor Andrew Sutton) United States Penitentiary - Terre Haute. A telephonic conference has been set for May 30, 2017 at 2:00 o'clock p.m., Eastern Time. The petitioner will participate in the conference. You or your designee(s) are ORDERED to make Sherman Fields available to participate in the conference just described and to place a call to the Court at 317-229-3670 at the time set for the conference. (See Order.) Signed by Honorable Judge Jane Magnus Stinson on 5/16/2017.(RSF) Modified on 5/16/2017 (RSF). (Entered: 05/16/2017) |
| 05/17/2017 | 19 | NOTICE of Appearance by Jennifer Freel on behalf of Respondent WARDEN. (Freel, Jennifer) (Entered: 05/17/2017) |
| 05/18/2017 | 20 | Submission of Signature Requirement re 19 Notice of Appearance by WARDEN. (Freel, Jennifer) (Entered: 05/18/2017) |
| 05/26/2017 | 21 | ANSWER to 16 Amended Complaint, 1 Petition for Writ of Habeas Corpus , RESPONSE to 16 Amended Complaint, 1 Petition for Writ of Habeas Corpus , filed by LORETTA LYNCH, WARDEN. (Attachments: # 1 Appendix A: District Court Order Denying 2255 Relief, # 2 Appendix B: Docket Sheet, # 3 Appendix C: Letter |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------------|-----|-------|
|            |     | to District Court, # 4 Appendix D: Motion to Proceed Pro Se, # 5 Appendix E: Response to Pro Se Motion, # 6 Appendix F: Order Denying Pro Se Motion, # 7 Appendix G: Response to Notice, # 8 Appendix H: Motion for Reconsideration, # 9 Appendix I: Order Denying Motion to Reconsider)(Freel, Jennifer) (Entered: 05/26/2017) |
| 05/31/2017 | 22  | MINUTE ENTRY for proceedings held before Judge Jane Magnus-Stinson: A telephonic conference was conducted on May 30, 2017. The petitioner participated in person and his counsel of record also participated. As previously determined, the conference was ex parte and in camera. The court reporter was Jean Knepley. The representation of counsel of record for the petitioner shall continue. The petitioner's request that his desire to have the opportunity to submit a pro se supplemental brief dkt 15 is granted in part. The petitioner shall have through July 20, 2017 in which to submit the combined reply to the respondent's answer to the amended petition for writ of habeas corpus, mislabeled in docket item 21 as answer to amended complaint. (See Entry.) Signed by Judge Jane Magnus-Stinson. (Court Reporter Jean Knepley.)(RSF) (Entered: 06/01/2017) |
| 05/31/2017 | 23  | ***STRICKEN PER 24 ENTRY and NOTICE*** Submission of Letter Regarding Claims, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Envelope)(APD) Modified on 6/8/2017 (DW). (Entered: 06/01/2017) |
| 06/08/2017 | 24  | ENTRY AND NOTICE - Consistent with the Entry of May 31, 2017, issued following the conference of May 30, 2017, Mr. Fields' pro se filing of May 31, 2017 is stricken and shall be returned to his counsel of record with a copy of this Entry. Copy of filing and Entry sent to Attorney Jeffrey E. Ellis. Signed by Judge Jane Magnus-Stinson on 6/8/2017.(DW) (Entered: 06/08/2017) |
| 07/17/2017 | 25  | REPLY in Support of Motion re 3 MOTION for Writ , filed by Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 07/17/2017) |
| 07/20/2017 | 26  | ENTRY Discussing Pro Se Submission - The Court received a pro se submission directly from the petitioner in this action even though he is represented by counsel. The Court previously stated that "[t]he petitioner shall not file material directly with the Court and material received directly from the petitioner, if submitted, shall be returned unfiled." Filing No. 22 at 2. Accordingly, the clerk is directed to return the petitioner's submission to him unfiled. Copy of Entry and material sent to Petitioner via US Mail. Signed by Judge Jane Magnus-Stinson on 7/20/2017.(DW) (Entered: 07/20/2017) |
| 08/24/2017 | 27  | MOTION *for Immediate Relief*, filed by Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 08/24/2017) |
| 08/25/2017 | 28  | ENTRY Directing Briefing Schedule - Presently before the Court is the petitioner's Motion for Immediate Release. The respondent have through September 8, 2017, in which to file a response brief. The petitioner shall have through September 15, 2017, in which to file a reply brief. Signed by Judge Jane Magnus-Stinson on 8/25/2017.(DW) (Entered: 08/25/2017) |
| 09/01/2017 | 29  | RESPONSE in Opposition re 27 MOTION *for Immediate Relief* . (Freel, Jennifer) (Entered: 09/01/2017) |
| 09/08/2017 | 30  | MOTION for Petitioner to Proceed prose again, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Envelope)(DW) (Entered: 09/11/2017) |

| 09/14/2017 | 31 | REPLY in Support of Motion re 27 MOTION *for Immediate Relief* , filed by Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 09/14/2017) |
| --- | --- | --- |
| 09/15/2017 | 32 | Entry and Notice - Consistent with the Entry of May 31, 2017, issued following the conference of May 30, 2017, Mr. Fields's pro se filing of September 8, 2017, dkt. 30 , is stricken and shall be returned to his counsel of record with a copy of this Entry. The clerk is directed to terminate this filing as a pending motion on the docket. Signed by Judge Jane Magnus-Stinson on 9/15/2017. (DW) (Entered: 09/15/2017) |
| 10/02/2017 | 33 | Entry Denying Motion for Immediate Relief and Directing Further Proceedings - The petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 challenging his death sentence imposed after being convicted of violating 18 U.S.C. § 924(c) in the United States District Court for the Western District of Texas. Presently pending is the petitioner's motion for immediate relief in light of the Seventh Circuit's recent decision. The petitioner's motion for immediate relief, dkt. 27 , is denied. The petitioner must file a brief regarding how the Supreme Court's decision in Dimaya impacts the issue in this case by no later than twenty-eight days after Dimaya is decided. The respondent has fourteen days after the petitioner's brief is filed to file a response. (See Entry.) Signed by Judge Jane Magnus-Stinson on 10/2/2017. (RSF) (Entered: 10/02/2017) |
| 10/25/2017 | 34 | ***STRICKEN PER 35 ENTRY*** MOTION for Immediate Relief, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(DW) (Additional attachment(s) added on 10/26/2017: # 5 Envelope) (DW). Modified on 11/1/2017 (DW). Modified on 11/1/2017 (DW). (Entered: 10/26/2017) |
| 11/01/2017 | 35 | Entry and Notice - Consistent with the Entry of May 31, 2017, issued following the conference of May 30, 2017, Mr. Fields's pro se filing of October 25, 2017, dkt. 34 , is stricken and his counsel is hereby notified of its filing. The clerk is directed to terminate this filing as a pending motion on the docket. Signed by Judge Jane Magnus-Stinson on 11/1/2017. (DW) (Entered: 11/01/2017) |
| 11/02/2017 | 36 | NOTICE of Withdrawal of Appearance by *Jennifer Freel* on behalf of All Defendants (Freel, Jennifer) (Entered: 11/02/2017) |
| 12/13/2017 | 37 | MOTION to Appoint Counsel , filed by Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 12/13/2017) |
| 12/21/2017 | 38 | ORDER granting 37 Motion to Appoint Counsel. It is hereby ordered that Jeffrey Ellis of the Law Office of Alsept & Ellis, LLC is appointed as counsel for Petitioner, Sherman L. Fields, in the above-entitled matter. Payment is authorized pursuant to the CJA plan. It is counsel's responsibility to provide necessary documents to the Court's finance department in order establish a local account in Evoucher. Copy distributed pursuant to distribution list. Signed by Judge Jane Magnus-Stinson on 12/21/2017. (RSF) (Entered: 12/21/2017) |
| 12/21/2017 | 39 | NOTICE of Appearance by Zachary Carl Richter on behalf of Respondent WARDEN. (Richter, Zachary) (Entered: 12/21/2017) |
| 05/02/2018 | 40 | Unopposed MOTION for Extension of Time to 6/14/2018 in which to 33 Order on Motion *Re: Impact of Dimaya*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Ellis, Jeffrey) (Entered: 05/02/2018) |

| 05/03/2018 | 41 | ORDER granting 40 Motion for Extension of Time until June 14, 2018, to file his brief regarding the impact of Dimaya on this case. Respondent has fourteen days after the petitioner's brief is filed to file a response. Signed by Judge Jane Magnus-Stinson on 5/3/2018. (DW) (Entered: 05/03/2018) |
| --- | --- | --- |
| 06/13/2018 | 42 | BRIEF/MEMORANDUM in Support *OF DEFENDANTS AMENDED PETITION FOR WRIT OF HABEAS CORPUS, REGARDING THE SUPREME COURTS HOLDING IN SESSIONS v. DIMAYA*, re 33 Order on Motion, filed by Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 06/13/2018) |
| 06/18/2018 | 43 | Unopposed MOTION for Extension of Time to 8/6/18 in which to 42 Brief/Memorandum in Support , filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Richter, Zachary) (Entered: 06/18/2018) |
| 06/20/2018 | 44 | ORDER - For good cause shown, this Court grants Respondent an extension of time 43 until August 6, 2018, to file a response to Petitioner Sherman Fields's supplemental briefing on the effect of the decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Signed by Judge Jane Magnus-Stinson on 6/20/2018. (DW) (Entered: 06/20/2018) |
| 07/27/2018 | 48 | Unopposed MOTION for Extension of Time to 8/13/18 *for Supplemental Briefing*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Richter, Zachary) (Entered: 07/27/2018) |
| 08/02/2018 | 49 | ORDER GRANTING MOTION FOR EXTENSION OF TIME - This Court grants Respondent's motion for an extension of time, dkt. 48 , until August 13, 2018, to file a response to Petitioner Sherman Fields's supplemental briefing. (See Order.) Signed by Judge Jane Magnus-Stinson on 8/2/2018. (DMW) (Entered: 08/02/2018) |
| 08/13/2018 | 50 | BRIEF *Supplemental* on *Sessions v. Dimaya*, filed by Respondent WARDEN. (Richter, Zachary) Modified on 8/14/2018 (JD). (Entered: 08/13/2018) |
| 08/13/2018 | 51 | NOTICE of Filing *(Manual) of Attachment to Supplemental Brief* by WARDEN (Richter, Zachary) (Entered: 08/13/2018) |
| 08/14/2018 | 53 | Remark - One (1) DVD containing transcripts from the criminal trial re 51 NOTICE of Filing *(Manual) of Attachment to Supplemental Brief* by WARDEN (Richter, Zachary) (Attachments: # 1 Envelope) (DWH) (Entered: 08/15/2018) |
| 08/15/2018 | 52 | Unopposed MOTION to Stay *Proceedings*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Ellis, Jeffrey) (Entered: 08/15/2018) |
| 08/16/2018 | 54 | ORDER STAYING PROCEEDINGS - This Court orders a stay of these proceedings to allow the parties to attempt to reach an agreed resolution 52 . Mr. Fields shall file a report every 30 days regarding the status of negotiations. If either party reports that an agreed settlement cannot be reached, this Court shall dissolve the stay. Signed by Judge Jane Magnus-Stinson on 8/16/2018. (DWH) (Entered: 08/16/2018) |
| 09/16/2018 | 55 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 09/16/2018) |
| 09/17/2018 | 56 | CERTIFICATE OF SERVICE by SHERMAN LAMONT FIELDS re 55 Status Report (Ellis, Jeffrey) (Entered: 09/17/2018) |

| 10/11/2018 | 58 | Entry Striking Pro Se Filing - Consistent with the Entry of May 31, 2017, issued following the conference of May 30, 2017, Petitioner Sherman Field's pro se filing of October 9, 2018, dkt. 57 , is stricken. The clerk is directed to add an ex parte restriction to this filing. Signed by Judge Jane Magnus-Stinson on 10/11/2018. (DMW) (Entered: 10/11/2018) |
|---|---|---|
| 10/15/2018 | 59 | STATUS REPORT *(Second)* by SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 10/15/2018) |
| 11/07/2018 | 60 | Notice of Docketing from 7th Circuit Court of Appeals - Case No. 18-3389 assigned to Petition for Writ of Mandamus filed with the 7th Circuit by SHERMAN L. FIELDS. (LBT) (Entered: 11/07/2018) |
| 11/13/2018 | 63 | Reassignment of Case to Judge James Patrick Hanlon. Judge Jane Magnus-Stinson is no longer assigned to this case. Please include the new case number ( 2:16-cv-418-JPH-MJD), which includes the initials of the newly assigned judge, on all future filings in this matter. (CDad) (Entered: 11/13/2018) |
| 11/15/2018 | 64 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 11/15/2018) |
| 12/14/2018 | 65 | USCA Order (Certified) (USCA #18-3389) - IT IS ORDERED that the petition for writ of mandamus is DENIED. (MAT) (Entered: 12/14/2018) |
| 12/27/2018 | 66 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 12/27/2018) |
| 01/10/2019 | 67 | MOTION to Modify *Stay*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Richter, Zachary) (Entered: 01/10/2019) |
| 01/22/2019 | 68 | RESPONSE in Opposition re 67 MOTION to Modify *Stay* , filed by Petitioner SHERMAN LAMONT FIELDS. (Ellis, Jeffrey) (Entered: 01/22/2019) |
| 01/29/2019 | 69 | REPLY in Support of Motion re 67 MOTION to Modify *Stay* , filed by Respondent WARDEN. (Richter, Zachary) (Entered: 01/29/2019) |
| 03/06/2019 | 70 | ORDER REGARDING FILINGS FROM THE PETITIONER - The Clerk's Office received material directly from the petitioner on February 28, 2019. The material includes a motion regarding his counsel and a document entitled "Writ of Actual Innocence." The petitioner is again reminded that all filings must be submitted by his counsel. The Clerk is ordered to send this material, unfiled, to the petitioner's counsel with counsel's copy of this Order. Any material the petitioner may attempt to submit directly to the Court in the future will be sent, unfiled, to the petitioner's counsel. Any such material that is inadvertently filed will be stricken. Copy of Order and Plaintiff's submission mailed to counsel. Signed by Judge James Patrick Hanlon on 3/6/2019.(RSF) Modified on 3/6/2019 (RSF). (Entered: 03/06/2019) |
| 03/08/2019 | 71 | ORDER GRANTING MOTION TO MODIFY STAY - Respondent's motion to modify the stay, dkt. 67 , is granted. This action is stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. Respondent shall have fourteen days from the date the Supreme Court issues a decision in Davis to file a motion to lift the stay. The clerk is directed to administratively close this action on the docket. Once Respondent files a motion to lift the stay, the Court will administratively open this action and direct how this action will proceed to resolution. (See Order.) Signed by Judge James Patrick Hanlon on 3/8/2019. |

| | | (DMW) (Entered: 03/08/2019) |
|---|---|---|
| 04/17/2019 | 72 | Notice of Docketing from 7th Circuit Court of Appeals - (USCA #19-1708) assigned to Petition Extraordinary Writ filed with the 7th Circuit by SHERMAN L. FIELDS. (MAT) (Entered: 04/17/2019) |
| 04/24/2019 | 73 | USCA Order (re #19-1708) - IT IS ORDERED that the petition for other extraordinary writ and the motion to proceed in forma pauperis areDENIED.(LBT) (Entered: 04/24/2019) |
| 06/26/2019 | 74 | Order Lifting Stay and Directing Further Proceedings - The Court stayed this action pending the Supreme Court's resolution of United States v. Davis, No. 18-431. The Supreme Court issued a decision in Davis on June 24, 2019. Accordingly, this action is no longer stayed. Respondent shall have through August 9, 2019, in which to file a supplemental brief addressing how the Supreme Court's decision in Davis impacts the issues in this action. Petitioner shall have through September 6, 2019, to file a responsive supplemental brief. The clerk is directed to re-open this action on the docket. Signed by Judge James Patrick Hanlon on 6/26/2019. (DMW) (Entered: 06/26/2019) |
| 06/28/2019 | 75 | MOTION *for Substitution of Counsel*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Ellis, Jeffrey) Modified on 7/1/2019 to edit event and document title(DMW). (Entered: 06/28/2019) |
| 07/16/2019 | 76 | Order Granting Motion for Substitution of Counsel - Petitioner's motion for substitution of counsel, dkt. 75 , is granted. Jeffrey Ellis is permitted to withdraw and the Indiana Federal Community Defender ("IFCD") is substituted as counsel to represent Petitioner in this action. The Court has already received Petitioner's pro se supplemental brief, and thus will not permit any more pro se filings by Petitioner. (See Order.) Copy to IFCD via US Mail. Signed by Judge James Patrick Hanlon on 7/16/2019. (DMW) (Entered: 07/17/2019) |
| 07/17/2019 | 77 | NOTICE of Appearance by Victoria Bailey Casanova on behalf of Petitioner SHERMAN LAMONT FIELDS. (Casanova, Victoria) (Entered: 07/17/2019) |
| 07/25/2019 | 78 | Unopposed MOTION for Extension of Time to 9/6/2019 *for Supplemental Briefing*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Richter, Zachary) (Entered: 07/25/2019) |
| 07/30/2019 | 79 | Order Granting Motion to Extend Time - granting 78 Motion for Extension of Time. For good cause shown, this Court grants Respondent until September 6, 2019, to file a supplemental brief on the effect of United States v. Davis, 139 S. Ct. 2319 (2019). Petitioner shall have through October 7, 2019, to file a responsive supplemental brief. Signed by Judge James Patrick Hanlon on 7/30/2019. (DMW) (Entered: 07/30/2019) |
| 08/14/2019 | 80 | NOTICE of Appearance by Florence Italia Patti on behalf of Petitioner SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 08/14/2019) |
| 09/06/2019 | 81 | Brief *(Supplemental) on United States v. Davis* by WARDEN. (Richter, Zachary) (Entered: 09/06/2019) |

| | | |
|---|---|---|
| 09/18/2019 | 82 | Unopposed MOTION for Extension of Time to December 6, 2019 *to File Supplemental Brief*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Casanova, Victoria) (Entered: 09/18/2019) |
| 09/19/2019 | 83 | SEALED TRANSCRIPT of Ex Parte Telephonic Conference held on 5-30-17 before Judge Jane Magnus-Stinson. (9 pages.) Court Reporter/Transcriber: Jean Knepley (Telephone: (317) 696-3565). (Knepley, Jean) (Entered: 09/19/2019) |
| 09/19/2019 | 84 | NOTICE of FILING of OFFICIAL TRANSCRIPT under SEAL of Ex Parte Telephonic Conference held before Judge Jane Magnus-Stinson on 5-30-17 (Knepley, Jean) (Entered: 09/19/2019) |
| 09/19/2019 | 85 | ORDER GRANTING EXTENSION OF TIME - granting 82 Motion for Extension of Time. Petitioner Sherman Lamont Fields has through December 6, 2019 to file his supplemental Davis brief. Signed by Judge James Patrick Hanlon on 9/19/2019. (DMW) (Entered: 09/20/2019) |
| 11/21/2019 | 86 | Unopposed MOTION for Extension of Time to January 6, 2020 *to File Supplemental Brief*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order Proposed Order)(Casanova, Victoria) (Entered: 11/21/2019) |
| 11/26/2019 | 87 | ORDER - granting 86 Motion for Extension of Time. Petitioner Sherman Lamont Fields has through January 6, 2020 to file his supplemental Davis brief. Signed by Judge James Patrick Hanlon on 11/26/2019. (RSF) (Entered: 11/26/2019) |
| 12/23/2019 | 88 | Unopposed MOTION for Extension of Time to January 21, 2020 *to File Supplemental Brief*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Casanova, Victoria) (Entered: 12/23/2019) |
| 12/31/2019 | 89 | ORDER granting 88 Motion for Extension of Time to File - Petitioner Sherman Lamont Fields has through January 21, 2020 to file his supplemental Davis brief. Signed by Judge James Patrick Hanlon on 12/31/2019. (KAA) (Entered: 12/31/2019) |
| 01/07/2020 | 90 | MOTION to Stay *Proceedings and Hold Case in Abeyance*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order) (Casanova, Victoria) (Entered: 01/07/2020) |
| 01/16/2020 | 91 | Unopposed MOTION for Extension of Time to Following the Court's Ruling on Petitioner's Motion to Stay , filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Casanova, Victoria) (Entered: 01/16/2020) |
| 01/21/2020 | 92 | ORDER granting 91 Motion for Extension of Time - Petitioners Fourth Unopposed Motion for an Extension of Time to File his Supplemental Brief, filed with the Court on January 16, 2019 if GRANTED. if the Court denies Petitioners Motion to Stay Proceedings and Hold Case in Abeyance, Petitioners supplemental Davis brief shall be due seven (7) days following issuance of that ruling. Signed by Judge James Patrick Hanlon on 1/21/2020. (KAA) (Entered: 01/21/2020) |
| 01/21/2020 | 93 | RESPONSE to Motion re 90 MOTION to Stay *Proceedings and Hold Case in Abeyance* , filed by Respondent WARDEN. (Richter, Zachary) (Entered: |

| | | 01/21/2020) |
|---|---|---|
| 01/28/2020 | 94 | REPLY in Support of Motion re 90 MOTION to Stay *Proceedings and Hold Case in Abeyance* , filed by Petitioner SHERMAN LAMONT FIELDS. (Casanova, Victoria) (Entered: 01/28/2020) |
| 05/05/2020 | 95 | NOTICE of Filing by SHERMAN LAMONT FIELDS (Attachments: # 1 Exhibit A - Motion for Authorization to File Successive 2255 Motion, # 2 Exhibit B - Exhibits Filed in Support of Motion for Authorization to File Successive 2255 Motion) (Casanova, Victoria) (Entered: 05/05/2020) |
| 06/26/2020 | 96 | MOTION to Withdraw Attorney Appearance *of Victoria Bailey Casanova*, filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Casanova, Victoria) (Entered: 06/26/2020) |
| 06/29/2020 | 97 | ORDER granting 96 Motion to Withdraw Attorney Appearance. Attorney Victoria Bailey Casanova withdrawn. Signed by Magistrate Judge Mark J. Dinsmore on 6/29/2020. (KAA) (Entered: 06/30/2020) |
| 07/27/2020 | 98 | ORDER GRANTING UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF SUCCESSIVE § 2255 MOTION - The Court finds that a stay is warranted. Accordingly, Mr. Fields's motion to stay proceedings, dkt. 90 , is GRANTED. This action is stayed pending resolution of Mr. Fields's yet-unfiled successive § 2255 motion. The respondent shall have 14 days from the final resolution of Mr. Fields's § 2255 motion (including any appeals) to file a motion to lift the stay. Mr. Fields shall file a status report every 60 days, beginning from the date this Order is entered, updating the Court regarding his § 2255 proceedings. The clerk is directed to procedurally close this case. All deadlines and hearings are vacated. Signed by Judge James Patrick Hanlon on 7/27/2020.(KAA) (Entered: 07/27/2020) |
| 09/25/2020 | 99 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 09/25/2020) |
| 11/24/2020 | 100 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 11/24/2020) |
| 01/25/2021 | 101 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 01/25/2021) |
| 03/24/2021 | 102 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 03/24/2021) |
| 05/21/2021 | 103 | STATUS REPORT by SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 05/21/2021) |
| 05/26/2021 | 104 | Unopposed MOTION *to Lift Stay*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Richter, Zachary) (Entered: 05/26/2021) |
| 06/29/2021 | 105 | ORDER LIFTING STAY AND DIRECTING FURTHER PROCEEDINGS- Respondent's unopposed motion to lift the stay in this action, dkt. 104 , is therefore GRANTED, and this action is no longer stayed. The clerk is directed to reopen this action on the docket. Mr. Fields shall have through July 30, 2021, to file a supplemental brief addressing United States v. Davis, 139 S. Ct. 2319 (2019). See dkt. 74 (directing parties to file supplemental briefs); dkt. 81 (government's supplemental brief). SEE ORDER. Signed by Judge James Patrick Hanlon on |

| | | |
|---|---|---|
| | | 6/30/2021.(JRB) Modified on 6/30/2021 (JRB). (Entered: 06/30/2021) |
| 07/30/2021 | 106 | Brief *(Supplemental Brief on Davis)* re 105 Order Reopening Case by SHERMAN LAMONT FIELDS. (Patti, Florence) (Entered: 07/30/2021) |
| 09/19/2022 | 107 | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS - Grounds 1 through 8 of the petition for writ of habeas corpus are DISMISSED based on 28 U.S.C. § 2255(e). Ground 9 is DISMISSED as moot. Ground 10 is WITHDRAWN. The petition for writ of corpus is therefore DISMISSED. Final judgment shall now enter. Signed by Judge James Patrick Hanlon on 9/19/2022.(KAA) (Entered: 09/19/2022) |
| 09/19/2022 | 108 | FINAL JUDGMENT - The Court now enters final judgment. The petition for writ of habeas corpus is DISMISSED. Signed by Judge James Patrick Hanlon on 9/19/2022.(KAA) (Entered: 09/20/2022) |
| 10/03/2022 | 109 | NOTICE OF APPEAL as to 108 Closed Judgment, 107 Order, filed by Petitioner SHERMAN LAMONT FIELDS. (No fee paid with this filing) (Patti, Florence) (Entered: 10/03/2022) |
| 10/03/2022 | 110 | DOCKETING STATEMENT by SHERMAN LAMONT FIELDS re 109 Notice of Appeal (Patti, Florence) (Entered: 10/03/2022) |
| 10/03/2022 | 111 | MOTION to Proceed on Appeal in forma pauperis , filed by Petitioner SHERMAN LAMONT FIELDS. (Attachments: # 1 Text of Proposed Order)(Patti, Florence) (Entered: 10/03/2022) |

**Case #: 2:16-cv-00418-JPH-MJD**