# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

January 6, 2025

To: Kristine L. Seufert
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute, IN 47807

| | |
|---|---|
| No. 22-2762 | SHERMAN L. FIELDS,<br>  Petitioner - Appellant<br><br>v.<br><br>JOHN GILLEY, Warden,<br>  Respondent - Appellee |

| **Originating Case Information:** |
|---|
| District Court No: 2:16-cv-00418-JPH-MJD |
| Southern District of Indiana, Terre Haute Division |
| District Judge James P. Hanlon |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                No record to be returned

form name: **c7_Mandate**   (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

November 13, 2024

Before

ILANA DIAMOND ROVNER, *Circuit Judge*
CANDACE JACKSON-AKIWUMI, *Circuit Judge*
DORIS L. PRYOR, *Circuit Judge*

|  |  |
|---|---|
| No. 22-2762 | SHERMAN L. FIELDS,<br>　　　　Petitioner - Appellant<br><br>v.<br><br>JOHN GILLEY, Warden,<br>　　　　Respondent - Appellee |

| Originating Case Information: |
|---|
| District Court No: 2:16-cv-00418-JPH-MJD<br>Southern District of Indiana, Terre Haute Division<br>District Judge James P. Hanlon |

The decision of the district court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment**　　(form ID: **132**)

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-2762

SHERMAN L. FIELDS,

*Petitioner-Appellant*,

*v.*

JOHN GILLEY, Warden,

*Respondent-Appellee*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:16-cv-418 — **James P. Hanlon**, *Judge*.

_____

ARGUED NOVEMBER 8, 2023 — NOVEMBER 13, 2024

_____

Before ROVNER, JACKSON-AKIWUMI and PRYOR, *Circuit Judges*.

ROVNER, *Circuit Judge*. Sherman Fields is a federal prisoner who filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed the petition, and he now appeals that determination. The procedural history in this case leading to the § 2241 petition is a convoluted one, and we therefore provide a general overview, examining more closely only the history directly relevant here.

2                                                        No. 22-2762

In 2001, Fields was in federal custody, on the charge of being a felon in possession of a firearm, when he bribed a correctional officer with a $5,000 payment in return for a key to the detention center's fire escape. He used that key to escape, and over the course of several days, he engaged in violent crimes including the murder of his ex-girlfriend and the carjacking of another woman at gunpoint, all with the use of a firearm. He was arrested and charged with seven counts: count one—conspiracy to escape from federal custody and to possess contraband in prison, 18 U.S.C. §§ 371, 751, 1791; count two—escaping from federal custody, 18 U.S.C. § 751; count three—using and carrying a firearm during and in relation to escape from federal custody, and conspiracy to escape from federal custody, both crimes of violence, resulting in intentional murder, 18 U.S.C. § 924(c), (j); count four—carjacking, 18 U.S.C. § 2119; count five—using, carrying, and brandishing a firearm during and in relation to carjacking, a crime of violence, 18 U.S.C. § 924(c); count six—unlawful firearm possession by a felon, 18 U.S.C. § 922(g); and count seven—using and carrying a firearm (the second gun) during and in relation to escape from federal custody, a crime of violence, 18 U.S.C. § 924(c).

Because the death penalty was a potential sentence in the criminal case, the court appointed two attorneys to represent Fields, Robert T. Swanton and J. Scott Peterson. Shortly before his criminal trial, Fields filed a request asking the trial court to appoint new counsel, stating that if the court did not do so he intended to represent himself. His appointed counsel informed the trial judge that they had tried in vain to convince Fields that self-representation would be a mistake. They also informed the court that another issue had arisen concerning appointed counsel Peterson. They had discovered that in a

No. 22-2762                                                                3

prosecution of Fields on a burglary of habitation charge when Fields was twelve years old, an entry in the juvenile record indicated that Peterson, in his position in the district attorney's office at the time, authorized prosecution. The juvenile record did not indicate whether Peterson was actually directly involved in prosecuting the case or if he merely gave permission for someone from the police or the probation department to file a petition, and Peterson had no recollection of that case. At the point that it was discovered, Peterson had been representing Fields in his criminal case for two years. The appointed counsel informed the court that they had talked with Fields about it and told him that they did not perceive it as a conflict of interest but that if he had concerns about it he could talk to the court about it. Fields chose to continue with his request for appointment of new counsel as to both appointed counsel and the court denied that request. Fields decided to represent himself, with standby counsel, in the guilt portion of the trial, but allowed those same appointed attorneys to represent him during the penalty phase. He was convicted on all seven counts, and the district court sentenced him to death on count three and to terms of imprisonment on the other counts. The Fifth Circuit affirmed the convictions and sentence on direct appeal.

Fields subsequently pursued collateral relief through multiple motions under 28 U.S.C. § 2255 and the habeas petition before us under § 2241. The first of these motions under § 2255 raised 49 claims. The district court addressed each of the claims in a 137-page order and denied both the motion and certificate of appealability, holding that Fields had failed to make a substantial showing of a denial of a constitutional right. Fields then filed a motion to vacate, alter, or amend the court's order under Rule 59(e) of the Federal Rules of Civil

Procedure. Among other arguments, the Rule 59(e) motion sought recusal of the district court judge, which the court addressed on the merits and denied. On appeal, in a more than 40-page opinion, the Fifth Circuit also denied the certificate of appealability.

In 2015, based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Fields sought leave to file a second § 2255 motion, but the Fifth Circuit denied him leave. He then filed a habeas petition under § 2241 in the Southern District of Indiana where he was imprisoned. The district court postponed resolution of the habeas petition to await the Supreme Court's decisions in *Sessions v. Dimaya*, 584 U.S. 148 (2018), and *United States v. Davis*, 588 U.S. 445 (2019). Following the Supreme Court's decision in *Davis*, the district court stayed proceedings for the § 2241 habeas petition while Fields sought leave from the Fifth Circuit to file another § 2255 motion, which the court granted in part as to the two counts premised on escape which no longer counted as a "crime of violence" following *Davis*. Fields then filed that § 2255 motion in the Texas district court, and the parties jointly recommended that the court vacate Fields's convictions as to the two counts—including the count that had made him eligible for the death penalty—and agreed that resentencing to life imprisonment would be appropriate. The court adopted the agreed resolution, vacating the death sentence and resentencing him to a term of life on one count and a term of years on the other surviving counts.

With the § 2255 motions resolved, the Indiana district court handling the § 2241 habeas petition then returned to its consideration of the unresolved claims. The court held that it

No. 22-2762                                                                 5

could not reach the merits of the claims raised in a § 2241 petition without first finding that the claims fall under the safety valve provision in § 2255(e), requiring a finding that § 2255 is "inadequate or ineffective to test the legality of the detention." 28 U.S.C. § 2255. Of the eight claims that remained in the § 2241 petition, the district court held that many of them had already been litigated in his § 2255 appeal, and that Fields had failed to make a compelling showing that it would be impossible to use § 2255 to cure a fundamental problem. Accordingly, the court concluded that Fields failed to demonstrate that § 2255 was inadequate or ineffective to test the legality of the claim as required in § 2255(e) before a § 2241 habeas petition can be pursued, and the court dismissed the § 2241 petition.

On appeal, Fields argues that the district court erred in concluding that he could not proceed under § 2241. This appeal, therefore, involves the interplay between § 2241, the general habeas corpus statute, and § 2255, the alternative postconviction remedy for federal prisoners. The Supreme Court recently clarified that relationship in *Jones v. Hendrix*, 599 U.S. 465, 469–70 (2023). As the *Jones* Court noted, § 2255 was enacted to minimize the serious administrative problems that arose in processing federal prisoners' collateral attacks on their sentences through habeas proceedings. *Id*. at 473–74. Those habeas proceedings were filed in the judicial districts in which the prisoners were confined, and the districts of confinement for federal prisoners were often a great distance from the needed evidence and records in the sentencing courts. *Id*. Those "difficulties were 'greatly aggravated' by the concentration of federal prisoners in a handful of judicial districts, which forced those District Courts to process 'an inordinate number of habeas corpus actions.'" *Id*. at 474 (quoting

*United States v. Hayman*, 342 U.S. 205, 213–14 (1952)). Section 2255 directed federal prisoners' collateral attacks to the courts that had sentenced them, alleviating that problem. *Id*. With the exception of narrow circumstances set forth in a saving clause, it "barred federal prisoners authorized to apply for relief by motion pursuant to § 2255 from applying for a writ of habeas corpus under § 2241." *Id*. (internal quotation marks omitted). That saving clause allowed federal prisoners to proceed under § 2241 in cases where the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of [that prisoner's] detention." § 2255(e). In addition, § 2255 provided that a federal prisoner could only pursue a second or successive motion if that successive motion was certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Hogsett v. Lillard*, 72 F.4th 819, 820–21 (7th Cir. 2023).

The Supreme Court also provided clarity as to how to interpret the language in the saving clause. In ascertaining whether § 2255 was "inadequate or ineffective to test the legality of a prisoner's detention," the Court held that the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 *U.S.* at 478. The Court noted that "[t]he clearest such circumstance is the sentencing court's dissolution; a motion in a

No. 22-2762                                                    7

court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id*. at 474. The Court rejected the argument, however, that § 2255 is necessarily "inadequate or ineffective" if the § 2255 court failed to apply the correct substantive law. That argument would allow resort to § 2241 to correct errors in substantive law, even though only errors of constitutional dimension could support a successive § 2255 motion. It would allow prisoners to use § 2241 as an end-run around the limitations of successive § 2255 motions in the statute, rendering the § 2255(h) limitations meaningless. The Court held that "the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle* ('the remedy by motion'), not any court's asserted errors of law." *Id*. at 480–81 (emphasis in original). Thus, "[e]ven when '*circuit law* is inadequate or deficient' because a Court of Appeals' precedents have resolved a legal issue incorrectly, that is not a fault in 'the § 2255 remedial vehicle' itself." (emphasis in original) *Id*. at 481.

As set forth above, Fields has already sought relief under § 2255, and he does not now argue that his claims involve newly discovered evidence of innocence or a new rule of constitutional law made retroactive which would support a successive § 2255 motion. Instead, he argues that he can pursue habeas relief under § 2241 because a motion under § 2255 is inadequate or ineffective to test the legality of his detention. Although he pursues nine claims in this § 2241 petition, he argues that the safety valve standard of § 2255 is met by one claim — a claim that the judge who presided over the trial was biased. He claims that the judge's handling of his potential conflict with his trial counsel and his request for new representation indicates that bias. Moreover, he claims that subsequent evidence emerged as to the judge, including that the

8 No. 22-2762

judge was later reprimanded for making sexual advances to-wards judicial employees and allowing false assertions to be made in response to those complaints, as well as failing to avoid conflicts of interest in the sexual misconduct investigation. He asserts that those allegations relate directly to the judge's honesty, integrity and impartiality.

Fields argues that, by rule, § 2255 motions are assigned to the judge who presided over a trial, and therefore a § 2255 proceeding is inadequate and ineffective to test the legality of his claim of bias. He urges us to find that the bias allegation is not cognizable in a successive § 2255 motion based on a structural error in § 2255 because: (1) the initial § 2255 motion would be considered by the same biased judge; and (2) even if a successive petition would have gone to a different judge, such a successive § 2255 motion was unavailable because he could not meet the standard in § 2255(h)(1) for a successive motion based on new evidence, which requires that the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense.

As to the first argument, Fields has failed to demonstrate that his § 2255 claim of judicial bias would be considered by the same allegedly-biased judge. A § 2255 motion is referred to the judge who conducted the trial and imposed the sentence if that judge is available, but the movant can file an affidavit of bias and seek reassignment to another judge. See Rules Governing Section 2255 Proceedings for the United States District Courts Rule 4 and Advisory Committee Notes to that Rule. Moreover, if the trial judge refuses to grant that motion, the movant has the right of appellate review of that determination. *Id*. Fields in fact sought recusal of the judge on

No. 22-2762                                                                 9

the grounds of bias in the course of his § 2255 proceedings, in a motion under Rule 59(e) to vacate, alter, or amend the court's order denying the § 2255 motion and the certificate of appealability. The district court judge addressed the recusal claim on the merits and denied it. He subsequently pursued a similar claim in the Fifth Circuit against an appellate court judge, arguing in his appeal of the dismissal of his § 2255 motion that one of the circuit judges should be disqualified from hearing the appeal based on alleged racial and other bias. The Fifth Circuit denied that motion and denied the request for full court review. Therefore, Fields presented claims of bias in his § 2255 motions which were denied on the merits. Because § 2255 provides a procedure for adjudicating a claim of bias and for remedying such a situation, there is no structural problem that renders § 2255 inadequate or ineffective to test the legality of that claim.

Fields also asserts that § 2255 has a "structural problem" that renders it unavailable as a remedy because his claim of judicial bias does not fall within the two categories of claims that can be pursued in a successive § 2255 motion. He argues that although his claim of judicial bias undermines the integrity of a conviction and sentence, it would not necessarily establish "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," as is necessary under § 2255(h) to pursue a successive § 2255 motion. But that inability to meet the standards for a successive § 2255 motion is not sufficient to render § 2241 relief available.

The Supreme Court in *Jones* squarely rejected the argument that the failure to meet the standards for a successive

10                                                              No. 22-2762

motion would render the proceedings inadequate and inef-
fective and allow resort to § 2241 for such claims, holding:

> Here, as often is the case, the best interpretation
> is the straightforward one. Section 2255(h) spec-
> ifies the two limited conditions in which Con-
> gress has permitted federal prisoners to bring
> second or successive collateral attacks on their
> sentences. The inability of a prisoner with a stat-
> utory claim to satisfy those conditions does not
> mean that he can bring his claim in a habeas pe-
> tition under the saving clause. It means that he
> cannot bring it at all. Congress has chosen final-
> ity over error correction in his case.

*Jones*, 599 U.S. at 480. Therefore, the inability to assert a judi-
cial bias claim in a successive § 2255 motion does not render
§ 2241 available.

The district court properly held that under the provisions
of § 2255, Fields could not pursue his claims in a habeas peti-
tion under § 2241 and dismissed the petition. See *Hogsett*, 72
F.4th at 821–22 (noting that where § 2255(e) forecloses the pos-
sibility of filing a § 2241 habeas petition, the court cannot con-
sider the petition on the merits and should dismiss the peti-
tion for lack of subject matter jurisdiction).

The decision of the district court is AFFIRMED.